**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:15-cv-576 |
| AT&T INC., AT&T MOBILITY LLC, ALCATEL-LUCENT S.A., ALCATEL-LUCENT USA, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, APPLE INC., HTC CORPORATION, HTC AMERICA, INC., LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA LLC, ZTE CORPORATION, ZTE USA INC., and ZTE SOLUTIONS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANT SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS TO PLAINTIFF'S**
**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung")[1] hereby submit this Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Cellular Communications Equipment LLC's ("CCE" or "Plaintiff") Second Amended Complaint for Patent Infringement (the "Complaint"). Samsung states as follows:

Samsung admits that CCE filed a purported Second Amended Complaint against a number of defendants. Samsung denies any allegations of patent infringement. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to other parties, and therefore denies them.

## INTRODUCTION[2]

Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding AT&T, and therefore denies them. Samsung admits that it supplies certain Samsung products to AT&T. However, Samsung denies any allegations of patent infringement. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to other suppliers, and therefore denies them.

## THE PARTIES

1.      Upon information and belief, Samsung admits that CCE purports to be a Texas limited liability company with its principal place of business in Plano, Texas. Samsung is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies it.

---

[1]   Samsung Telecommunications America LLC no longer exists as an entity. To that extent, CCE and Samsung jointly filed a Stipulation of Dismissal as to Samsung Telecommunications America LLC on October 19, 2015. *See* Dkt. 62.

[2]   Samsung adopts CCE's headers in the Complaint for ease of understanding. Samsung's adoption of those headers should not be construed as an admission of any allegations.

2.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12.     Samsung admits that SEC is a corporation organized under the laws of South Korea with its principal place of business located at 129 Samsung-ro (Maetan-dong),

Yeongtong-gu, Suwon-city, Gyeonggi-do, Republic of Korea 443-742.  Except as expressly admitted, Samsung denies the remaining allegations in paragraph 12 of the Complaint.

13.     Samsung admits that SEA is a New York corporation with its principal place of business in Ridgefield Park, New Jersey.  Except as expressly admitted, Samsung denies the remaining allegations in paragraph 13 of the Complaint.

14.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

## JURISDICTION AND VENUE

15.     Samsung admits that the Complaint purports to allege claims for patent infringement under 35 U.S.C. §§ 271, 281, and 284-285, among others.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 15 of the Complaint.

16.     Samsung admits that the Complaint purports to allege claims over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 16 of the Complaint.

17.     Denied as to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 not related to Samsung, and therefore denies them.

18.     For purposes of this action only, Samsung will not challenge personal jurisdiction and admits to conducting business in Texas.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 18 of the Complaint.

19.     Except as expressly admitted in response to paragraph 18, Samsung denies the remaining allegations in paragraph 19 of the Complaint as to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 not related to Samsung, and therefore denies them.

20.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24.     Denied as to Samsung.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 not related to Samsung, and therefore denies them.

25.     Samsung admits that SEA maintains offices in Richardson, Texas.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 25 of the Complaint.

26.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.     Upon information and belief, Samsung admits that CCE purports to be a limited liability company located in Plano, Texas, in the Eastern District of Texas.  Samsung also admits that CCE purports to be controlled by Acacia Research Group LLC, which purportedly maintains its principal place of business in Plano, Texas.  Samsung also admits that CCE purports to

engage in business that includes the acquisition and licensing of intellectual property.  Samsung also admits that CCE purports to have two principals that work in Plano, Texas, and to have its relevant documents available in its offices in Plano, Texas.  Samsung is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

## COUNT I

### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,457,022)

28.     Samsung incorporates its responses to paragraphs 1 through 27 by reference.

29.     Samsung admits that U.S. Patent No. 8,457,022 (the "'022 patent") is entitled "Method and Apparatus for Providing Signaling of Redundancy Versions."  Samsung admits that a purported copy of the '022 patent is attached as Exhibit A to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 at this time, and therefore denies them.

30.     Samsung admits that the '022 patent issued from U.S. Patent App. No. 12/564,536.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 30 of the Complaint.

