# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC et al.,<br><br>　　　　　Defendants. | Civil Action No. 2:15-cv-00576-RWS-RSP<br><br>JURY TRIAL DEMANDED |

## DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple") answers Plaintiff Cellular Communications Equipment LLC's ("CCE") Second Amended Complaint ("Complaint") against AT&T Mobility LLC ("AT&T"); Alcatel-Lucent S.A. and Alcatel-Lucent USA, Inc. (collectively "Alcatel-Lucent"); Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson"); Apple; HTC Corporation and HTC America, Inc. (collectively "HTC"); LG Electronics, Inc. and LG Electronics USA, Inc. (collectively "LG"); Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively "Samsung"); and ZTE USA Inc. ("ZTE," and together with AT&T, Alcatel-Lucent, Ericsson, Apple, HTC, LG, and Samsung, the "Defendants") as follows. CCE's opening paragraph and Introduction do not themselves appear to contain any allegations requiring a response. Apple admits that CCE's pleading purports to be a complaint for patent infringement, but denies Apple has infringed any valid and enforceable patent claim or that CCE is entitled to any relief. Apple's specific responses to the numbered allegations are set forth below.

1

## THE PARTIES

1.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7.      Apple admits that it is a California corporation with its principal place of business in Cupertino, California.  Apple admits that it has been served with process and has appeared in this case.  Apple admits that it has conducted business in the State of Texas and in the Eastern District of Texas.

8.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

## JURISDICTION AND VENUE

15.     The allegations of paragraph 15 set forth legal conclusions to which no response is required.  Apple admits that CCE's Complaint alleges infringement under the United States patent laws.  Apple denies any remaining allegations of paragraph 15.

16.     Apple admits that this Court has subject matter jurisdiction over patent law claims. Consistent with denial of the allegations of paragraphs 29, 44, 59, and 74 below, on information and belief, Apple is without knowledge or information sufficient to form a belief as to whether this Court has subject matter jurisdiction over CCE's patent claims in this particular case and denies any remaining allegations in this paragraph.

17.     Apple denies that venue is proper or convenient in this district for purposes of this action.  Apple admits that it has conducted business in the Eastern District of Texas.  Apple denies any remaining allegations of paragraph 17.

18.     Apple admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas and in the Eastern District of Texas. To the extent the remaining allegations of paragraph 18 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 18 are directed to other entities, Apple is without

knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

19.     Apple admits that its mobile products and related services have been marketed, sold, distributed, and used in the State of Texas and in the Eastern District of Texas. Apple admits, for the purposes of this action only, the allegation that venue is proper in the Eastern District of Texas. To the extent the remaining allegations of paragraph 19 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 19 are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

20.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22.     Apple admits that it maintains its Americas Operations Center in Austin, Texas and that it provides technical and customer support for its products and related services in the State of Texas. Apple admits that it owns or operates stores in the State of Texas and in the Eastern District of Texas. To the extent the remaining allegations of paragraph 22 are directed at Apple, Apple denies them.

23.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

### COUNT I
#### (INFRINGEMENT OF U.S. PATENT NO. 8,457,022)

28.    Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 27 as if fully set forth herein.

29.    Apple admits that U.S. Patent No. 8,457,022 (the "'022 patent") is titled "Method and Apparatus for Providing Signaling of Redundancy Versions."  Apple denies that the '022 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '022 patent and therefore denies these allegations.  Apple denies any remaining allegations of paragraph 29.

30.    Apple admits that the '022 patent states that it was issued from U.S. Patent Application No. 12/564,536.  Apple denies all other allegations of paragraph 30.

31.    Apple denies that it infringes the '022 patent.  To the extent the allegations of paragraph 31 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 31 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of paragraph 31 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

32.    Apple denies that it directly infringes the '022 patent.  To the extent the allegations of paragraph 32 are directed at Apple, Apple denies them.   To the extent the allegations of paragraph 32 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of paragraph 32 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

33.    Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '022 patent as of December 2012.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34.    Apple denies that it indirectly infringes the '022 patent.   To the extent the allegations of paragraph 34 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 34 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of paragraph 34 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

35.    To the extent the allegations of paragraph 35 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 35 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of paragraph 35

are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

36.    To the extent the allegations of paragraph 36 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 36 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent. To the extent the allegations of paragraph 36 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

37.    Apple admits that its accused products include proprietary hardware components and software instructions that perform specific functions. To the extent the allegations of paragraph 37 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent. To the extent the allegations of paragraph 37 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Apple denies any remaining allegations of paragraph 37.

