**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| Plaintiff, | **C.A. No. 2:15-cv-00576** |
| **v.** | |
| **AT&T INC.,  ET AL.,** | |
| Defendants. | |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| **Plaintiff,** | **C.A. No. 2:15-cv-00579** |
| **v.** | |
| **SPRINT SOLUTIONS, INC.,  ET AL.,** | |
| **Defendants.** | |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| **Plaintiff,** | **C.A. No. 2:15-cv-00580** |
| **v.** | |
| **T-MOBILE USA, INC.,  ET AL.,** | |
| **Defendants.** | |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| **Plaintiff,** | **C.A. No. 2:15-cv-00581** |
| **v.** | |
| **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ET AL.,** | |
| **Defendants.** | |

## AGREED PROTECTIVE ORDER

The parties hereby stipulate that the following Protective Order ("Order") regarding confidential information may be entered by the Court:

## 1.   INTRODUCTION AND SCOPE

This Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the parties or third-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, and responses to requests for admission. In the event a party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this action, such Protected Information used therein shall be filed under seal with the Court pursuant to Local Rule CV-5(a)(7). Production or disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

## 2.   DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions set forth by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules for the Eastern District of Texas, or this Court. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and the Court's Deadlines set out in the applicable Scheduling Order.  Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

## 3.    DEFINITIONS

### 3.1.    Court Staff

"Court Staff" is defined in this Order as the Court and its personnel, court reporters, independent shorthand reporters, and their staffs, and videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case.

### 3.2.    Discovery Material

The term "Discovery Material" shall refer to all items or information, including from a non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

### 3.3.    Inside Counsel

The term "Inside Counsel" shall mean employees of a named party to this action who (a) are members of the named party's legal team, (b) have responsibility for maintaining, defending or evaluating this action, (c) have responsibility for making decisions dealing directly with this action, (d) are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a named party to this action or a competitor of a named party to this action, and (e) are subject to the provisions of Sections 6.7.4-6.7.6, below.

### 3.4.    Outside Consultant

The term "Outside Consultant" shall mean any outside person (and their support personnel) who is not an employee of a party or any Related Entity, and who is identified as an expert whose opinions may be presented at trial of this case, or who is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at   trial, including but not limited to, a proposed expert witness with whom counsel may deem it

necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.  This term is to be construed within the meaning of Federal Rule 26(b)(4)(a)-(b).

### 3.5.    Outside Counsel

The term "Outside Counsel" shall mean individual attorneys who are not employees of any named party to this action or any Related Entity, but who are retained to represent or advise a named party to this action or any Related Entity, including support personnel; contract attorneys; paralegals; consultants; legal secretaries; legal clerks; technical advisors; employees of outside vendors providing copy services, document, graphics, and exhibit preparation services; and jury consultant and research services.

### 3.6.    Producing Party

The term "Producing Party" shall mean a party or third-party that produces Discovery Material, including Protected Information, in this action.

### 3.7.    Protected Information

The term "Protected Information" shall mean any Discovery Material that the Producing Party in good faith designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE." Protected Information also includes any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Information.

3.7.1.   **Confidential Information**. A Producing Party, including any party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may designate Discovery Material as "CONFIDENTIAL" if the

Producing Party has a good faith belief that such Discovery Material constitutes or contains confidential information, whether embodied in physical objects, documents, or the factual knowledge of persons.

    3.7.2.  **Highly Confidential — Attorneys' Eyes Only Information**. A Producing Party, including any party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may designate Discovery Material as "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" if the Producing Party has a good faith belief that such Discovery Material constitutes or contains proprietary financial, business, or technical data, commercially sensitive competitive information or trade secrets (*e.g.,* nonpublic technical information, including schematic diagrams, technical reference manuals, and operations manuals); damages-related information (*e.g.,* sale volumes, revenues, costs, and profitability), licenses and licensing documentation, business plans, strategic plans; and settlement agreements or settlement communications, the disclosure of which could cause harm to the business or competitive position of the Producing Party.

    3.7.3.  **Highly Confidential — Attorneys' Eyes Only Computer Source Code Information**. A Producing Party, including any party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may alternatively designate Discovery Material "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" if the Producing Party has a good faith belief that such Discovery Material contains a party's Source Code, which shall mean computer object code or other executable code or source code or similar programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters, or portions of any document reproducing such code, including configuration files,

scripts, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

      3.7.4.   **Non-Confidential Information**. The following is not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY INFORMATION," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" Discovery Material:

      a.    any information which, at the time of disclosure to a Receiving Party, is lawfully public knowledge;

      b.    any information which, after disclosure to a Receiving Party, lawfully becomes public knowledge as a result of publication not involving a violation of this Order;

      c.    any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality; and

      d.    any information that a Receiving Party can show was independently developed by it or its personnel who have not had access to the Producing Party's Protected Information.

### 3.8.   Receiving Party

The term "Receiving Party" shall mean a party that receives Discovery Material from a Producing Party.

### 3.9.   Related Entity

The term "Related Entity" shall mean any parent, subsidiary or other legal business entity owned or controlled by a common parent.

