**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | Case No.  2:15-cv-0576-RWS-RSP |
| | § | (Consolidated Lead Case) |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| AT&T INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT**
**DECLARATION OF DR. JAY KESAN**

## I.     INTRODUCTION

Defendants respectfully request that the Court strike the Declaration of Dr. Jay P. Kesan, submitted with Plaintiff's Reply Claim Construction Brief.  Plaintiff failed to identify Dr. Kesan (or any other expert) in its P.R. 4-2 or P.R. 4-3 disclosures, as required by the Patent Rules and this Court.  As this Court has noted, "[b]oth the letter and the spirit of the Patent Rules require early and complete disclosure of extrinsic evidence relevant to claim construction." *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2013 WL 6442185, at *1 (E.D. Tex. Mar. 12, 2013); *see also Phoenix Licensing, LLC, et al. v. AAA Life Ins. Co.*, No. 2:13-cv-1081-JRG-RSP, 2015 WL 11110605 (E.D. Tex. Apr. 7, 2015).  By failing to identify Dr. Kesan as a declarant, Plaintiff violated the Patent Rules and the Court's orders, resulting in prejudice to Defendants.  This untimely-disclosed extrinsic evidence accordingly should be stricken from the record.

## II.     BACKGROUND

On July 18, 2016, the parties exchanged their disclosures of preliminary claim constructions and extrinsic evidence in accordance with P.R. 4-2 ("4-2 Disclosures").  Plaintiff did not identify Dr. Kesan or any other expert.  *See* Ex. 1 (Plaintiff's 4-2 Disclosures).  Several weeks later, on August 8, 2016, the parties submitted their P.R. 4-3 Joint Claim Construction and Prehearing Statement ("JCCS"), which was required to include an "***identification of experts***" (emphasis in original) under the Court's Docket Control Order ("DCO"):

| August 8, 2016 | Comply with P.R. 4-3 (Joint Claim Construction Statement) (***including identification of experts***) |
|---|---|
| July 18, 2016 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |

Dkt. No. 201 at 3.  Just hours before the JCCS deadline, Plaintiff provided Defendants with a revised draft of the JCCS stating that Plaintiff "reserve[d] the right" to submit expert testimony

in support of its briefs.  *See* Ex. 8 at 2 (Aug. 8, 2016 6:25 PT PM email from Plaintiff's counsel);

Ex. 9 at 3 (Plaintiff's proposed edits to the JCCS, attached to the Aug. 8, 2016 6:25 PT PM email

from Plaintiff's counsel).   However, Plaintiff again did not identify Dr. Kesan, or any other

expert.  Dkt. No. 209 at 3.  In contrast, Defendants identified their expert declarant in the JCCS,

along with a description of the substance of his testimony.  *See, e.g.*, *id.* at 4; Dkt. No. 209-2

(listing "[d]eclaration testimony from Dr. Andrew Singer" as potential extrinsic evidence for

every claim limitation on which he ultimately offered opinions).

On September 19, 2016, Plaintiff filed its Opening Claim Construction Brief.  Dkt. No.

253.  Defendants filed their Responsive Claim Construction Brief on October 3, 2016.  Dkt. No.

265.  Plaintiff filed its Reply Claim Construction Brief at approximately 9 p.m. Central Time on

October 11, 2016, including an expert declaration—the Declaration of Dr. Jay P. Kesan ("Kesan

Declaration").  Dkt. Nos. 296, 296-1.  Thus, more than two months after the Court's deadline for

identification of experts under the Court's DCO, Plaintiff for the first time identified Dr. Kesan

and disclosed the substance of his opinions to Defendants.  Moreover, the Kesan Declaration was

not limited to addressing issues of indefiniteness, but also was cited to support Plaintiff's

affirmative claim constructions argued in Plaintiff's Opening Brief.

