**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § § § § § § § § | C.A. No. 2:15-cv-00576 LEAD CONSOLIDATED CASE |
| Plaintiff, | | |
| | | **JURY TRIAL DEMANDED** |
| v. | | |
| AT&T INC., et al. | | **ORAL ARGUMENT REQUESTED** |
| Defendants. | | |

**APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

    A. The Facts Of CCE's Standard-Setting Disclosure Breach Are Already At Issue In This Case. ............................................................................................. 2

    B. Discovery In This Case Has Not Progressed Very Far. .......................................... 4

III. LEGAL STANDARDS ........................................................................................................ 5

IV. GOOD CAUSE EXISTS FOR APPLE'S PROPOSED AMENDED PLEADING. .......... 6

    A. Apple Seeks Leave to Amend To Efficiently Try Its Disclosure Breach Claim In A Single Jury Trial. ................................................................................. 7

    B. Apple's Proposed Amendment Is Important Because It Will Permit Apple To Exercise Its Seventh Amendment Right To A Jury Trial. ................................ 8

    C. CCE Will Not Suffer Any Prejudice, Because The Facts Underlying Apple's Breach Of Contract Claim Are Already At Issue. ..................................... 9

    D. Apple's Proposed Amendment Will Not Require A Continuance. ...................... 10

V. THE COURT SHOULD GRANT LEAVE TO AMEND UNDER FEDERAL RULE OF CIVIL PROCEDURE 15 ............................................................................... 11

VI. CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

Page

**CASES**

*Cellular Communications Equip. LLC v. Apple Inc., et al.*, E.D. Tex. Case No. 14-cv-251 ........... 1

*Colindres v. QuitFlex Mfg.*,
    235 F.R.D. 347 (S.D. Tex. 2006) ................................................................................................ 8

*Comput. Acceleration Corp. v. Microsoft Corp.*,
    481 F. Supp. 2d 620 (E.D. Tex. 2007) ...................................................................................... 10

*Conceal City, L.L.C. v. Looper Law Enf't, LLC*,
    Case No. 3:10-cv-2506, 2013 WL 5786281 (N.D. Tex. Oct. 28, 2013) ..................................... 5

*Fahim v. Marriott Hotel Servs., Inc.*,
    551 F.3d 344 (5th Cir. 2008) .................................................................................................. 5, 6

*Garcia v. Aramark Corr. Servs., Inc.*,
    No. 3:07-cv-00444, 2008 WL 7627809 (S.D. Tex. Apr. 28, 2008) .......................................... 9

*Geiserman v. MacDonald*,
    893 F.2d 787 (5th Cir. 1990) ..................................................................................................... 5

*In re Am. Int'l Refinery, Inc.*,
    676 F.3d 455 (5th Cir. 2012) ................................................................................................... 11

*In re Indus. Print Techs., LLC Patent Litig.*,
    No. CV 3:15-MD-2614-M, 2015 WL 5918964 (N.D. Tex. Oct. 7, 2015) .............................. 11

*Jacobsen v. Osborne*,
    133 F.3d 315 (5th Cir. 1998) ..................................................................................................... 6

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
    No. 206 CV 272, 2008 WL 1930299 (E.D. Tex. Apr. 30, 2008) .............................................. 9

*Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*,
    251 F.R.D. 238 (E.D. Tex. 2008) .............................................................................................. 9

*Reyes v. N. Tex. Tollway Auth.*,
    No. 3:10-CV-0868-G, 2015 WL 4939726 (N.D. Tex. Aug. 19, 2015) ..................................... 8

*S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*,
    315 F.3d 533 (5th Cir. 2003) .................................................................................................. 5, 6

*Script Sec. Sols., LLC v. Amazon.com, Inc.*,
    No. 2:15-CV-1030-WCB, 2016 WL 5916627 (E.D. Tex. Oct. 11, 2016) ............................. 8, 9

## TABLE OF AUTHORITIES
(continued)

Page

*Stripling v. Jordan Prod. Co., LLC*,
   234 F.3d 863 (5th Cir. 2000) ...................................................................................................6

*Swofford v. B & W, Inc.*,
   336 F.2d 406 (5th Cir. 1964) ...................................................................................................7

*Whitmire v. Victus Ltd.*,
   212 F.3d 885 (5th Cir. 2000) ...................................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ...................................................................................................... 1, 9, 11