31.     Denied.

32.     Denied.

33.     Samsung admits that SEC is an individual member of 3GPP and that some of its employees or employees of other Samsung affiliates have attended 3GPP meetings.  Samsung also admits that it has had knowledge of the '022 patent since it was served with the Complaint.  Samsung denies that any patent identified in the Complaint, including the '022 patent, is in fact standard essential.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 not related to Samsung, and therefore denies them.

Except as expressly admitted, Samsung denies the remaining allegations of paragraph 33 of the Complaint.

34.     Denied.

35.     Denied.

36.     Samsung admits that it provides instructional materials at the website it operates at http://www.samsung.com/us/support/downloads.  Samsung denies that materials available at that website or any other materials provided to customers after purchase teach customers and end users how to use any products in an infringing manner.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 36 of the Complaint.

37.     Samsung admits that its products contain hardware and software.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 37 of the Complaint.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Samsung admits that AT&T sells certain Samsung products.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 41 of the Complaint.

42.     Denied.

## COUNT II

### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,570,957)

43.     Samsung incorporates its responses to paragraphs 1 through 27 by reference.

44.     Samsung admits that U.S. Patent No. 8,570,957 (the "'957 patent") is entitled "Extension of Power Headroom Reporting and Trigger Conditions."   Samsung admits that a purported copy of the '957 patent is attached as Exhibit B to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 at this time, and therefore denies them.

45.     Samsung admits that the '957 patent issued from U.S. Patent App. No. 12/382,920.   Except as expressly admitted, Samsung denies the remaining allegations of paragraph 45 of the Complaint.

46.     Denied.

47.     Denied.

48.     Samsung admits that SEC is an individual member of 3GPP and that some of its employees or employees of other Samsung affiliates have attended 3GPP meetings.   Samsung also admits that it has had knowledge of the '957 patent since it was served with the Complaint. Samsung denies that any patent identified in the Complaint, including the '957 patent, is in fact standard essential.   Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 not related to Samsung, and therefore denies them. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 48 of the Complaint.

49.     Denied.

50.     Denied.

51.     Samsung admits that it provides instructional materials at the website it operates at http://www.samsung.com/us/support/downloads.   Samsung denies that materials available at that website or any other materials provided to customers after purchase teach customers and end

users how to use any products in an infringing manner.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 51 of the Complaint.

52.     Samsung admits that its products contain hardware and software.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 52 of the Complaint.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Samsung admits that AT&T sells certain Samsung products.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 56 of the Complaint.

57.     Denied.

## COUNT III

### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,867,472)

58.     Samsung incorporates its responses to paragraphs 1 through 27 by reference.

59.     Samsung admits that U.S. Patent No. 8,867,472 (the "'472 patent") is entitled "Signalling of Channel Information."  Samsung admits that a purported copy of the '472 patent is attached as Exhibit C to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 at this time, and therefore denies them.

60.     Samsung admits that the '472 patent issued from U.S. Patent App. No. 13/637,222, which claims priority to PCT/EP2010/053919.   Except as expressly admitted, Samsung denies the remaining allegations of paragraph 60 of the Complaint.

61.     Denied.

62.     Denied.

63.     Samsung admits that SEC is an individual member of 3GPP and that some of its employees or employees of other Samsung affiliates have attended 3GPP meetings.   Samsung also admits that it has had knowledge of the '472 patent since it was served with the Complaint. Samsung denies that any patent identified in the Complaint, including the '472 patent, is in fact standard essential.   Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 not related to Samsung, and therefore denies them. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 63 of the Complaint.

64.     Denied.

65.     Denied.

66.     Samsung admits that it provides instructional materials at the website it operates at http://www.samsung.com/us/support/downloads.   Samsung denies that materials available at that website or any other materials provided to customers after purchase teach customers and end users how to use any products in an infringing manner.   Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 not related to Samsung, and therefore denies them.   Except as expressly admitted, Samsung denies the remaining allegations of paragraph 66 of the Complaint.

67.     Samsung admits that its products contain hardware and software.   Except as expressly admitted, Samsung denies the remaining allegations of paragraph 67 of the Complaint.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Samsung admits that AT&T sells certain Samsung products.   Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 not related to Samsung, and therefore denies them.   Except as expressly admitted, Samsung denies the remaining allegations of paragraph 71 of the Complaint.