38.    Apple admits that its accused products contain a baseband processor. To the extent the allegations of paragraph 38 are directed to other entities or other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Apple denies all other allegations of paragraph 38.

39.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40.     To the extent the allegations of paragraph 40 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 40 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of paragraph 40 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

41.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on AT&T networks.  Apple denies that it is liable for infringement of the '022 patent.  To the extent the allegations of paragraph 41 are directed to AT&T, Apple denies that AT&T is liable for infringement of the '022 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  Apple denies any remaining allegations of paragraph 41.

42.     Denied.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,570,957)

43.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 27 as if fully set forth herein.

44.     Apple admits that U.S. Patent No. 8,570,957 (the "'957 patent") is titled "Extension of Power Headroom Reporting and Trigger Conditions."  Apple denies that the '957 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '957 patent and therefore denies these allegations.  Apple denies any remaining allegations of paragraph 44.

45.     Apple admits that the '957 patent states that it was issued from U.S. Patent Application No. 12/382,920.  Apple denies all other allegations of paragraph 45.

46.    Apple denies that it infringes the '957 patent.  To the extent the allegations of paragraph 46 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 46 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of paragraph 46 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

47.    Apple denies that it directly infringes the '957 patent.  To the extent the allegations of paragraph 47 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 47 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of paragraph 47 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

48.    Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '957 patent as of August 2010.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48, and therefore denies them.

49.    Apple denies that it indirectly infringes the '957 patent.  To the extent the allegations of paragraph 49 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 49 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of paragraph 49 are directed to other entities in connection

with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

50.    To the extent the allegations of paragraph 50 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 50 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of paragraph 50 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

51.    To the extent the allegations of paragraph 51 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 51 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of paragraph 51 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

52.    Apple admits that its accused products include proprietary hardware components and software instructions that perform specific functions.   To the extent the allegations of paragraph 52 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of paragraph 52 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of paragraph 52.

53.     Apple admits that its accused products contain a baseband processor.  To the extent the allegations of paragraph 53 are directed to other entities or other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies all other allegations of paragraph 53.

54.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore denies them.

55.     To the extent the allegations of paragraph 55 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 55 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of paragraph 55 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

56.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on AT&T networks.  Apple denies that it is liable for infringement of the '957 patent.  To the extent the allegations of paragraph 56 are directed to AT&T, Apple denies that AT&T is liable for infringement of the '957 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  To the extent the allegations of paragraph 56 are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of paragraph 56.

57.     Denied.

**COUNT III**
(INFRINGEMENT OF U.S. PATENT NO. 8,867,472)

58.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 27 as if fully set forth herein.

59.     Apple admits that U.S. Patent No. 8,867,472 (the "'472 patent") is titled "Signalling of Channel Information."  Apple denies that the '472 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '472 patent and therefore denies these allegations. Apple denies any remaining allegations of paragraph 59.

60.     Apple admits that the '472 patent states that it was issued from U.S. Patent Application No. 13/637,222.  Apple denies all other allegations of paragraph 60.

61.     Apple denies that it infringes the '472 patent.  To the extent the allegations of paragraph 61 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 61 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of paragraph 61 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

62.     Apple denies that it directly infringes the '472 patent.  To the extent the allegations of paragraph 62 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 62 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of paragraph 62 are directed to other entities in connection

with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

63.     Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '472 patent as of March 2013.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 63, and therefore denies them.

64.     Apple denies that it indirectly infringes the '472 patent.  To the extent the allegations of paragraph 64 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 64 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of paragraph 64 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

65.     To the extent the allegations of paragraph 65 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 65 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of paragraph 65 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

66.     To the extent the allegations of paragraph 66 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 66 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of paragraph 66

are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

67.     Apple admits that its accused products include proprietary hardware components and software instructions that perform specific functions.   To the extent the allegations of paragraph 67 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.   To the extent the allegations of paragraph 67 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.   Apple denies any remaining allegations of paragraph 67.

68.     Apple admits that its accused products contain a baseband processor.   To the extent the allegations of paragraph 68 are directed to other entities or other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.   Apple denies all other allegations of paragraph 68.

69.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69, and therefore denies them.