4.      **SCOPE OF DISCOVERY**

Discovery in this matter is limited in scope as set forth in this Order and in no event shall exceed the scope set forth under the Federal Rules of Civil Procedure, the Local Rules, or other Order of this Court.

### 4.1.      Order Regarding E-Discovery in Patent Cases

This Protective Order incorporates by reference and is meant to supplement the Order Regarding E-Discovery in Patent Cases entered by the Court in this case as if fully set forth herein, including, without limitation, its provisions designed to streamline the production of electronically stored information.

### 4.2.      Financial Information

To the extent financial information is sought, only summary financial information of the type used in the ordinary course of a Producing Party's business or specifically created to address the relevant financial inquiries will be produced unless good cause can be shown that production of underlying documentation or information is necessary and such good cause outweighs the Producing Party's claim of undue burden or cost.  The parties will meet and confer as to good cause on this issue. If the parties cannot reach an agreement, the party seeking production may raise this issue with the Court; however, production of such documents shall not be required absent a Court Order obtained for good cause shown. The Receiving Party will bear the burden of establishing that its request is in good faith and good cause exists for disclosure of the Protected Information sought.

5.      **TIME AND MANNER OF DESIGNATION**

A Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards so that material, documents, items, or oral or written communications for which protection

is not warranted are not swept unjustifiably within the ambit of this Order.

### 5.1.    Time of Designation

Designation of Discovery Material shall be made at the following times:

5.1.1.   For documents and things, prior to or at the time of the production of the document or thing;

5.1.2.   For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

5.1.3.   For any form of testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) calendar days after the receipt of an official (*i.e.*, not rough draft) transcript of such testimony by the Producing Party. Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Producing Party, all testimony will be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." In the event that expedited disclosure may be required by a party due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Information in question, the concerned party shall negotiate in good faith for a shortened expiration period, and, if agreement regarding a shortened expiration period cannot be reached, then the concerned party agrees to submit the matter to the Court for its determination of the appropriate expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

5.1.4.   A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend clearly upon each page that contains Protected Information.

**5.2.     Manner of Designation**

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" on the Discovery Material in the following manner:

5.2.1.   For documents, on each page of such document;

5.2.2.   For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

5.2.3.   For declarations, written discovery responses, court filing or pleadings, on the face of such document;

5.2.4.   For testimony, Outside Counsel for either party may designate on the record at the deposition any testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" under this Order. Each page of the designated testimony and any exhibit on which a witness gives testimony designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" shall be treated in accordance with the terms of this Order;

5.2.5. Computer Source Code may be so designated by affixing the legend "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" on the media itself or printed paper;

5.2.6. All "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in Sections 5.2.1. - 5.2.5., shall be designated by informing the Receiving Party of the designation in writing; and

5.2.7. To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.  When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents.  In the event that the Receiving Party prints documents from such medium, the Receiving Party shall mark each such page of the documents with the appropriate designation.

**5.3.    Third-Party Discovery**

5.3.1.  The parties recognize that, during the course of this case, third-parties may be called upon to produce "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" Discovery Materials. In such a case, the third-party that must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

5.3.2.  Information originating with a third-party and in a Producing Party's custody

or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" and the Protected Information shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a Producing Party has a good faith belief that production of the requested Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with that third-party to resolve the confidentiality issue.  If this confidentiality issue cannot be resolved, then the Producing Party shall immediately notify the requesting party and to the extent consistent with its confidentiality obligation: (1) identify the third-party; (2) identify the bases for the confidentiality obligation; and (3) provide a brief description of the types of documents and things being withheld. All parties shall attempt to resolve all disputes promptly, informally, and in good faith. If the parties are unable to resolve the matter, the prospective Receiving Party may seek judicial relief. No disclosure is required until the objection is resolved.

5.3.3.  A third-party's production of Protected Information under this Order does not entitle that third-party to access any other Protected Information or Discovery Materials produced by any party or other third-party in this case.

**5.4.    Changing the Designation of Discovery Material**

In the event any party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or from one such designation to another, such party may do so by notice in writing

specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation. In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

### 5.5.    Resolution of Disputes Regarding Designation

The parties will use reasonable care in designating information as Protected Information under this Order. In the event that a Receiving Party disagrees with any designation (or changed designation) by the Producing Party, the Receiving Party shall serve a written challenge on the Producing Party, identifying with particularity the Discovery Material and the bases for why the Discovery Material should be designated differently. A Receiving Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, served on counsel for the Producing Party, and particularly identify the documents or information that the Receiving Party contends should be differently designated.  The Receiving Party and Producing Party shall use their best efforts to resolve promptly and informally such disputes. If the parties are unable to resolve such a dispute informally, the Receiving Party may apply to the Court for relief. The Receiving Party will bear the burden of establishing that the challenged designation is inappropriate.  Any such disputed Discovery Material shall be treated as designated by the Producing Party and subject to the protections of this Order unless and until the Court determines otherwise.