On the morning of October 14, 2016, Defendants informed Plaintiff of their intention to

move to strike the Kesan Declaration, and requested a meet and confer session with Plaintiff's

counsel in the event Plaintiff did not agree to withdraw the declaration.  Defendants' counsel also

requested a deposition of Dr. Kesan as quickly as possible.  Plaintiff's counsel did not respond

on Friday the 14th, nor did it respond over the weekend (despite serving interrogatories on

Defendants on the afternoon of Sunday, October 16, 2016).  After several additional requests

from Defendants' counsel on Monday, October 17, 2016, Plaintiff's counsel finally responded

that evening, but again did not provide a time to meet and confer.  Counsel for Defendants responded later that same evening and again requested a meet and confer session, for Tuesday, October 18, 2016.  Defendants' counsel made a final effort to request a meet and confer on Tuesday, October 18, 2016—the day Defendants' Claim Construction Sur-reply Brief was due to be filed, and less than two weeks before the scheduled claim construction hearing.  Shortly before the close of business, Plaintiff's counsel informed Defendants that they did not have any availability for a meet and confer on Tuesday, October 18.

## III.   ARGUMENT

Because Plaintiff failed to comply with its disclosure obligations, the Kesan Declaration should be stricken.  Patent Rule 4-2(b) requires that "[a]t the same time the parties exchange their respective 'Preliminary Claim Constructions,' they shall each also provide a preliminary identification of extrinsic evidence, including without limitation . . . testimony of percipient and expert witnesses they contend support their respective claim constructions," and that, "[w]ith respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony."  Patent Rule 4-3(b) also requires a party to "identif[y] . . . any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law . . . testimony of percipient and expert witnesses."

Under these Rules providing extrinsic evidence, including expert declarations, disclosed for the first time with the filing of a claim construction brief, is impermissible.  This Court has struck expert declarations where, as here, the party relying on the declaration did not identify the expert by name or disclose the expert's opinions until after the start of briefing.  *See, e.g.*, *TQP Dev., LLC v. Wells Fargo & Co.*, No. 2:12-cv-61-JRG-RSP, 2013 WL 6247363, at *4 (E.D. Tex.

Dec. 2, 2013) (striking expert declaration where "Plaintiff failed to disclose the extrinsic expert opinions of [its expert] before the start of claim construction briefing" and instead "*waited until its Reply Claim Construction Brief to submit a declaration by [its expert] or to even identify [him]*") (emphasis added); *Phoenix Licensing*, 2015 WL 11110605, at *1 (striking expert declaration as to certain defendants because, prior to claim construction briefing, they "*did not even identify the name of the expert, much less provide 'a brief description of the substance of that witness' proposed testimony'* as required under the local patent rules") (emphasis added); *see also Innovative Display Techs. LLC v. Acer Inc. et al.*, No. 2:13-cv-00522-JRG, 2014 WL 3402529, at *1–2 (E.D. Tex. July 11, 2014) (striking expert declaration where "[n]either the identity of [Plaintiff's expert] nor the subject of his declaration had been disclosed to Defendants before the filing of Plaintiff's opening claim construction brief"); *Lodsys*, 2013 WL 6442185, at *2 (precluding defendant from relying upon expert declaration and explaining that a party "must rather clearly indicate in the Joint Claim Construction Chart and Prehearing Statement that it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby").

Here, Plaintiff did not identify Dr. Kesan in its P.R. 4-2 or P.R. 4-3 Disclosures. Accordingly, the Kesan Declaration, and all references thereto, should be stricken. *TQP Dev.*, 2013 WL 6247363, at *4; *Phoenix Licensing*, 2015 WL 11110605, at *1; *Innovative Display*, 2014 WL 3402529, at *1–2; *Lodsys*, 2013 WL 6442185, at *1. Far worse than the *Lodsys* and *Innovative Display* cases—where the expert declarations were disclosed with the filing of an initial claim construction brief—here, Plaintiff disclosed Dr. Kesan and his expert declaration for the first time with its *Reply* Brief.