Fed. R. Civ. P. 15(a) .................................................................................................. 5, 6, 11

Fed. R. Civ. P. 16 ............................................................................................................ passim

Fed. R. Civ. P. 16(b) ............................................................................................................. 5

Fed. R. Civ. P. 16(b)(4) ........................................................................................................ 5

Fed. R. Civ. P. 30(b)(6) ...................................................................................................... 10

L.R. CV-7(k) ........................................................................................................................ 1

Rule 52 ................................................................................................................................. 7

Seventh Amendment ............................................................................................ 6, 7, 8, 11

Defendant Apple Inc. ("Apple") respectfully seeks leave to amend its Answer to the Third Amended Complaint filed by Plaintiff Cellular Communications Equipment LLC ("CCE") on August 15, 2016 (Dkt. No. 215), which Apple answered on August 29, 2016 (Dkt. No. 231).[1] Apple respectfully requests the Court hear oral argument on its motion.

## I. INTRODUCTION

Apple seeks leave to amend its responsive pleading to assert a counterclaim for breach of contract based on the failure by CCE and its predecessors-in-interest, Nokia Siemens Networks GmbH & Co. KG, Nokia Siemens Networks Oy, Nokia Networks Oy and Nokia (collectively "Nokia Siemens") to disclose the asserted patents as required by the rules of the relevant standard-setting organization. Apple's motion should be granted because there is good cause for the proposed amendment, no prejudice to CCE, and the remaining Rule 15 factors all support allowing the amendment.

Good cause exists for Apple's amendment. The underlying facts relating to Apple's proposed counterclaim are already at issue in this case through equitable defenses Apple previously asserted in its Answer to CCE's Third Amended Complaint. *See* Dkt. No. 231 at ¶¶ 130-133. With this amendment, Apple merely seeks to add a legal claim for breach of contract—based on the same underlying conduct—to recover damages for the harm caused by CCE's assertion of the asserted patents. This amendment will allow the parties to efficiently try the breach claim in a single trial, as opposed to Apple filing the claim in a separate lawsuit or the Court holding separate bench proceedings, which proved to be inefficient in *Cellular*

---

[1] The docket entries cited in this motion are to filings in *CCE v. AT&T, et al.*, Case No. 2:15-cv-00576. Similar Third Amended Complaints and Answers were filed in the other related cases on the same dates (*CCE v. Sprint Corp.,* Case No. 2:15-cv-00579; *CCE v. T-Mobile USA, Inc.*, Case No. 2:15-cv-00580; and *CCE v. Verizon Commc'ns Inc.,* Case No. 2:15-cv-00581). Pursuant to L.R. CV-7(k), separate proposed amended answers have been simultaneously filed in this lead case and each of the above-referenced cases consolidated with this lead case.

*Communications Equip. LLC v. Apple Inc., et al.*, Eastern District of Texas Case No. 14-cv-251 ("*CCE1*"). To avoid that inefficiency, Apple wishes to exercise its Seventh Amendment right to a jury trial on the breach issue, which also constitutes good cause.

Moreover, CCE will not be prejudiced by Apple's amendment. Both sides only recently served their first sets of written discovery requests, and no fact depositions have been taken in this case. Furthermore, the amendment will not impact the scope of discovery, because Apple has already asserted equitable defenses based on the same underlying facts regarding Nokia Siemens' and CCE's standard-setting misconduct. All Apple seeks to do is add a legal claim based on the same facts that are already at issue. This cannot be prejudicial to CCE.

**II.    BACKGROUND**

    **A.    The Facts Of CCE's Standard-Setting Disclosure Breach Are Already At Issue In This Case.**

The following facts are already at issue in this case: From 2007 through 2012, Nokia Siemens filed a series of patent applications that led to the patents asserted against Apple in this case. Dkt. No. 231 at ¶ 132.[2] During that time, Nokia Siemens was an active participant in the European Telecommunications Standards Institute ("ETSI") and the Third Generation Platform Partnership ("3GPP") working groups that developed the LTE standard CCE now accuses of infringement in this lawsuit. *Id*. at ¶¶ 130-132. Among other things, Nokia Siemens made technical proposals to ETSI that included subject matter related to its asserted patents. *Id.* at ¶ 132.