72.     Denied.

## COUNT IV

(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,457,676)

73.     Samsung incorporates its responses to paragraphs 1 through 27 by reference.

74.     Samsung admits that U.S. Patent No. 8,457,676 (the "'676 patent") is entitled "Power Headroom Reporting Method."   Samsung admits that a purported copy of the '676 patent is attached as Exhibit D to the Complaint.   Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 at this time, and therefore denies them.

75.     Samsung admits that the '676 patent issued from U.S. Patent App. No. 12/665,427, which claims priority to PCT/FI2008/050384.   Except as expressly admitted, Samsung denies the remaining allegations of paragraph 75 of the Complaint.

76.     Denied.

77.     Denied.

78.     Samsung admits that SEC is an individual member of 3GPP and that some of its employees or employees of other Samsung affiliates have attended 3GPP meetings.  Samsung also admits that it has had knowledge of the '676 patent since it was served with the Complaint. Samsung denies that any patent identified in the Complaint, including the '676 patent, is in fact standard essential.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 not related to Samsung, and therefore denies them. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 78 of the Complaint.

79.     Denied.

80.     Denied.

81.     Samsung admits that it provides instructional materials at the website it operates at http://www.samsung.com/us/support/downloads.  Samsung denies that materials available at that website or any other materials provided to customers after purchase teach customers and end users how to use any products in an infringing manner.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 81 of the Complaint.

82.     Samsung admits that its products contain hardware and software.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 82 of the Complaint.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Samsung admits that AT&T sells certain Samsung products.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 86 of the Complaint.

87.     Denied.

## COUNT V

(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,025,590)

88.     Samsung incorporates its responses to paragraphs 1 through 27 by reference.

89.     Samsung admits that U.S. Patent No. 9,025,590 (the "'590 patent") is entitled "Carrier Aggregation with Power Headroom Report."  Samsung admits that a purported copy of the '590 patent is attached as Exhibit E to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 89 at this time, and therefore denies them.

90.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90, and therefore denies them.

91.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91, and therefore denies them.

92.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92, and therefore denies them.

93.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93, and therefore denies them.

94.     Samsung admits that it has had knowledge of the '590 patent since it was served with the Complaint.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 94 of the Complaint.

95.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95, and therefore denies them.

96.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96, and therefore denies them.

97.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97, and therefore denies them.

98.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98, and therefore denies them.

99.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99, and therefore denies them.

100.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100, and therefore denies them.

## COUNT VI

### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,078,262)

101.     Samsung incorporates its responses to paragraphs 1 through 27 by reference.

102.     Samsung admits that U.S. Patent No. 9,078,262 (the "'262 patent") is entitled "Signalling of Channel Information."  Samsung admits that a purported copy of the '262 patent is attached as Exhibit F to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 102 at this time, and therefore denies them.

103.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103, and therefore denies them.

104.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104, and therefore denies them.

105.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105, and therefore denies them.

106.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106, and therefore denies them.

107.    Samsung admits that it has had knowledge of the '262 patent since it was served with the Complaint.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 107 of the Complaint.

108.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108, and therefore denies them.

109.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109, and therefore denies them.

110.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110, and therefore denies them.

111.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111, and therefore denies them.

112.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112, and therefore denies them.

113.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113, and therefore denies them.

## <u>JOINDER OF PARTIES</u>

114.    Samsung incorporates its responses to paragraphs 1 through **Error! Reference source not found.** by reference.

115.    Samsung admits that AT&T has purchased certain Samsung products.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations

of paragraph 115 not related to Samsung, and therefore denies them.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 115 of the Complaint.

116.    Samsung is without sufficient knowledge or information regarding CCE's allegations at this time to form a belief as to the truth of the allegations of paragraph 116, and therefore denies them.

117.    Samsung is without sufficient knowledge or information regarding CCE's allegations at this time to form a belief as to the truth of the allegations of paragraph 117, and therefore denies them.

118.    Samsung is without sufficient knowledge or information regarding CCE's allegations at this time to form a belief as to the truth of the allegations of paragraph 118, and therefore denies them.