70.     To the extent the allegations of paragraph 70 are directed at Apple, Apple denies them.   To the extent the allegations of paragraph 70 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.   To the extent the allegations of paragraph 70 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

71.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on AT&T networks.  Apple denies that it is liable for infringement of the '472 patent.  To the extent the allegations of paragraph 71 are directed to AT&T, Apple denies that AT&T is liable for infringement of the '472 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  To the extent the allegations of paragraph 71 are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of paragraph 71.

72.     Denied.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 8,457,676)

73.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 27 as if fully set forth herein.

74.     Apple admits that U.S. Patent No. 8,457,676 (the "'676 patent") is titled "Power Headroom Reporting Method."  Apple denies that the '676 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '676 patent and therefore denies these allegations. Apple denies any remaining allegations of paragraph 74.

75.     Apple admits that the '676 patent states that it was issued from U.S. Patent Application No. 12/665,427.  Apple denies all other allegations of paragraph 75.

76.     Apple denies that it infringes the '676 patent.  To the extent the allegations of paragraph 76 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 76 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To

the extent the allegations of paragraph 76 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

77.    Apple denies that it directly infringes the '676 patent.  To the extent the allegations of paragraph 77 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 77 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of paragraph 77 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

78.    Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '676 patent as of December 2012.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78, and therefore denies them.

79.    Apple denies that it indirectly infringes the '676 patent.  To the extent the allegations of paragraph 79 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 79 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of paragraph 79 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

80.    To the extent the allegations of paragraph 80 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 80 are directed to other entities in connection

with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent. To the extent the allegations of paragraph 80 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

81.     To the extent the allegations of paragraph 81 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 81 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent. To the extent the allegations of paragraph 81 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

82.     Apple admits that its accused products include proprietary hardware components and software instructions that perform specific functions. To the extent the allegations of paragraph 82 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent. To the extent the allegations of paragraph 82 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Apple denies any remaining allegations of paragraph 82.

83.     Apple admits that its accused products contain a baseband processor. To the extent the allegations of paragraph 83 are directed to other entities or other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Apple denies all other allegations of paragraph 83.

84.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84, and therefore denies them.

85.     To the extent the allegations of paragraph 85 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 85 are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of paragraph 85 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

86.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on AT&T networks.  Apple denies that it is liable for infringement of the '676 patent.  To the extent the allegations of paragraph 86 are directed to AT&T, Apple denies that AT&T is liable for infringement of the '676 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  To the extent the allegations of paragraph 86 are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of paragraph 86.

87.     Denied.

## COUNT V
### (INFRINGEMENT OF U.S. PATENT NO. 9,025,590)

Paragraphs 88–100 set forth allegations that are not directed to Apple, to which no response is required.  To the extent any allegations in these paragraphs are directed to Apple, Apple denies them.

## COUNT VI
### (INFRINGEMENT OF U.S. PATENT NO. 9,078,262)

Paragraphs 101–113 set forth allegations that are not directed to Apple, to which no response is required. To the extent any allegations in these paragraphs are directed to Apple, Apple denies them.

## JOINDER OF PARTIES

114.    Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 113 as if fully set forth herein.

115.    Apple admits that AT&T has purchased or otherwise acquired from Apple certain mobile devices for sale, resale, and/or distribution to its customers (and other end users). To the extent the allegations of paragraph 115 are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Apple denies any remaining allegations of paragraph 115.

116.    Denied.

117.    Denied.

118.    Denied.

## DEMAND FOR JURY TRIAL

This paragraph sets forth CCE's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by CCE to which no response is required. Apple denies that CCE is entitled to any relief and specifically denies all the allegations and prayers for relief contained in paragraphs (a) through (f) of CCE's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATION

Except as specifically admitted herein, Apple denies any remaining allegation in CCE's Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Apple alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Apple specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

119.    Apple does not infringe, any valid and enforceable claim of the '022 patent, the '957 patent, the '472 patent, and the '676 patent in any manner under 35 U.S.C. § 271(a), (b), (c), and/or (f), willfully or otherwise. Apple has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to CCE.

120.    Certain asserted claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent recite methods and require, for direct infringement, Apple to perform every recited step of every asserted claim according to the limitations described in each asserted claim. Neither Apple itself, nor any Apple employee, performs all of the required steps of the asserted method claims while using any accused product.

121.    Apple does not indirectly infringe any asserted claim and, in particular, does not induce any third party to perform all of the required steps of the asserted method claims while using any of the accused products.