### 5.6.    No Presumption of Protected Status

This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure, the Local Rules, or this Court's inherent power. Failure of any party to challenge any designation under this Order shall not constitute

an admission that any Discovery Material designated as Protected Information is, in fact, Protected Information.

## 6.      USE OR DISCLOSURE OF PROTECTED INFORMATION

### 6.1.      Use of Discovery Materials

Documents and things exchanged during this litigation shall only be used in this litigation, and their use shall be governed by this Order. A Receiving Party may use Protected Information that is disclosed or produced by another party or by a third-party in connection with this case only for litigating, defending, or attempting to settle this litigation. Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order.  Outside Counsel of any Defendant in this case may also use Protected Information for counseling, advising, or similar conduct relating to any post-grant review (including any reissue protest, ex parte reexamination, or inter partes review) involving the patents-in-suit.  Counsel of Plaintiff, however, is precluded from using Protected Information for participating, counseling, advising, or similar conduct, in any re-examination or reissue proceedings.

6.1.1.   Except as expressly provided below, no employee, officer, or director of any party to this action, including Inside Counsel, shall have access to Protected Information marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or otherwise relating to patent licensing matters, related merger and acquisition activities, or Source Code, without a court order or the written consent of the Producing Party.

### 6.2.      Prosecution Bar

Absent written consent from the Producing Party, any individual employed by or contracted

by Plaintiff, Outside Counsel for Plaintiff, and any individual employed by or contracted by Outside Counsel for Plaintiff, who receives access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to technology that is the subject of the accessed information, including without limitation the technical subject matter of patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office (the "Patent Office"). This provision does not prohibit a party's counsel of record from participating in reexamination proceedings (not requested by the patent owner), post-grant review proceedings, covered business method proceedings, or *inter partes* review proceedings involving any of the party's patents, provided they do not advise on, consult on, prepare, prosecute, draft, edit, and/or amend patent applications, specifications, or claims in those proceedings. Outside Counsel for Plaintiff shall not: (i) reveal any Defendant's Protected Material to any prosecuting counsel or agent; or (ii) consistent with Paragraph 6.1 herein, use any Defendant's Protected Material for any purpose other than this litigation. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information is first received by the affected individual and shall end two (2) years after the settlement and dismissal of the Producing Party from this action or the final non-appealable termination of this action. No other provision of this protective order shall be construed as invoking a prosecution bar or prohibiting any acts taken to discharge the duty of candor and good faith.

Notwithstanding anything in this Paragraph 6.2 to the contrary, Outside Counsel for Plaintiff

14

otherwise subject to the Prosecution Bar shall not be precluded or prohibited from consulting with Plaintiff or its prosecution counsel regarding, or in connection with, the validity of issued claims and any prior art cited against them, so long as such consultation is not premised upon, and otherwise does not reveal, any Protected Information made the subject of the Prosecution Bar herein.

### 6.3.    Secure Storage, No Export

Absent agreement, a Defendant's Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Absent agreement, a Defendant's Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States), unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to a H-1B visa sponsored by the Receiving Party's law firm, or (3) directly employed by the Receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the Receiving Party. Nothing in Paragraph 6.3 shall preclude incidental storage of Protected Material (e.g., on mobile devices) while traveling overseas by authorized Inside Counsel, Outside Counsel, or Outside Consultant under this Order. Further, subject to Paragraph 6.4, nothing in Paragraph 6.3 shall preclude review of a Defendant's Protected Material by an Outside Consultant who complies with the dictates of this Order.

6.3.1.    Protected Material Subject to Export Restrictions.

If a Disclosing Party has a good faith belief that Protected Material is subject to U.S. export restrictions, the Disclosing Party will identify such material by designating it with the label "SUBJECT TO U.S. EXPORT RESTRICTIONS" or similar label and produce it separately from any other production. The Disclosing Party is under no duty to produce material that it has a good faith belief is subject to U.S. export restriction until the Receiving Party (ies) has (have) agreed in writing

not to export such material and to take steps to safeguard such material is not exported.

**6.4     Disclosure Among Defendants**

(a)     Absent written consent, Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" by a Defendant Producing Party may be disclosed to another Defendant, only to the extent the Receiving Defendant was sued in the same initial case as the Producing Defendant, and only to the extent disclosure is made to the Receiving Defendant's Outside Counsel only.  Disclosure of one Defendants' Protected Information may not be disclosed to another Defendant who was not sued in the same initial case as the Producing Defendant, notwithstanding the fact that the Defendants' separate initial cases have been consolidated.  Except as required by law, no Defendant is required to produce its Protected Material to any other Defendant, but nothing in this Order shall preclude such production.

(b)     With regard to access to any Defendants' Protected Information by Inside Counsel for another Defendant, nothing in this Order will prevent a Producing Party from allowing such Inside Counsel access, nor will this Order prevent a Defendant from seeking from the Court such Inside Counsel access to another Defendant's Protected Information.