To the extent that Plaintiff would seek to rely on a vague, purported reservation of rights in the JCCS to submit an expert declaration, this is insufficient under the Patent Rules and this Court's orders.  The DCO is clear that Plaintiff was required to identify Dr. Kesan by name prior to claim construction briefing.  Plaintiff's single sentence in the JCCS, that it "reserves the right to submit expert testimony . . . in support of its positions on indefiniteness," fails to disclose the identity of Plaintiff's declarant or the "precise disputed claim terms which w[ould] be addressed" in the declaration.  *See* Dkt. No. 209 at 3; *Lodsys*, 2013 WL 6442185, at *2.  This is clearly deficient.  The Rules require each party to make a "substantive and informative disclosure of any intended sworn declaration which they may seek to rely upon in their claim construction briefing." *Lodsys*, 2013 WL 6442185, at *2.  Plaintiff failed to do so.

When Defendants brought this issue to Plaintiff's attention, Plaintiff attempted to excuse its failure by claiming that the Court's DCO "require[d] identification only of such experts that may be called at the Claim Construction Hearing, without requiring 'a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.'"  Ex. 2 at 2 (Oct. 17, 2016 email from Plaintiff's counsel).  However, Plaintiff's position mischaracterizes the DCO, the parties' agreement, the written record in this case, and the course of conduct between the parties since the outset of the first set of consolidated *CCE* cases—all of which have followed the parties' agreement regarding the disclosure of experts for claim construction.  Indeed, in all three prior waves of consolidated *CCE* cases, Plaintiff identified its claim construction expert(s) no later than the parties' 4-3 Disclosures, as was required here.  *See, e.g.*, Ex. 3 (Joint Claim Construction and Pre-Hearing Statement at 2, *Cellular Commc'ns Equip. LLC v. LG Elecs. Inc.*, Case No. 6:14-cv-00982 (Sept. 14, 2015) [Dkt. No. 120] (disclosing that Plaintiff "intend[ed] to rely on expert declaration(s) from Claude Royer to rebut Defendants'

5

indefiniteness allegations and/or constructions")); Ex. 4 (Joint Claim Construction and Pre-Hearing Statement at 9, *Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co. Ltd.*, Case No. 6:14-cv-759 (Sept. 11, 2015) [Dkt. No. 107] (disclosing that Plaintiff "intend[ed] to rely on expert declaration(s) from Claude Royer and/or Dr. Esmael Dinan")); Ex. 5 (Corrected Joint Claim Construction and Pre-Hearing Statement, Ex. A at 1–4, Case No. 6:13-cv-507 (Sept. 12, 2014) [Dkt. No. 248-1]) (disclosing that Plaintiff intended to rely on the "Declaration of Esmael H. Dinan, Ph.D")).  The process that was agreed to and followed by all parties in the earlier cases was the same process adopted in this case.  *See* Ex. 6 (July 12, 2106 email from Plaintiff's counsel (agreeing to follow the same disclosure process as used in the prior *CCE* case)).  CCE simply elected to not to identify an expert prior to the deadline in this case (and for two months thereafter).

In contrast to Plaintiff, Defendants properly disclosed their expert and his opinions.  In the JCCS, Defendants identified Dr. Andrew Singer by name and described—claim term by claim term—the expert opinions he would offer.  Dkt. No. 209 at 4; Dkt. No. 209-2 at 1–9; *see also* Ex. 7 at 9–11 (Defendants' 4-2 Disclosures).  For example, with respect to the "redundancy version signaling module" term of the '022 patent, Defendants included the following disclosure:

> **Extrinsic Evidence**:  Declaration testimony from Dr. Andrew Singer that the '022 patent specification does not disclose to a person of ordinary skill in the art a sufficient structure or algorithm for performing the claimed function, and therefore only describes at most the functional result without disclosing the requisite corresponding structure or algorithm for performing it.

Dkt. No. 209-2 at 1.  Defendants provided similar descriptions for every claim term Dr. Singer addressed in his declaration.  *Id.* at 1–9; Dkt. No. 265-1.  Defendants' disclosure is precisely what the Patent Rules require.  *See Phoenix Licensing*, 2015 WL 11110605, at *1–2 (allowing certain defendants to rely on expert declaration because they identified their expert by name in a draft JCCS and included a brief description of the indefiniteness opinions he intended to offer);

*Nexus Display Techs. LLC v. Dell Inc.*, No. 2:14-CV-762-RWS, 2015 WL 5578735, at *1 (E.D.