As an ETSI member, Nokia Siemens agreed to be bound by ETSI's Intellectual Property Rights Policy. Clause 4.1 of the ETSI's Intellectual Property Rights Policy states:

---

[2] The patents asserted against Apple are United States Patent Nos. 8,457,022 ("the '022 patent"), 8,570,957 ("the '957 patent"), 8,867,472 ("the '472 patent") and 8,457,676 ("the '676 patent") (collectively the "asserted patents").

> [E]ach MEMBER shall use its reasonable endeavors, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of ESSENTIAL IPRs in a timely fashion. In particular, a MEMBER submitting a technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted.

*Id*. at ¶ 132.

CCE claims the asserted patents are essential to various ETSI and 3GPP standards. *Id*. at ¶ 131. However, Nokia Siemens failed to disclose the patent applications that resulted in the asserted patents to ETSI in a timely fashion as required by Clause 4.1, and also failed to identify any of its intellectual property rights that might be essential if any of its technical proposals were adopted by ETSI. *Id*. at ¶ 132. Indeed, even after the applications for the asserted patents were filed, Nokia Siemens representatives continued to attend working group meetings, make technical proposals related to the subject matter of the asserted patents, and otherwise participate in the development of the LTE standard. *Id*. However, Nokia Siemens did not disclose the patent applications for the asserted patents until <u>after</u> ETSI published the LTE standard—the same standard CCE now alleges infringes the asserted patents. *Id*.

Nokia Siemens had a contractual obligation to disclose the applications that led to the asserted patents to ETSI and its membership in a timely fashion. As Nokia Siemens' successor-in-interest to the asserted patents and pursuant to agreements it entered with Nokia Siemens, CCE is bound by that contractual obligation. By failing to disclose the patent rights that it now claims are essential to the 3GPP or LTE standards and by asserting those patent rights against Apple, CCE violated its contractual obligations, causing significant harm to Apple. Among other things, Apple has been forced to expend resources defending CCE's claims in this lawsuit.

These breaches of ETSI's intellectual property disclosure policies by CCE and its predecessors-in-interest warrant a separate counterclaim for breach of contract.

### B. Discovery In This Case Has Not Progressed Very Far.

CCE filed this lawsuit against Apple and other defendants on April 30, 2015, alleging infringement of three of the four patents currently asserted against Apple. Dkt. No. 1. On July 22, 2015, CCE filed a First Amended Complaint to assert another patent against Apple and other defendants. Dkt. No. 15. On November 12, 2015, CCE filed a Second Amended Complaint to add another patent (U.S. Patent No. 9,078,262) against defendants other than Apple. Dkt. No. 86. Apple filed its Answer to CCE's Second Amended Complaint on November 30, 2015. Dkt. No. 104.

On January 28, 2016, the Court consolidated cases 2:15-cv-00576, -00579, -00580 and -00581 for all pre-trial issues except venue. Dkt. No. 125. On August 15, 2016, the last day to file amended pleadings without seeking leave of Court, CCE filed its Third Amended Complaint, adding and removing certain accused products for various defendants. Dkt. No. 215. On August 29, 2016—just two months ago—Apple filed its Answer to CCE's Third Amended Complaint. Dkt. No. 231.

The claim construction hearing currently is scheduled for November 29, 2016, and the deadline to complete fact discovery is November 28, 2016. Dkt. No. 273. However, very little discovery has been conducted to date. CCE served its first set of common written discovery requests to all defendants on July 20, 2016, and its first set of specific written discovery requests to Apple on October 20, 2016. *See* Declaration of Richard T. Mulloy ("Mulloy Decl.") at ¶ 2. CCE issued its first 30(b)(6) deposition notice to Apple on October 24, 2016 (Mulloy Decl. at ¶

3), and no Apple or CCE fact witnesses have been deposed in this case yet.[3] Given that virtually all of the discovery in this case remains to be conducted, and given that the same underlying factual issues in Apple's proposed counterclaim are already at issue through Apple's equitable defenses, allowing the amendment will not impact the scope of any remaining discovery by either side.

### III.  LEGAL STANDARDS

This motion for leave to amend is governed by Fed. R. Civ. P. 16(b) and 15(a). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Fed. R. Civ. P. 16(b)(4), a motion for leave to file an amended pleading after the deadline in the scheduling order should be granted if there is good cause. The Fifth Circuit has held that Rule 16 gives trial courts "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).