## PRAYER FOR RELIEF

Samsung denies that CCE is entitled to any relief in this action or this Court, including the relief sought in paragraphs a-f, or otherwise.

## SAMSUNG'S DEFENSES

119.    Samsung alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.  Samsung reserves the right to assert any other defenses that discovery may reveal.

## FIRST DEFENSE
### (Invalidity, Noninfringement, and/or Unenforceability)

120.    The asserted claims of the patents asserted in the Complaint, as properly construed, are invalid, not infringed, and/or unenforceable.

## SECOND DEFENSE
### (Limitation of Damages or Costs)

121.     CCE's claims for relief are barred in whole or in part, including without limitation

by 35 U.S.C. §§ 286, 287 and/or 288.

## THIRD DEFENSE
### (Estoppel, Laches, Waiver/Consent, and/or Unclean Hands)

122.     One or more of the patents asserted in the Complaint are unenforceable against

Samsung because of estoppel, laches, waiver, and/or unclean hands.

123.     CCE and/or its predecessors have engaged in standard-setting misconduct,

including without limitation, by breaching commitments made by CCE and/or its predecessors to

offer FRAND license terms for the patents asserted in the Complaint, and by breaching

disclosure requirements, or based on other circumstances.

## FOURTH DEFENSE
### (License)

124.     Samsung has a license to the patents-in-suit under the doctrines of express license,

implied license, and/or patent exhaustion.

125.     To the extent the patents in the Complaint are found to be essential to any 3GPP

or ETSI standard and to the extent any of the alleged inventions described in and allegedly

covered by any of the patents asserted in the Complaint are used, manufactured, or sold by or for

Samsung, its suppliers, and/or its customers, Samsung has the irrevocable right to be licensed on

FRAND terms under those patents.

## FIFTH DEFENSE
### (No Willful Infringement)

126.     CCE has alleged no facts, and Samsung has not engaged in any conduct, that

entitles CCE to treble damages based on alleged willful infringement.

## SIXTH DEFENSE
### (Acts of Others)

127.    The claims made in the Complaint are barred, in whole or in part, because Samsung is not liable for the acts of others over whom it has no control.

## SEVENTH DEFENSE
### (No Causation)

128.    CCE's claims against Samsung are barred because CCE's damages, if any, were not caused by Samsung.

## EIGHTH DEFENSE
### (Patent Ownership)

129.    CCE has failed to provide adequate evidence of ownership of the patents asserted in the Complaint.

## SAMSUNG'S COUNTERCLAIMS

For its counterclaims, Samsung states as follows:

1.      In these Counterclaims, Samsung seeks either (a) declaratory judgments that the patents asserted by CCE against Samsung are not infringed and invalid; or (b) if any of these patents are actually essential to UMTS, LTE, and/or any other 3GPP or ETSI standard on which CCE bases its claims of infringement, a declaratory judgment setting fair, reasonable, and non-discriminatory royalties based on the application of a fair, reasonable, and non-discriminatory royalty rate to a royalty base of, at most, the component that substantially embodies the alleged invention, such that the royalty reflects the economic value of the patented technology itself, apart from the value associated with the patent's incorporation into an industry standard and avoids royalty-stacking problems.

## THE COUNTERCLAIM PARTIES

2. Counterclaim-plaintiff Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the country of Korea. Its corporate headquarters are located at 129 Samsung-ro (Maetan-dong), Yeongtong-gu, Suwon-city, Gyeonggi-do, Republic of Korea 443-742.

3. Counterclaim-plaintiff Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York. Its corporate headquarters are located at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

4. According to its Complaint, counterclaim-defendant Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over CCE because CCE has commenced the underlying patent infringement action in this Court.

6. Venue lies in this Court under 28 U.S.C. §§ 1391 and 1400(b).  This Court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367.

## COUNT ONE

## DECLARATION OF NON-INFRINGEMENT

7. Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

8. On April 30, 2015, CCE filed a complaint naming Samsung as a defendant.

9. On November 12, 2015, CCE filed a Second Amended Complaint in its action against Samsung, which is currently the operative complaint in that action (hereinafter, the "Complaint").