122.    Apple does not supply any component that contributes to infringement of any valid claim.

## SECOND AFFIRMATIVE DEFENSE
## (Invalidity)

123.    The asserted claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, et seq., including, but not limited to, one or more of the following:  35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

124.    As a first example, the asserted claims are directed to abstract ideas, rendering them invalid under 35 U.S.C. § 101.

125.    As a second example, one or more individual prior art references discloses all limitations of the asserted claims of each of the '022 patent, the '957 patent, the '472 patent, and the '676 patent, rendering them invalid as anticipated under 35 U.S.C. § 102.

126.    As a third example, combinations of prior art references disclose the limitations of each of asserted claims of each of the '022 patent, the '957 patent, the '472 patent, and the '676 patent, and a person of ordinary skill in the art at the time each of the '022 patent, the '957 patent, the '472 patent, and the '676 patent was filed, respectively, would have been motivated to combine those prior art references to achieve the subject matter recited in each asserted claim, rendering asserted claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent invalid as obvious in view of the prior art under 35 U.S.C. § 103.

## THIRD AFFIRMATIVE DEFENSE
## (Laches, Estoppel, Unclean Hands)

127.    The claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent are unenforceable as asserted, in whole or in part, by laches, estoppel, and/or unclean hands.

128.    The '022 patent issued on or around June 4, 2013.  The '957 patent issued on or around October 29, 2013.  The '472 patent issued on or around October 21, 2014.  The '676 patent issued on or around June 4, 2013.  CCE did not file this lawsuit asserting infringement of the '022 patent, the '957 patent, and the '472 patent until April 30, 2015, and it did not assert infringement of the '676 patent until July 22, 2015, even though it was aware of the accused products since the issuance of the patents.

### FOURTH AFFIRMATIVE DEFENSE
### (Notice, Damages, and Costs)

129.    CCE's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

130.    CCE is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

131.    CCE's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and CCE is not entitled to a double recovery.

### FIFTH AFFIRMATIVE DEFENSE
### (License, Patent Exhaustion)

132.    CCE's claims for relief are barred in whole or in part by express or implied license or patent exhaustion.

133.    CCE's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products, components thereof, or steps are supplied, directly or indirectly, to Apple or are imported, sold by, offered for sale by, made by, or made for, or performed by any entity or entities having an express or implied license to the '022 patent, the '957 patent, the '472 patent, and the '676 patent.

### RESERVATION OF AFFIRMATIVE DEFENSES

Apple hereby reserves the right to supplement affirmative defenses as discovery proceeds in this case.

## COUNTERCLAIMS

Without waiver of any rights, Apple, for its Counterclaims against CCE and upon information and belief, states as follows:

## THE PARTIES

1.      Apple Inc. ("Apple") is a California corporation organized and existing under the laws of the State of California with its principle place of business at 1 Infinite Loop, Cupertino, California 95014.

2.      On information and belief, Plaintiff Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.      Subject to Apple's affirmative defenses and denials, including those concerning CCE's lack of standing, Apple alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.      CCE has consented to personal jurisdiction by commencing this action for patent infringement in this judicial jurisdiction, as set forth in CCE's Complaint.

5.      Venue is proper in the Eastern District of Texas for the purposes of this particular action, pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.      Apple restates and incorporates by reference the allegations in paragraphs 119–133 above (Affirmative Defenses) as if set forth fully herein.

7.      In its Complaint, CCE asserts that Apple has infringed U.S. Patent Nos. 8,457,022 (the "'022 patent"), 8,570,957 (the "'957 patent"), 8,867,472 (the "'472 patent"), and 8,457,676 (the "'676 patent").

8.     The '022 patent, the '957 patent, the '472 patent, and the '676 patent are invalid, unenforceable, and/or are not infringed by Apple, directly or indirectly.

9.     Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '022 patent, the '957 patent, the '472 patent, and the '676 patent.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,457,022)

10.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 9 above, as if set forth fully herein.

11.     An actual case or controversy exists between Apple and CCE as to whether the '022 patent is not infringed by Apple.

12.     Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '022 patent.

13.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '022 patent.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,457,022)

14.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 13 of its Counterclaims.

15.     An actual case or controversy exists between Apple and CCE as to whether the '022 patent is invalid.

16.     The claims of the '022 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, 112, and 132.

17.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '022 patent is invalid.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,570,957)

18.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 17 above, as if set forth fully herein.

19.    An actual case or controversy exists between Apple and CCE as to whether the '957 patent is not infringed by Apple.

20.    Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '957 patent.