(c)     Any individual who receives pursuant to Paragraph 6.4(a) non-financial information designated by a Defendant as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" in any case consolidated under Civil Action No. 2:15-cv-576 shall be subject to the Prosecution Bar set forth in Paragraph 6.2. If any Defendant's Outside Counsel does not wish to receive another Defendant's Protected Material, the Defendant Receiving Party may designate certain individuals to receive on its behalf service of any pleadings or documents that contain a Defendant

Producing Party's Protected Material, and no Protected Material shall be served or disclosed to the Defendant Receiving Party's Outside Counsel other than the specified individuals. Notwithstanding anything in this paragraph to the contrary, a Defendant's Outside Counsel shall not be precluded or prohibited from participating in activities conducted in the context of post-grant proceedings including reexamination or opposition proceedings, or consulting with a Defendant or its prosecution counsel regarding, or in connection with, the validity of issued claims and any prior art cited against them, so long as such participation or consultation is not premised upon, and otherwise does not reveal, any Protected Information made the subject of the Prosecution Bar.

### 6.5.    Duty to Return or Destroy Discovery Material

Within sixty (60) calendar days after termination of this litigation with respect to a Producing Party, all Discovery Material containing Protected Information, including all notes of counsel, Outside Consultants, or others that incorporate in whole or in part information from Protected Information, shall be either returned to the Producing Party or shall be destroyed. Counsel for any party or third-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Producing Party within ninety (90) calendar days after the conclusion of the above-captioned case.

In the event that a party is dismissed by agreement from the case prior to conclusion of this matter in its entirety, all Discovery Material containing Protected Information (other than pleadings, discovery responses, and exhibits contained in the official court record, and attorney work product documents) produced by the dismissed party shall be returned to the dismissed party or shall be destroyed within sixty (60) calendar days from entry of the dismissal order.  Counsel for any party or third-party that received Protected Information from a dismissed party shall make written certification of compliance with this provision and shall deliver the same to counsel for the dismissed

party within ninety (90) calendar days after the entry of the dismissal order.  Notwithstanding the foregoing, Outside Counsel and Inside Counsel are not required to delete information that may reside on their respective back-up systems; however, Outside Counsel and Inside Counsel agree that no Protected Information shall be retrieved from the electronic back-up systems to be used as reference materials for business operations after conclusion of this litigation.

    6.5.1.   Notwithstanding the foregoing, Outside Counsel of record shall be entitled at the termination of this case, including all appeals, to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and any work-product containing Protected Information, provided however that any Protected Information contained in any such documents retained by Outside Counsel of record shall remain subject to the protections of this Order.

**6.6.    Disclosure of Discovery Materials**

No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except the following:

    6.6.1.   Disclosure of Protected Information that is designated "CONFIDENTIAL" may be made only to:

    a.    Outside Counsel;

    b.    Outside Consultants, and their necessary support personnel, who have complied with the provisions of Section 6.7.1 below and signed the form attached hereto as Attachment A, provided that such Outside Consultants and

their necessary support personnel access the Protected Information in the United States only, and do not transport the Protected Information to any foreign jurisdiction, except such Outside Consultant shall not be precluded from incidental storage of Protected Material (e.g., on mobile devices) while traveling overseas;

c.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

d.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

e.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting services, who have signed the form attached hereto as Attachment A;

f.      Mock jurors who have signed the form attached hereto as Attachment A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgment for mock jurors need not be provided to counsel for any other party);

g.      Any person to whom the Producing Party agrees to provide a copy;

h.      Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as "CONFIDENTIAL";

i.      With respect to a particular document, an individual who is shown on the face

of the document to have been an author, source, or recipient of the document; and

    j.    Up to three (3) Inside Counsel who have complied with the provisions of Sections 6.7.4-6.7.6 and who have signed the form attached hereto as Attachment A. If such an Inside Counsel is no longer employed by a named party to this action or a Related Entity of a named party to this action, a named party to this action may designate a replacement Inside Counsel who has complied with the provisions of Sections 6.7.4-6.7.6 and who has signed the form attached hereto as Attachment A.

6.6.2. Disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may only be made to:

    a.    Any persons allowed access to Protected Information designated "CONFIDENTIAL" as set forth in Section 6.6.1 above, with the exception of those persons described in Subsections (h) and (j) above.

    b.    Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    c.    License Agreements to any or all of the patents-in-suit, which are designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," may also be disclosed to up to three Inside Counsel if, any only if, such License Agreements do not involve any party accused of infringing any of the patents-in-suit named at any time as a defendant to this or any related action (or any Related Entity to such a defendant). Plaintiff agrees not to oppose disclosure of such License Agreements to such Inside Counsel; but nothing herein prevents a

third party that is not a Related Entity of Plaintiff from objecting to such disclosure, and disclosure to Inside Counsel will not occur until any such third party objection has been resolved.

6.6.3. Disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" may be made (pursuant to the specific provision in Section 7 below) only to:

a.     Outside Counsel;

b.     No more than six (6) Outside Consultants of any Receiving Party as defined above and who have signed the form attached hereto as Attachment A, provided that such Outside Consultants and their necessary support personnel access the Protected Information in the United States only, and do not transport the Protected Information to any foreign jurisdiction, except such Outside Consultant shall not be precluded from incidental storage of Protected Material (e.g., on mobile devices) while traveling overseas.  To the extent the Receiving Party seeks to have additional Outside Consultants obtain  access to a particular Producing Party's Source Code, the Parties shall meet and confer in good faith;

c.     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

d.     Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

e.     Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER

SOURCE CODE"; and

f.    With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

**6.7.  General Disclosures**

Notwithstanding the restrictions set forth above, the following disclosures may be made in accordance with this Order:

6.7.1.  **Outside Consultants**.  Prior to the disclosure of any of the Producing Party's Protected Information to an Outside Consultant, and for each Outside Consultant to whom disclosure is proposed, the Receiving Party shall give at least ten (10) business days written notice to the Producing Party, providing:

a)    the name, business title and business address of the Outside Consultant;

b)    a copy of the proposed Outside Consultant's executed Attachment A;

c)    a copy of the proposed Outside Consultant's current *curriculum vitae* showing the proposed Outside Consultant's education;

d)    the Outside Consultant's current employer;

e)    a list of any previous or current relationships (personal, professional, financial, or otherwise) with any of the parties; and

f)    a list of all other cases by name, case number, and location of court in which the Outside Consultant has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last five (5) years. Such a listing, as appropriate, may itself be designated as Protected Information.

6.7.2.    Prior to disclosing any Protected Information to any Outside Consultant, Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information to an Outside Consultant is, in that counsel's good faith judgment, reasonably necessary to the party's representation.  If, during the ten (10) business day notice period, the Producing Party serves, in writing, a good faith objection to the proposed disclosure to showing the Outside Consultant Protected Information, there shall be no disclosure of said Protected Information to such Outside Consultant pending resolution of the  objection.  Consent to the disclosure of Protected Information to the Outside Consultant shall not  be unreasonably withheld. The Producing Party objecting to disclosure of Protected Information to the Outside Consultant shall, within ten (10) business days of receiving the  written notice contemplated under Section 6.7.1, provide a written explanation of the basis of  its objection.  If a Producing Party objects to the disclosure of Protected Information to an Outside Consultant, the parties must meet and confer regarding the objection within five (5)  business days after such objection is served.  The objecting party's consent to the disclosure of  Protected Information to an Outside Consultant shall not be unreasonably withheld, and its  objection must be based on that party's good faith belief that disclosure of its Protected Information to the Outside Consultant will result in business or economic harm to that party.

6.7.3.    If the parties cannot resolve their dispute during this meet-and-confer, the Producing Party shall have five (5) business days from the date of the meet-and-confer to file an objection with the Court and seek a motion for protection or disqualification of the Outside Consultant or other appropriate relief. No Protected Information shall be provided to the proposed Outside Consultant until after resolution of the objection either by the parties or by the Court.

6.7.4. **Inside Counsel.** Protected Information designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" may not be disclosed to Inside Counsel without prior permission of the Producing Party.  Prior to the disclosure of any of the Producing Party's Protected Information that is designated CONFIDENTIAL to an Inside Counsel, and for each Inside Counsel to whom disclosure is proposed, the Receiving Party shall give at least ten (10) business days written notice to the Producing Party, providing:

a)      the name, business title and business address of the Inside Counsel; and

b)      a copy of the proposed Inside Counsel's executed Attachment A; and

c)      a description of the Inside Counsel's role and responsibilities, where said description is sufficiently detailed to allow the Producing Party to ascertain whether such Inside Counsel is involved in competitive business decision making.

6.7.5. Prior to disclosing any Protected Information that is designated CONFIDENTIAL to any Inside Counsel, Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information that is designated CONFIDENTIAL to Inside Counsel is, in that Outside Counsel's good faith judgment, reasonably necessary to the party's representation.  If, during the ten (10) business day notice period, the Producing Party serves, in writing, a good faith objection to the proposed disclosure to showing the Inside Counsel Protected Information that is designated CONFIDENTIAL, there shall be no disclosure of said Protected Information that is designated CONFIDENTIAL to such Inside Counsel pending resolution of the objection. The Producing Party objecting to disclosure of Protected Information that is designated CONFIDENTIAL to the Inside Counsel shall, within ten (10) business days of receiving the written notice contemplated under

Section 6.7.4, provide a written explanation of the basis of its objection. If a Producing Party objects to the disclosure of Protected Information that is designated CONFIDENTIAL to an Inside Counsel, the parties must meet and confer

regarding the objection within five (5) business days after such objection is served. The objecting party's consent to the disclosure of Protected Information that is designated CONFIDENTIAL to an Inside Counsel shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information that is designated CONFIDENTIAL to the Inside Counsel will result in business or economic harm to that party.  Notwithstanding the foregoing, nothing in this Order prevents a Producing Party from objecting to disclosure of Protected Information that is designated CONFIDENTIAL to Inside Counsel based on the geographic location of that Inside Counsel.

6.7.6.   If the parties cannot resolve their dispute during this meet-and-confer, the Receiving Party seeking to disclose Protected Information that is designated CONFIDENTIAL to Inside Counsel shall have five (5) business days from the date of the meet-and-confer to file a motion with the Court seeking to disclose this Protected Information that is designated CONFIDENTIAL to its Inside Counsel or other appropriate relief. No Protected Information that is designated CONFIDENTIAL shall be provided to the Inside Counsel until after resolution of the motion either by the parties or by the Court.

6.7.7.   **Public Documents**.  None of the restrictions set forth in this Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information in this litigation, or that is discovered or developed independently by the Receiving

Party. In addition, the terms of the treatment of the Protected Information shall be effective only upon the effective date of this Order.

6.7.8. **Disclosure to Author or Recipient**. Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person whom the Discovery Material containing the Protected Information clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material. In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other Protected Information.

6.7.9. **Disclosure of Party's Own Information**. The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a party from another party or from a third-party as a direct result of this litigation. Any party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

### 6.8. Disclosure During Depositions

Subject to the requirement that the person(s) receiving the Protected Information duly execute Attachment A, and except as otherwise approved by the Producing Party or by an order of this Court, a party may use Protected Information in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of their employment with the Producing Party; (b) an individual identified in the Protected Information as an author, addressee, carbon copy or other recipient of such information; or (c) an Outside Consultant that has executed Attachment A.

No one may attend or review the transcripts or the portions of any depositions at which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Order.

### 6.9.    Disclosure Pursuant to Subpoena

If any entity subpoenas or orders production of Protected Information from a Receiving Party that a Receiving Party has obtained subject to this Order, such Receiving Party shall promptly notify the Producing Party of the subpoena or order and shall not produce the information until the Producing Party has had reasonable notice (which shall be not less than ten (10) business days) to object or take other appropriate steps to protect the information. If a Producing Party does not take steps to prevent disclosure of such documents within the notice period given, or within ten (10) business days, whichever is longer, the party to whom the referenced subpoena is directed may produce such documents in response. Nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 6.10.    Inadvertent Disclosure of Protected or Privileged Information

As set forth in, and in accordance with the Discovery Order entered, or to be entered, in this action, inadvertent production or disclosure of documents or information subject to the attorney–client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party promptly notifies the Receiving Party in writing after discovery of such inadvertent production or disclosure. Such inadvertently-produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party or destroyed immediately upon request. The Receiving Party shall also immediately destroy any notes or other

writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  In the case of an inadvertently-produced or disclosed document, the Producing Party shall include the inadvertently-produced or disclosed Discovery Material in a privilege log identifying such document.  The Receiving Party may move the Court for an Order compelling production of any inadvertently-produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose, summarize, characterize, or otherwise use the content of the inadvertently-produced document or information (beyond any information appearing on the above-referenced privilege log).

**7.    SOURCE CODE**

### 7.1.    Notice

In the event that Source Code is produced in this action, access to such Source Code will be given only to those individuals for the Receiving Party who are authorized under this Order to have access to Discovery Material designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY SOURCE CODE." Prior to inspection of the Producing Party's Source Code, the Receiving Party shall give at least ten (10) calendar days written notice to the Producing Party, providing the names of all individuals to be present and the information identified under Section 6.7.1 for each non-attorney proposed to attend a Source Code inspection. The Producing and Receiving Parties shall meet and confer in good faith to determine an alternative notice period, should the aforementioned ten-calendar-day notice period be insufficient.  If installation of Source Code tools is required for such an inspection, the Receiving Party shall provide ten (10) calendar days' notice of its

intent inspect the Source Code. No such individual shall attend a Source Code inspection until after the expiration of the foregoing ten (10) calendar day notice period.  If, during the appropriate calendar day notice period, the Producing Party serves, in writing, a good faith objection to the attendance of any such individual at a Source Code inspection, that individual shall not attend any Source Code inspection pending resolution of the objection. Consent to such attendance shall not be unreasonably withheld. The Producing Party objecting to the attendance of any such individual at a Source Code inspection shall provide a written explanation of the basis of its objection within the appropriate calendar day notice period.  The parties shall meet and confer to resolve any such dispute within five (5) business days of service of such an objection. If the parties are unable to resolve such a dispute informally within five (5) business days of having met and conferred, the Receiving Party may apply to the Court for relief. The Receiving Party will bear the burden of establishing that its request is in good faith and that good cause exists for disclosure of the Protected Information sought. Such individual shall not attend any Source Code inspection until after resolution of the dispute either by the parties or by the Court.

**7.2.    Review of Source Code**

In the event that Source Code is produced in this action:

7.2.1. The Producing Party will make its Source Code available for inspection electronically, in the same form as maintained in the ordinary course of the Producing Party's business and in computer searchable format, on a single "stand alone" Source Code Review computer (*i.e.*, individual computers that is not connected to any network, Internet, or peripheral device, except a printer) in the format suitable for review at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's outside counsel of record in this action; (2) a single, third-party site located within any

judicial district in which the Source Code is stored in the ordinary course of business (*e.g.*, an escrow company); or (3) a location mutually agreed upon by the Receiving Party and the Producing Party (collectively, the "Designated Facility"). The hardware and software specifications of the Source Code Review computer (*e.g.*, processor speed, RAM, and operating system) shall be commensurate with that of computers used by the Producing Party to work with Source Code in the ordinary course of its business. The Designated Facility shall be in the continental United States and reasonably accessible to the Receiving Party.

7.2.2.  Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review a Producing Party's Source Code on the Source Code Review computer. The Source Code Review computer will be configured to prevent additional peripheral devices (*e.g.*, USB thumb drives) from being connected to it.

7.2.3.  Absent agreement to the contrary, access to the Source Code Review computer will be made available during regular business hours (8:00 a.m. to 5:00 p.m. local time on weekdays, excluding court holidays).

7.2.4.  No portions of the Source Code may be downloaded, transmitted, photographed or copied in anyway unless specifically permitted by this Order. Use or possession of any input/output device or other electronic device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited while in the secured, locked area containing the Source Code Review computer.

7.2.5.  The Receiving Party, at its own expense, may request that the Producing Party install software on a Source Code Review computer to perform searches of the Producing Party's Source Code, provided that such other software is necessary for the Receiving Party to

perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with appropriate access to such software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software available for use on the Source Code Review computer.  Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer, does not prevent or impede the Receiving Party's access to the Source Code produced for inspection on a Source Code Review computer and does not side-step any of the security features enabled on a Source Code Review computer (*e.g.*, enable connection and use of USB thumb drives).  The Receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the Producing Party) on the Source Code Review computer without first submitting a written request and obtaining the Producing Party's agreement to the request.

7.2.6. A list of names of persons who will view the Source Code materials will be provided to the Producing Party in conjunction with any written (including e-mail) notice requesting inspection. The Receiving Party shall maintain a daily time log of the names of persons who enter the Designated Facility to view the materials and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the viewing room, shall be entitled to monitor the printer connection to the Source Code Review computer, and shall also be entitled to a copy of the log upon request.

7.2.7.  The Receiving Party shall be entitled to have printed by the Producing Party or

print using a printer connected to the Source Code Review computer, in paper form, portions of source reasonably anticipated by the Receiving Party to be necessary for use in, and preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information of the Producing Party, and such other uses to which the parties may agree or that the Court may order.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Review computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence.

7.2.8.  The Producing Party will provide any printed paper copies to the Requesting Party within five (5) business days of the Requesting Party's request, unless otherwise agreed or the Producing Party objects to the request.  The Producing Party may object to any portion of any printed Source Code files as not relevant to any claim or defense in this litigation, and accordingly deny printing of any Source Code files pending resolution of the Producing Party's objection.  The parties shall meet and confer to resolve any such dispute within five (5) business days of the Receiving Party's Source Code print request.  If the parties are unable to resolve such a dispute informally within five (5) business days of having met and conferred, the Receiving Party may apply to the Court for relief at any time. The Receiving Party will bear the burden of establishing that its request is in good faith and good cause exists for

disclosure of the Protected Information sought. Any contested portion of any printed Source Code files need not be produced to the Receiving Party until the dispute is resolved by the Court. The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form.

7.2.9. If the Receiving Party desires to print more than a continuous block of up to fifty (50) pages of lines of Source Code or a total of two hundred (200) pages per Producing Party, or if the Producing Party challenges the amount of printed Source Code, the parties shall meet and confer within five (5) business days to reach a reasonable compromise and, if no compromise can be reached, the Receiving Party may petition the Court for a resolution. A Receiving Party's request for additional Source Code beyond the limits in this paragraph shall not be unreasonably denied. The Receiving Party shall bear the burden of showing its need for the extent of printed Source Code beyond the limits in this paragraph. Any contested portion of any printed Source Code files need not be produced to the Receiving Party until the dispute is resolved by the Court.

7.2.10. Each page of any printed copies of Source Code shall be printed on non-white, colored paper. After printing, the Producing Party shall clearly label each page of any printed copies "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" and give each page a unique identification number.

7.2.11. The Receiving Party's Outside Counsel may make one (1) copy of the printed Source Code pages after delivery for internal use on non-white, colored paper. Printed copies of Source Code shall be securely maintained in locked rooms or cabinets at the offices of Outside Counsel of the Receiving Party or the offices of the Receiving Party's Outside Consultants. Printed copies shall be destroyed as soon as they are no longer needed. No

electronic copies (e.g., Adobe PDF files) of any of the printed Source Code pages may be created, except as necessary for any filings with the Court.

7.2.12.        Upon printing of pages containing Source Code materials, the Producing Party will have the opportunity to redact from the printed pages any portion of the materials that disclose critical security details of the Producing Party that are not necessary to the claims or defenses in this action. Critical security details include, *e.g.*, those that, if disclosed, could make the Producing Party's products, systems, or architecture vulnerable to attack. The Producing Party will make any redactions and will provide the redacted copy of the materials to the Receiving Party within five (5) business days after the pages are reviewed and printed by the Receiving Party.  Should the Receiving Party object to any specific redactions made by the Producing Party, it should make those objections known to the Producing Party within five (5) business days of receiving the redacted materials. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek the Court's resolution regarding whether the redactions are appropriate given the provisions of this Order.

7.2.13.  Printed copies of Source Code may be reviewed by persons or entities permitted to access "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information at the offices of Outside Counsel of the Receiving Party or the offices of the Receiving Party's Outside Consultants, but may not be removed from such offices, except that copies may be made for and used in Court filings and proceedings, expert reports, contentions, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information of the Producing Party.

7.2.14.  Portions of deposition transcripts that contain reference to Source Code or exhibits with Source Code may be designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE." All such potions of deposition transcripts that contain references to Source Code or exhibits with Source Code shall be securely maintained in locked rooms or cabinets at the offices of Outside Counsel of the Receiving Party.

7.2.15.  Any Source Code filed with the Court shall be filed under seal.

7.2.16. The Outside Counsel or Outside Consultants of a Receiving Party may take notes during any Source Code inspection but may not copy portions of the Source Code into such notes.  Any such notes must be marked on each page with "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE."   In addition, Outside Counsel or Outside Consultants of a Receiving Party may not bring into the room housing a Source Code Review computer any recording devices, including, but not limited to, laptops or other portable computers; audio, image or video recorders; or wireless devices with data transmission capabilities, unless agreed otherwise by the parties in writing. Outside Counsel or Outside Consultants of a Receiving Party may not leave work product or other materials to which the Receiving Party claims privilege in the room used to inspect the Producing Party's Source Code or on a Producing Party's Source Code Review computer.

7.2.17.  All paper copies shall be securely destroyed if they are no longer necessary in the Litigation (e.g., extra copies at the conclusion of a deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

7.2.18.  The Producing Party may redact Source Code from any Discovery Material within its document production. In the event the Producing Party makes such redactions, the redacted (non-Source Code) versions of such Discovery Material shall be produced directly to the Receiving Party consistent with this and other Orders governing discovery in this action, and the Producing Party shall otherwise stamp the redacted portions in such a way to reflect that the redacted content is Source Code.  The un-redacted Discovery Material containing the Source Code shall be made available for review on the Source Code Review computer in accordance with the procedures described above.

## 8.   MISCELLANEOUS

### 8.1.   Right to Further Relief

Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

### 8.2.   Jurisdiction

This Protective Order shall be binding upon the parties, and their respective attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. The United States District Court for the Eastern District of Texas, Tyler Division, or any court to which this action is transferred, is responsible for the interpretation and enforcement of this Order. All disputes concerning documents or information covered under this Order (however designated) and produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas, Tyler Division, or the court to which this action may be transferred.

### 8.3.   Continuing Jurisdiction

After the conclusion of the above-captioned case, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the Order's provisions.

### 8.4.    Interpretation

Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first promptly meet and confer to resolve the dispute.  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

### 8.5.    Modification

This Order may be modified by this Court for good cause shown or by mutual written agreement between (or among) the parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case.

### 8.6.    Outside Counsel's Communication with Client

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Order.

### 8.7.    No Probative Value

The Order shall not aggregate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Protected Information.  The fact that information is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be the appropriate designation.  This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

### 8.8.    Logging Post-Litigation Materials

No privileged communications and/or attorney work product relating to this litigation after June 25, 2013 need be identified on a privilege log.

### 8.9.    Use of Protected Information in Court

Before disclosing Protected Information in an open courtroom at trial or other court hearings in this case, a party must provide notice to the Producing Party so that the Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Protected Information in the open courtroom.  The Producing Party bears the burden of showing that the Court should prevent or limit disclosure of the Protected Information in the open courtroom; otherwise, the Protected Information may be used in an open courtroom at trial or other court hearings in this case without regard to the other provisions in this Order. The parties agree that the use of Protected Information at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Protected Information.

**SIGNED this 9th day of April, 2016.**


ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| Plaintiff, | **C.A. No. 2:15-cv-00576** |
| **v.** | |
| **AT&T INC.,  ET AL.,** | |
| Defendants. | |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| **Plaintiff,** | **C.A. No. 2:15-cv-00579** |
| **v.** | |
| **SPRINT SOLUTIONS, INC.,  ET AL.,** | |
| **Defendants.** | |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| **Plaintiff,** | **C.A. No. 2:15-cv-00580** |
| **v.** | |
| **T-MOBILE USA, INC.,  ET AL.,** | |
| **Defendants.** | |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | |
| **Plaintiff,** | **C.A. No. 2:15-cv-00581** |
| **v.** | |
| **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ET AL.,** | |
| **Defendants.** | |

# ATTACHMENT A

## WRITTEN ACKNOWLEDGEMENT
## TO ABIDE BY THE TERMS OF THE PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court for the Eastern District of Texas in the case entitled: *Cellular Communications Equipment LLC v AT&T Inc., et al.*, Case No. 2:15-cv-576.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Eastern District of Texas with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.

I will not disclose Discovery Materials marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I also understand that, in the event that I fail to abide by the terms of this Undertaking or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____     _____
                                                            Signature