Tex. Sept. 22, 2015) (denying motion to strike where offering party identified expert by name in

JCCS, along with summary of expert's anticipated testimony for specific claim terms).   In

contrast, Plaintiff did not identify any expert by name and did not identify specific claim terms to

be addressed in any expert declaration.

Plaintiff would not be unfairly prejudiced if the Kesan Declaration is stricken.   The

Kesan Declaration merely repeats the same claim construction positions that Plaintiff already

presented in its Opening Brief.   On the other hand, Defendants will be unfairly prejudiced if

Plaintiff is permitted to rely on the Kesan Declaration.   Plaintiff effectively kept Defendants in

the dark as to Dr. Kesan's identity and the substance of his opinions until Plaintiff's final claim

construction brief.   By delaying this disclosure, Plaintiff has diverted Defendants' attention

during the very short time period allotted for preparing Defendants' Sur-reply Claim

Construction Brief.   Defendants had to spend time drafting this motion, drafting multiple emails

to Plaintiff concerning the substance of this motion, and scrambling to investigate Dr. Kesan's

background and alleged expertise.   Also, Defendants will not have had the opportunity to depose

Dr. Kesan before having to file their Sur-reply Claim Construction Brief.

Moreover, the Kesan Declaration is not limited to the rebuttal of Defendants'

indefiniteness arguments, which was the clear directive of the DCO with respect to Plaintiff's

Reply Brief.  It also addresses Plaintiff's affirmative claim construction positions.  For instance,

the Kesan Declaration includes statements concerning six different claim terms to support

Plaintiff's affirmative arguments and proposed constructions.   Plaintiff's inclusion of extrinsic

evidence, in the form of an expert declaration, for the first time with Plaintiff's Reply Brief is

both improper and prejudicial.  If Plaintiff intended to rely on an expert declaration to support its

affirmative claim construction positions, it should have introduced such evidence with its opening claim construction brief.  By choosing to lay behind the log until long after the deadline for disclosure (and for the filing of Plaintiff's Opening Brief) had passed, Defendants did not have a fair opportunity to address Dr. Kesan's opinions about Plaintiff's affirmative positions during the proper course of the claim construction process.

## IV.    CONCLUSION

For the foregoing reasons, the Court should strike the Kesan Declaration (Dkt. No. 296-1) and all references thereto in Plaintiff's claim construction briefing.  Defendants also request that the Court order Plaintiff to pay Defendants' attorneys' fees and costs incurred in bringing this motion.  To the extent the Court does not strike the Kesan Declaration, Defendants respectfully request leave to file a short, supplemental brief to address Dr. Kesan's deposition testimony.

Dated:  October18, 2016                                   Respectfully submitted,

| | |
|---|---|
| */s/ Christopher W. Kennerly*<br>Christopher W. Kennerly<br>TX Bar No. 00795077<br>chriskennerly@paulhastings.com<br>Jonas P. Herrell (*pro hac vice*)<br>CA Bar No. 279075<br>jonasherrell@paulhastings.com<br>PAUL HASTINGS LLP<br>1117 S. California Ave.<br>Palo Alto, CA  94304-1106<br>Telephone: (650) 320-1800<br>Facsimile: (650) 320-1900<br><br>Jeffrey D. Comeau<br>CA Bar No. 259679<br>jeffreycomeau@paulhastings.com<br>PAUL HASTINGS LLP<br>4747 Executive Drive<br>Twelfth Floor<br>San Diego, CA 92121-3114<br>Telephone: (858) 458-3000<br>Facsimile: (858) 458-3005<br><br>Trey Yarbrough<br>TX Bar No. 22133500<br>trey@yw-lawfirm.com<br>YARBROUGH WILCOX, PLLC<br>100 E. Ferguson St., Suite 1015<br>Tyler, Texas 75702<br>Telephone (903) 595-3111<br>Facsimile (903) 595-019<br><br>*Attorneys for AT&T Mobility LLC* | */s/ Rachelle H. Thompson*<br>Robert William Weber<br>Texas State Bar No. 21044800<br>SMITH WEBER LLP<br>5505 Plaza Drive<br>P.O. Box 6167<br>Texarkana, TX 75505<br>(903)223-5656<br>bweber@smithweber.com<br><br>Rachelle H. Thompson (*pro hac vice*)<br>MCGUIREWOODS LLP<br>434 Fayetteville Street<br>Suite 2600<br>Raleigh, NC 27611<br>(919) 755-6600<br>rthompson@mcguirewoods.com<br><br>Meghan M. Rachford (*pro hac vice*)<br>MCGUIREWOODS LLP<br>1230 Peachtree Street, Suite 2100<br>Atlanta, GA 30309<br>(404) 443-5500<br>mrachford@mcguirewoods.com<br><br>George B. Davis (*pro hac vice*)<br>MCGUIREWOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219-1129<br>(804) 775-1000<br>gdavis@mcguirewoods.com<br><br>*Attorneys for Sprint Solutions, Inc., Sprint Spectrum L.P. and Boost Mobile, LLC* |
| */s/ Douglas J. Dixon*<br>John C. Hueston (*pro hac vice*)<br>Douglas J. Dixon (*pro hac vice*)<br>HUESTON HENNIGAN LLP<br>620 Newport Center Dr., Suite 1300<br>Newport Beach, CA 92660<br>Telephone: (949) 226-6741<br>DDixon@hueston.com<br>JHueston@hueston.com<br><br>Alexander C.D. Giza<br>CA Bar No. 212327 (Admitted E.D. Tex.)<br>Zachary T. Elsea (*pro hac vice*)<br>HUESTON HENNIGAN LLP<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014 | */s/ Sarah J. Kalemeris*<br>Michael E. Jones<br>State Bar No. 10929400 mikejones@potterminton.com<br>Patrick C. Clutter, IV<br>State Bar No. 24036374<br>patrickclutter@potterminton.com<br>Potter Minton, P.C.<br>110 N. College Ave., Suite 500<br>Tyler, Texas 75702<br>Tel: (903) 597-8311<br>Fax: (903) 593-0846<br><br>Thomas M. Dunham<br>D.C. Bar No. 448407<br>tdunham@winston.com<br>WINSTON & STRAWN LLP |

| | |
|---|---|
| Telephone: (213) 788-4340<br>agiza@hueston.com<br><br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>*Attorneys for T-Mobile USA, Inc. and T-Mobile US, Inc.* | 1700 K Street, N.W.<br>Washington, D.C. 20006-3817<br>Tel: (202) 282-5000<br>Fax: (202) 282-5100<br><br>Sarah J. Kalemeris<br>Illinois State Bar No. 6303644<br>skalemeris@winston.com<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700<br><br>*Attorneys for Cellco Partnership d/b/a Verizon Wireless* |
| */s/ Jacob K. Baron*<br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>McKOOL SMITH, P.C.<br>104 East Houston, Suite 300<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Fax: (903) 923-9099<br><br>Joshua C. Krumholz (*pro hac vice*)<br>joshua.krumholz@hklaw.com<br>Jacob K. Baron<br>jacob.baron@hklaw.com<br>Jacob W.S. Schneider (*pro hac vice*)<br>jacob.schneider@hklaw.com<br>Allison M. Lucier (*pro hac vice*)<br>allison.lucier@hklaw.com<br>HOLLAND & KNIGHT LLP<br>10 Saint James Avenue; 11th Floor<br>Boston, MA 02116<br>Telephone: (617)523-2700<br>Facsimile: (617)523-6850<br><br>*Counsel for Ericsson Inc. and Telefonaktiebolaget LM Ericsson* | */s/ David A. Nelson*<br>David A. Nelson<br>Illinois State Bar No. 6209623<br>davenelson@quinnemanuel.com<br>Michelle R. Schmit<br>Illinois State Bar No. 6313919<br>michelleschmit@quinnemanuel.com<br>Kenneth K. Suh<br>Texas Bar No. 24070701<br>Kennethsuh@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan LLP<br>500 West Madison Street, Suite 2450<br>Chicago, IL 60661<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401<br><br>Michael E. Jones<br>State Bar No. 10929400<br>POTTER MINTON, P.C.<br>110 N. College Avenue<br>Suite 500<br>Tyler, Texas 75702<br>Tele: (903) 597-8311<br>Fax: (903) 593-0846<br>mikejones@potterminton.com<br><br>*Attorneys for ALU-Lucent USA Inc.* |
| */s/ Eric H. Findlay*<br>Douglas E. Lumish<br>Jeffrey G. Homrig<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA  94025-1008<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br>doug.lumish@lw.com<br>jeff.homrig@lw.com | */s/ Steven A. Moore*<br>Callie A. Bjurstrom (CA SBN 137816)<br>callie.bjurstrom@pillsburylaw.com<br>Steven A. Moore (CA SBN 232114)<br>steve.moore@pillsburylaw.com<br>Nicole S. Cunningham (CA SBN 234390)<br>nicole.cunningham@pillsburylaw.com<br>Matthew R. Stephens (CA SBN 288223)<br>matthew.stephens@pillsburylaw.com<br>PILLSBURY WINTHROP SHAW PITTMAN LLP |

| | |
|---|---|
| Joseph H. Lee<br>LATHAM & WATKINS LLP<br>650 Town Center Drive<br>20th Floor<br>Costa Mesa, CA  92626-1925<br>Telephone: (714) 540-1235<br>Facsimile: (714) 755-8290<br>joseph.lee@lw.com<br><br>Cassius K. Sims<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, NY  10022-4834<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>cassius.sims@lw.com<br><br>Eric H. Findlay (Bar No. 00789886)<br>FINDLAY CRAFT PC<br>102 N. College Avenue, Suite 900<br>Tyler, TX  75702<br>Telephone:  (903) 534-1100<br>Facsimile: (903) 534-1137<br>efindlay@findlaycraft.com<br><br>*Attorneys for Apple Inc.* | 501 West Broadway, Suite 1100<br>San Diego, CA 92101<br>Phone: 619.544.3119<br>Fax: 619-236-1995<br><br>*Attorneys for HTC Corporation, HTC America, Inc., and ZTE (USA) Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2016, I caused the foregoing to be electronically

served on all counsel of record who are deemed to have consented to electronic service.

/s/ *Christopher W. Kennerly*
Christopher W. Kennerly

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for Defendants made a good faith

attempt to resolve the matters raised by this motion, but Plaintiff elected to ignore these requests.

Specifically, Defendants informed Plaintiff of their intention to move to strike the Kesan

Declaration last Friday morning, October 14, and requested a meet and confer if Plaintiff did not

agree to withdraw the Kesan Declaration.  Plaintiff's counsel did not respond on Friday the 14th,

nor did it respond to Defendants' request over the weekend.  However, Plaintiff served

interrogatories on Defendants on the afternoon of Sunday, October 16, 2016.  After several

additional requests from Defendants' counsel on Monday, October 17, 2016, Plaintiff's counsel

finally responded that evening, but that response did not provide a time to meet and confer.

Instead, Plaintiff conveyed their opposition to the requested relief and argued that its disclosure

of Dr. Kesan and the Kesan Declaration was proper.  Two hours later, Defendants' counsel

responded and again requested Plaintiff's availability to meet and confer on Tuesday, October

18, 2016.  After Plaintiff failed to respond, Defendants' counsel renewed their request to meet

and confer on Tuesday, October 18, 2016—the day Defendants' Claim Construction Sur-reply

Brief was due to be filed, and less than two weeks before the scheduled claim construction

hearing.  Shortly before the close of business on Tuesday, October 18, Plaintiff declined

Defendants' invitation, claiming they did not have any availability until later in the week.

In light of the urgency of this motion in view of the upcoming claim construction hearing,

Plaintiff's lack of short-term availability, and Plaintiff's opposition to-date, Defendants filed this

motion.  In an ongoing effort to resolve the dispute without the Court's assistance, Defendants

have also informed Plaintiff that they are willing to continue discussing the issues raised in this

motion at Plaintiff's first availability later this week, which I understand is Thursday.  If the

parties are able to resolve their dispute through meet and confer, Defendants will promptly

withdraw the motion.

/s/ *Christopher W. Kennerly*
Christopher W. Kennerly

12