In deciding whether good cause exists for an amendment under Rule 16, district courts should consider "(1) the explanation for the [party's] failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (*citing Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)). "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Conceal City, L.L.C. v. Looper Law Enf't, LLC*, Case No. 3:10-cv-2506, 2013 WL 5786281, at *3 (N.D. Tex. Oct. 28, 2013) (*citing EEOC*

---

[3] On October 26, 2016, counsel for Apple asked CCE's counsel whether it would oppose Apple's amendment. Mulloy Decl. at ¶ 4. On November 1, 2016, CCE's counsel indicated CCE opposes Apple's motion.

*v. Serv. Temps, Inc.*, No. 3:08-CV-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)) (internal quotation marks omitted).

Once good cause is demonstrated, the more liberal standards of Rule 15(a) of the Federal Rules of Civil Procedure apply to the district court's decision to grant or deny leave to amend. *S&W Enters.*, 315 F.3d at 536; *see also Fahim,* 551 F.3d at 348. Under Rule 15(a), a district court should "freely give leave" for a party to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The request should not be denied under Rule 15(a) "unless there is a substantial reason to do so." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (*quoting Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). Indeed, Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)). In particular, courts consider whether there is evidence of the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### IV. GOOD CAUSE EXISTS FOR APPLE'S PROPOSED AMENDED PLEADING.

The four factors enumerated by the Fifth Circuit in evaluating good cause under Rule 16 all favor allowing Apple to amend its pleading to assert the counterclaim. <u>First</u>, Apple seeks to amend so that the disclosure breach claim can be efficiently tried to the jury in a single trial, rather than in separate proceedings, which the recent *CCE1* trial demonstrated was inefficient. <u>Second</u>, Apple's proposed amendment is important, because it will permit Apple to exercise its Seventh Amendment right to a jury trial on its breach claim. <u>Third</u>, there is no prejudice to CCE

in allowing the amendment, because the facts supporting Apple's claim are already at issue in this case. Permitting Apple to exercise its Constitutional right to a jury trial is not prejudice to CCE. <u>Fourth</u>, no continuance is necessary—because so little discovery has been done, the parties can simply proceed through the rest of fact discovery and prepare for trial. This is especially true here because the underlying facts are already at issue in discovery.

    **A.    Apple Seeks Leave to Amend To Efficiently Try Its Disclosure Breach Claim In A Single Jury Trial.**

On the first good cause factor, the recent *CCE1* trial demonstrated the inefficiency in holding separate bench proceedings on the disclosure issue. In that trial, which occurred after the August 15, 2016 due date for amending pleadings in this case, Apple raised an equitable defense based on the failure to disclose the asserted patent, but did not assert a breach of contract counterclaim. *See CCE1,* Dkt. No. 354 at 1-10 (Apple's Rule 52 motion regarding bench trial issues). Although Apple proposed to present the disclosure issue to the jury, at least on an advisory basis, CCE opposed and the Court heard testimony relating to that issue in separate bench proceedings as the trial progressed. *See CCE1*, Dkt. No. 239, Ex. F at 8 (standard-setting breach questions included in Defendants' proposed verdict form); Dkt. No. 300 at 22:23-24:9 (testimony on equitable issues reserved for the Court). As a result, witnesses had to be re-called at the end of each day after the jury had been dismissed, sometimes for expected testimony of only ten minutes. *See CCE1*, Dkt. No. 308, Trial Tr. Sept. 12, 2016 p.m. Session at 53:9-54:10. It would have been more efficient to present such testimony in a single, continuous examination, allowing the witnesses to be immediately dismissed after their jury testimony. Following the *CCE1* trial, Apple wishes to exercise its Seventh Amendment right to a jury trial and avoid the inefficiency of separate bench proceedings on the disclosure breach issue. *See Swofford v. B & W, Inc.*, 336 F.2d 406, 414 (5th Cir. 1964) (Supreme Court and Fifth Circuit resolving problem

presented when legal and equitable claims or remedies are involved in the same case "by requiring the factual issues common to the 'legal' claims, or remedies, and the 'equitable' claims, or remedies, to be tried by a jury"); *Colindres v. QuitFlex Mfg.*, 235 F.R.D. 347, 370 (S.D. Tex. 2006) ("The Seventh Amendment requires submission to a jury of all factual issues common to legal and equitable claims, for determination of the legal claims, before a final court decision regarding the equitable claims.") (citing *Roscello v. Southwest Airlines Co*., 726 F.2d 217, 221 (5th Cir.1984)).

> B. **Apple's Proposed Amendment Is Important Because It Will Permit Apple To Exercise Its Seventh Amendment Right To A Jury Trial.**

The importance of Apple's proposed amendment weighs heavily in favor of permitting Apple to amend its pleading. *Script Sec. Sols., LLC v. Amazon.com, Inc*., No. 2:15-CV-1030-WCB, 2016 WL 5916627, at *2-3 (E.D. Tex. Oct. 11, 2016) (granting leave to amend answer under Rule 16 where "explanation for the untimely filing of the motion to amend" factor weighed against movant, but the "importance" and "potential prejudice" factors weighed in favor of movant). Apple's proposed amendment is important for at least three reasons.

First, Apple's amendment is important because it will ensure that Apple can exercise its Constitutional right to a jury trial on the disclosure breach issues. Denying Apple leave to amend would leave it with only equitable defenses, thus undermining its Seventh Amendment rights.

Second, Apple's amendment is important because it will permit the parties to efficiently try the disclosure breach claim to the jury in a single trial, rather than forcing Apple to file the claim in a separate lawsuit against CCE. Judicial efficiency is a primary basis upon which amendments are allowed, especially those amendments that merely conform the pleadings to the facts of a particular case. *Reyes v. N. Tex. Tollway Auth.,* No. 3:10-CV-0868-G, 2015 WL

4939726, at *3 (N.D. Tex. Aug. 19, 2015) ("granting leave to amend [under Rule 16] would ensure those with ostensibly valid claims the possibility of a remedy and promote judicial efficiency by minimizing subsequent lawsuits arising out of the same factual circumstances"); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 206 CV 272, 2008 WL 1930299, at *2-3 (E.D. Tex. Apr. 30, 2008) (granting leave to amend under Rule 15, finding amendment "serves the interest of justice and preserves judicial economy by providing one forum to resolve these related issues expeditiously").

<u>Third</u>, Apple's amendment is important to allow it recover the damages it has incurred due to CCE's misconduct. Where, as here, an amended pleading provides for an additional remedy owed to the movant, the importance factor favors permitting the amendment. *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 244-45 (E.D. Tex. 2008) (granting leave to amend answer under Rule 15 to add contractual limitation of remedies defenses); *Garcia v. Aramark Corr. Servs., Inc.*, No. 3:07-cv-00444, 2008 WL 7627809, at *5 (S.D. Tex. Apr. 28, 2008) (granting leave to amend under Rule 15 and holding that when a party "seeks to amend a complaint to state a new legal theory of relief, leave to amend shall be freely granted"). The importance of Apple's amendment weighs heavily in favor of granting leave to amend.

  **C.**  **CCE Will Not Suffer Any Prejudice, Because The Facts Underlying Apple's Breach Of Contract Claim Are Already At Issue.**

There is no potential prejudice to CCE if Apple is permitted to add the proposed counterclaim. As demonstrated above, the facts underlying Apple's counterclaim are already at issue in its equitable defenses (*see* Dkt. No. 231 at ¶¶ 130-133), so the scope of discovery will not change if the Court allows the amendment. *See Script Sec. Sols.*, 2016 WL 5916627, at *4 (finding no prejudice from amendment because "this is not a case in which the defendant's

attempt to raise defenses based on the May 31 licensing agreement comes as a complete surprise to [plaintiff]"). In fact, the only change that Apple's amendment would bring to the case is to add a legal claim based on the same facts. Apple's exercise of its Constitutional right to a jury on CCE's standard-setting misconduct is not prejudice to CCE.

CCE also will suffer no prejudice from Apple's proposed amendment because fact discovery is still in its early stages, despite the passage of time since CCE filed its original complaint. To date, no fact depositions have been taken by either CCE or Apple, and CCE only recently served a broad Rule 30(b)(6) notice on Apple seeking depositions of Apple's corporate witnesses on more than 100 topics. As such, CCE will suffer no prejudice from the proposed amendment. *See Comput. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007) ("To the court's knowledge, CAC has not yet taken a single deposition of a Microsoft witness. These factors indicate that any prejudice is not great."). The lack of prejudice to CCE weighs heavily in favor of granting Apple leave to amend.

### D. Apple's Proposed Amendment Will Not Require A Continuance.

The final factor in the good cause analysis also weighs in favor of granting leave to amend, because no continuance is necessary and no changes need to be made to the case schedule based on this amendment.[4] Because no fact depositions have taken place and because the underlying facts were already at issue in the case, CCE has ample time to conduct any discovery that it believes is required for Apple's counterclaim. And in any event, the counterclaim is based on acts committed by CCE and its predecessor-in-interest, Nokia Siemens,

---

[4] Before this motion was filed, the parties jointly requested, and the Court ordered, that the *Markman* hearing in this case be postponed four weeks to November 29 to accommodate certain expert discovery and additional briefing regarding the claim construction issues. Those scheduling changes have nothing to do with the issues in this Motion, but they further underscore the lack of any prejudice to CCE based on Apple's proposed amendment.

which has been assisting CCE in the prosecution of this lawsuit. So the relevant facts are (and always have been) within CCE's control, not Apple's. Thus, Apple does not request and does not need any extension of the schedule in this case based on its proposed amendment.

## V. THE COURT SHOULD GRANT LEAVE TO AMEND UNDER FEDERAL RULE OF CIVIL PROCEDURE 15.

Having satisfied the good cause requirement of Federal Rule of Civil Procedure 16, Apple requests that leave to amend be granted under Federal Rule 15. Under Rule 15(a), a district court should "freely give leave" for a party to amend the pleadings "when justice so requires." A court deciding whether to grant leave should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). Unless the non-moving party can show one of these factors, leave should be freely given. *In re Indus. Print Techs., LLC Patent Litig.*, No. CV 3:15-MD-2614-M, 2015 WL 5918964, at *2 (N.D. Tex. Oct. 7, 2015).

Here, each of the Rule 15 factors weigh strongly in favor of granting leave to amend. First, there is no undue delay, bad faith, or dilatory motive by Apple. Apple seeks to exercise its Seventh Amendment right in light of how trial was conducted in *CCE1*. Second, Apple has not repeatedly failed to cure deficiencies by previously allowed amendments. This is Apple's first request for leave to amend, and CCE has never challenged any of Apple's prior pleadings. Third, as demonstrated above, there is no undue prejudice to CCE because the underlying facts are already at issue in this case. Also, with fact discovery just beginning, CCE will have ample time to investigate and prepare its defense to Apple's counterclaim. Fourth, the proposed

counterclaim is not futile because Apple has sufficiently pled all elements of the claim. The Court should therefore grant Apple's request for leave to amend.

## VI. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant its Motion for Leave to Amend its Answer to CCE's Third Amended Complaint. Apple also respectfully requests oral argument regarding this Motion.

Dated: November 8, 2016                     Respectfully submitted,

By: */s/ Richard T. Mulloy*

David M. Prichard
Texas Bar No. 16317900
dprichard@phy-law.com
**PRICHARD, HAWKINS & YOUNG, L.L.P.**
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 – Telephone
(210) 477-7450 – Facsimile

Eric H. Findlay (Bar No. 00789886)
**FINDLAY CRAFT, P.C.**
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

John Allcock (*pro hac vice*)
Sean C. Cunningham (*pro hac vice*)
Richard T. Mulloy (*pro hac vice*)
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA. 92101
Telephone: 619-699-2700
Fax: 619-699-2701

**ATTORNEYS FOR DEFENDANT APPLE INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November 2016, a true and correct copy of this document was served on all parties of record via the Court's Electronic Filing System.

*/s/ Richard T. Mulloy*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) regarding the subject matter of this motion, which is opposed by CCE. Counsel for CCE and Apple telephonically met and conferred on Wednesday, October 26, 2016. The participants on the call were Richard T. Mulloy of DLA Piper LLP for Apple and Terry A. Saad of Bragalone Conroy PC for CCE. Counsel for CCE expressed that CCE would oppose the relief sought in Apple's motion. On November 1, 2016, CCE's counsel confirmed again via electronic mail that CCE opposes Apple's motion, and thus discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Richard T. Mulloy*