10.     The Complaint alleges that Samsung infringes U.S. Patent No. 8,457,022 (the "'022 patent"), U.S. Patent No. 8,570,957 (the "'957 patent"), U.S. Patent No. 8,867,472 (the "'472 patent"), and U.S. Patent No. 8,457,676 (the "'676 patent") (collectively, the "Asserted Patents").

11.     The Complaint further alleges that the '022 patent, the '957 patent, the '472 patent, and the '676 patent (collectively, the "Alleged Standard Essential Patents") are "standard essential patents."

12.     Samsung has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the Asserted Patents.

13.     An actual controversy exists between Samsung and CCE regarding CCE's allegations of infringement of the Asserted Patents.

14.     Under 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the Asserted Patents.

## COUNT TWO

## DECLARATION OF INVALIDITY

15.     Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

16.     One or more of the claims of the Asserted Patents is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.

17.     An actual controversy exists between Samsung and CCE regarding the validity of the Asserted Patents.

18.     Under 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that the claims of the Asserted Patents are invalid in part or in whole.

## COUNT THREE

## COUNTERCLAIM FOR BREACH OF CONTRACT

19.     Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

20.     The European Telecommunications Standards Institute and other 2G, 3G, and 4G standards bodies in which CCE and/or its predecessors have been involved (collectively, "ETSI") are standards-setting bodies responsible for standardization of information and communication technologies for the benefit of ETSI members and third parties.

21.     As a member of ETSI, and to comply with ETSI's Intellectual Property Rights ("IPR") Policy, CCE and/or its predecessors represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the Alleged Standard Essential Patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.

22.     CCE and/or its predecessors' ETSI membership and activities, including the declarations it made to comply with ETSI's IPR policy for the Alleged Standard Essential Patents, created an express and/or implied contract with ETSI and/or ETSI members including an agreement that CCE and/or its predecessors would license those patents on FRAND terms and conditions.  ETSI's IPR policy does not limit the right to obtain a license on FRAND terms and conditions to ETSI members; third parties that are not ETSI members also have the right to be granted licenses under those patents on FRAND terms and conditions.

23.     When an ETSI member submits an IPR Information Disclosure and Licensing Declaration Form identifying a patent as a potentially Essential IPR, the commitments made with regard to the declared patent are irrevocable and permanent, even when the patent is later transferred or sold.

24.      CCE did not make an offer to license the Alleged Standard Essential Patents on FRAND terms and conditions to Samsung before filing its Complaint for patent infringement and to date has not done so.

25.      On information and belief, CCE is seeking damages for alleged infringement of the Alleged Standard Essential Patents that exceed the FRAND terms and conditions on which CCE is obligated to license the patents to Samsung.

26.      CCE's conduct, as set forth in the preceding paragraphs, constitutes a breach of its contractual obligations to ETSI and/or ETSI members and deprives third parties of their right to be granted FRAND licenses under the Alleged Standard Essential Patents.

27.      As a result of CCE's breach, Samsung has incurred damages and will be further damaged in the future.  Samsung has been forced to expend resources resolving this dispute and is threatened by the loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

28.      For at least the reasons detailed in the foregoing paragraphs, if Samsung is found to have infringed the Alleged Standard Essential Patents, Samsung is entitled to an order compelling specific performance of CCE's FRAND obligations and such other relief as the Court deems just and appropriate.

## COUNT FOUR

## DECLARATORY JUDGMENT THAT SAMSUNG IS LICENSED TO PRACTICE THE ASSERTED PATENTS

29.      Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30.     On information and belief and by way of example without limitation, Samsung has rights arising from its use of Qualcomm Incorporated ("Qualcomm") components in certain Samsung products.  On information and belief, Qualcomm entered into a license agreement with CCE and/or its predecessors by which Qualcomm received, among other things, certain rights related to the Asserted Patents and other CCE patents (collectively, "the Qualcomm Licensed Patents").  Samsung has an express or implied license to manufacture, use, import, and sell electronic devices incorporating licensed Qualcomm components under the Qualcomm Licensed Patents.

31.     Notwithstanding this license, CCE alleged infringement and is seeking compensation for products that are licensed under the Qualcomm license.  Samsung has been forced to expend resources resolving this dispute, and is threatened by the loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

## COUNT FIVE

## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

32.     Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

33.     In the course of its participation in ETSI, CCE and/or its predecessors represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the Alleged Standard Essential Patents on FRAND terms and conditions.

34.     CCE's and/or its predecessors' membership and activities, including the declarations made to comply with ETSI's IPR policy for the Alleged Standard Essential Patents, created a false and misleading impression among ETSI, ETSI members (including Samsung),

and/or third parties that CCE and/or its predecessors would license the Alleged Standard Essential Patents on FRAND terms and conditions.

35.     In reliance on CCE's and/or its predecessors' representations, Samsung made substantial investments in the research, design, development, manufacture, and marketing of mobile handsets.

36.     As a result of the acts in the foregoing paragraphs, an actual controversy exists between Samsung and CCE.

37.     As a result, Samsung will be harmed materially if CCE is permitted to seek and/or obtain from Samsung damages for infringement of the Alleged Standard Essential Patents that exceed the FRAND terms and conditions on which CCE is obligated to license those patents.

<u>**COUNT SIX**</u>

<u>**DECLARATION OF FRAND ROYALTIES**</u>

38.     Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

39.     A declaratory judgment is necessary and appropriate so that Samsung may ascertain its rights regarding the Alleged Standard Essential Patents.

40.     As an alternative to its requests for declaratory judgments of non-infringement and invalidity, as well as findings that CCE's claims are barred for breach of contract and equitable estoppel, Samsung is entitled to a declaratory judgment setting a FRAND royalty for each individual Alleged Standard Essential Patent that is found valid, enforceable, actually essential to a standard, and infringed by Samsung.

41.     To the extent the Alleged Standard Essential Patents are actually essential to an ETSI or 3GPP standard, as alleged by CCE, Samsung requests that a fair, reasonable, and non-discriminatory royalty be set for each patent by the application of a fair, reasonable, and non-

discriminatory royalty rate to a royalty base of, at most, the component that substantially embodies the alleged invention, such that the royalty reflects the economic value of the patented technology itself, apart from the value associated with the patent's incorporation into an industry standard and avoids royalty-stacking problems.

42.     As a result of the acts in the foregoing paragraphs, an actual controversy exists between Samsung and CCE.

## DEMAND FOR JURY TRIAL

43.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Samsung demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays that:

44.     CCE take nothing by way of its Complaint and the same be dismissed with prejudice;

45.     All damages, costs, expenses, attorneys fees, and other relief sought by CCE be denied;

46.     Judgment be entered that Samsung does not, and has not, infringed any valid and enforceable claim of the Asserted Patents;

47.     Judgment be entered that each asserted claim of the Asserted Patents is invalid and unenforceable;

48.     As an alternative, for any Alleged Standard Essential Patent found to be actually essential to an ETSI standard, a FRAND royalty be declared by the application of a fair, reasonable, and non-discriminatory royalty rate to a royalty base of, at most, the component that substantially embodies the alleged invention, such that the royalty reflects the economic value of

the patented technology itself, apart from the value associated with the patent's incorporation into an industry standard and avoids royalty-stacking problems;

49.     CCE be enjoined from seeking any royalties in this Court or in any forum or otherwise for the Alleged Standard Essential Patents in excess of FRAND terms and conditions;

50.     Judgment be entered requiring CCE's specific performance under its contract with ETSI and/or ETSI members to grant a license to Samsung under the Alleged Standard Essential Patents;

51.     Judgment be entered awarding Samsung damages and pre-judgment and post-judgment interest;

52.     This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorney fees be awarded to Samsung;

53.     Costs and expenses be awarded to Samsung; and

54.     Samsung be awarded all other such relief as the Court deems just and appropriate.

Dated: November 30, 2015

Respectfully submitted,

By:   _/s/ Michael E. Jones_

Kevin Johnson
kevinjohnson@quinnemanuel.com
Victoria Maroulis
victoriamaroulis@quinnemanuel.com
Ray Zado
rayzado@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100

Marissa Ducca
marissaducca@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
777 6th Street NW, 11th Floor
Washington, D.C. 20009
Tel: 202-538-8109
Fax: 202-538-8100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS
AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 30th day of November, 2015.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Michael E. Jones*
Michael E. Jones