21.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '957 patent.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,570,957)

22.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 21 of its Counterclaims.

23.    An actual case or controversy exists between Apple and CCE as to whether the '957 patent is invalid.

24.    The claims of the '957 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, 112, and 132.

25.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '957 patent is invalid.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,867,472)

26.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 25 above, as if set forth fully herein.

27.     An actual case or controversy exists between Apple and CCE as to whether the '472 patent is not infringed by Apple.

28.     Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '472 patent.

29.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '472 patent.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,867,472)

30.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 29 of its Counterclaims.

31.     An actual case or controversy exists between Apple and CCE as to whether the '472 patent is invalid.

32.     The claims of the '472 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, 112, and 132.

33.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '472 patent is invalid.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,457,676)

34.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 33 above, as if set forth fully herein.

35.     An actual case or controversy exists between Apple and CCE as to whether the '676 patent is not infringed by Apple.

36.     Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '676 patent.

37.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '676 patent.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,457,676)

38.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 37 of its Counterclaims.

39.    An actual case or controversy exists between Apple and CCE as to whether the '676 patent is invalid.

40.    The claims of the '676 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, 112, and 132.

41.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '676 patent is invalid.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,457,022)

42.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 41 above, as if set forth fully herein.

43.    An actual case or controversy exists between Apple and CCE as to whether the '022 patent is unenforceable.

44.    The '022 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

45.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '022 patent.

## TENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,570,957)

46.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 45 above, as if set forth fully herein.

47.    An actual case or controversy exists between Apple and CCE as to whether the '957 patent is unenforceable.

48.    The '957 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

49.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '957 patent.

**ELEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,867,472)**

50.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 49 above, as if set forth fully herein.

51.    An actual case or controversy exists between Apple and CCE as to whether the '472 patent is unenforceable.

52.    The '472 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

53.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '472 patent.

**TWELFTH COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,457,676)**

54.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 53 above, as if set forth fully herein.

55.    An actual case or controversy exists between Apple and CCE as to whether the '676 patent is unenforceable.

56.    The '676 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

57.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '676 patent.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows:

a.    A judgment dismissing CCE's Complaint against Apple with prejudice;

b.    A judgment in favor of Apple on all of its Counterclaims;

c.    A declaration that Apple has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent;

d.    A declaration that the '022 patent, the '957 patent, the '472 patent, and the '676 patent are invalid;

e.    A declaration that the '022 patent, the '957 patent, the '472 patent, and the '676 patent are unenforceable;

f.    An award to Apple of its fees and expenses of litigation;

g.    A judgment limiting or barring CCE's ability to enforce the '022 patent, the '957 patent, the '472 patent, and the '676 patent in equity;

h    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Apple respectfully demands a jury trial of all issues triable to a jury in this action.

DATED:  November 30, 2015        Respectfully submitted,

By: */s/ Eric H. Findlay*        
Eric H. Findlay (Bar No. 00789886)
efindlay@findlaycraft.com
FINDLAY CRAFT PC
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone:  (903) 534-1100
Facsimile: (903) 534-1137

Mark C. Scarsi (*admitted Pro Hac Vice*)
Miguel Ruiz (*admitted Pro Hac Vice*)
Ashlee N. Lin (*admitted Pro Hac Vice*)
Michael Sheen (*admitted Pro Hac Vice*)
MILBANK, TWEED, HADLEY & MCCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017-5735
Telephone: (213) 892-4000
Facsimile: (213) 629-5063
mscarsi@mibank.com
mruiz@milbank.com
ashlee.lin@milbank.com
msheen@milbank.com

Thomas C. Mavrakakis (Bar No. 00791209)
Brian C. Kwok (*admitted Pro Hac Vice*)
Christopher R. Lubeck (*admitted Pro Hac Vice*)
HAYNES AND BOONE, LLP
525 University Avenue, Suite 400
Palo Alto, CA 94301
Telephone: (650) 804-7800
Facsimile: (650) 687-8801
mav@haynesboone.com
brian.kwok@haynesboone.com
chris.lubeck@haynesboone.com

Howard E. Levin (*admitted Pro Hac Vice*)
HAYNES AND BOONE, LLP
180 N. LaSalle Street, Suite 2215
Chicago, IL 60601
Telephone: (312) 216-1625
Facsimile: (312) 216-1621
howard.levin@haynesboone.com

**ATTORNEYS FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system on the 30th day of November, 2015 per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay
