**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC., et al., <br><br> Defendants | Civil Action No. 2:15-cv-00576-RWS-RSP <br> CONSOLIDATED LEAD CASE <br><br> JURY TRIAL DEMANDED |

**DEFENDANT APPLE INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple") answers Plaintiff Cellular Communications Equipment LLC's ("CCE") Third Amended Complaint ("Complaint") as follows.  CCE's opening paragraph and Introduction do not themselves appear to contain any allegations requiring a response. Apple admits that CCE's pleading purports to be a complaint for patent infringement, but denies Apple has infringed any valid and enforceable patent claim or that CCE is entitled to any relief. Except as expressly admitted, Apple denies each and every allegation in CCE's Complaint. Apple's specific responses to the numbered allegations are set forth below.

**THE PARTIES**

1.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

3.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

4.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

5.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

6.      Apple admits that it is a California corporation with its principal place of business in Cupertino, California.  Apple admits that it has been served with process and has appeared in this case.  Apple admits that it has conducted business in the State of Texas and in the Eastern District of Texas.

7.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

8.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

9.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## JURISDICTION AND VENUE

10.      The allegations of this paragraph set forth legal conclusions to which no response is required.  Apple admits that CCE's Complaint alleges infringement under the United States patent laws.  Apple denies any remaining allegations of this paragraph.

11.      Apple admits that this Court has subject matter jurisdiction over patent law claims.  Consistent with denial of the allegations of paragraphs 22, 37, 52, and 67 below, on information and belief, Apple is without knowledge or information sufficient to form a belief as to whether this Court has subject matter jurisdiction over CCE's patent claims in this particular case and denies any remaining allegations in this paragraph.

12.     Apple admits, for purposes of this action only, that venue is proper in the Eastern District of Texas, but denies that this District is the most convenient forum for this case.  Apple admits that it has conducted business in the Eastern District of Texas.  Apple denies any remaining allegations of this paragraph.

13.     Apple admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas and in the Eastern District of Texas.  To the extent the remaining allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

14.     Apple admits that its mobile products and related services have been marketed, sold, distributed, and used in the State of Texas and in the Eastern District of Texas.  Apple admits, for the purposes of this action only, that venue is proper in the Eastern District of Texas but denies that this District is the most convenient forum for this case.  To the extent the remaining allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

15.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

16.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

17.     Apple admits that it maintains its Americas Operations Center in Austin, Texas and that it provides technical and customer support for its products and related services in the State of Texas.  Apple admits that it owns or operates stores in the State of Texas and in the Eastern District of Texas.  To the extent the remaining allegations of this paragraph are directed at Apple, Apple denies them.

18.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

19.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

20.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,457,022)

21.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 20 as if fully set forth herein.

22.     Apple admits that U.S. Patent No. 8,457,022 (the "'022 patent") is titled "Method and Apparatus for Providing Signaling of Redundancy Versions." Apple denies that the '022 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '022 patent and therefore denies these allegations.  Apple denies any remaining allegations of this paragraph.

23.     Apple admits that the '022 patent states that it was issued from U.S. Patent Application No. 12/564,536.  Apple denies all other allegations of this paragraph.

24.     Apple denies that it infringes the '022 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.   To the extent the allegations of this

paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

25.     Apple denies that it directly infringes the '022 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

26.     Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '022 patent as of December 2012.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

27.     Apple denies that it indirectly infringes the '022 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

28.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

29.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

30.     Apple admits that its accused products include proprietary hardware and software. To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of this paragraph.

31.     Apple admits that its accused products contain a baseband processor.  To the extent the allegations of this paragraph are directed to other entities or other products, Apple is

without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies all other allegations of this paragraph.

32.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

33.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '022 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

34.     Apple admits that it sells products that are compatible with AT&T networks. Apple denies that it is liable for infringement of the '022 patent.  To the extent the allegations of this paragraph are directed to AT&T, Apple denies that AT&T is liable for infringement of the '022 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  Apple denies any remaining allegations of this paragraph.

35.     Denied.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,570,957)

36.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 20 as if fully set forth herein.

37.     Apple admits that U.S. Patent No. 8,570,957 (the "'957 patent") is titled "Extension of Power Headroom Reporting and Trigger Conditions." Apple denies that the '957 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge

or information sufficient to form a belief as to whether CCE is the sole owner of the '957 patent and therefore denies these allegations.  Apple denies any remaining allegations of this paragraph.

38.     Apple admits that the '957 patent states that it was issued from U.S. Patent Application No. 12/382,920.  Apple denies all other allegations of this paragraph.

39.     Apple denies that it infringes the '957 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

40.     Apple denies that it directly infringes the '957 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

41.     Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '957 patent as of August 2010.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

42.    Apple denies that it indirectly infringes the '957 patent.   To the extent the allegations of this paragraph are directed at Apple, Apple denies them.   To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

43.    To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

44.    To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

45.    Apple admits that its accused products include proprietary hardware and software. To the extent the allegations of this paragraph are directed to other entities in connection with

Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of this paragraph.

46.     Apple admits that its accused products contain a baseband processor.  To the extent the allegations of this paragraph are directed to other entities or other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies all other allegations of this paragraph.

47.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

48.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '957 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

49.     Apple admits that it sells products that are compatible with AT&T networks. Apple denies that it is liable for infringement of the '957 patent.  To the extent the allegations of this paragraph are directed to AT&T, Apple denies that AT&T is liable for infringement of the '957 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  To the extent the allegations of this paragraph are directed to other entities, Apple is without knowledge

or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of this paragraph.

50.     Denied.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 8,867,472)

51.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 20 as if fully set forth herein.

52.     Apple admits that U.S. Patent No. 8,867,472 (the "'472 patent") is titled "Signalling of Channel Information." Apple denies that the '472 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '472 patent and therefore denies these allegations.  Apple denies any remaining allegations of this paragraph.

53.     Apple admits that the '472 patent states that it was issued from U.S. Patent Application No. 13/637,222.  Apple denies all other allegations of this paragraph.

54.     Apple denies that it infringes the '472 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

55.     Apple denies that it directly infringes the '472 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused

products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

56.     Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '472 patent as of March 2013.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

57.     Apple denies that it indirectly infringes the '472 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

58.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

59.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

60.     Apple admits that its accused products include proprietary hardware and software.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '472 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of this paragraph.

61.     Apple admits that its accused products contain a baseband processor.  To the extent the allegations of this paragraph are directed to other entities or other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies all other allegations of this paragraph.

62.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

63.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with

Apple's accused products infringe the '472 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

64.     Apple admits that it sells products that are compatible with AT&T networks. Apple denies that it is liable for infringement of the '472 patent.  To the extent the allegations of this paragraph are directed to AT&T, Apple denies that AT&T is liable for infringement of the '472 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  To the extent the allegations of this paragraph are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of this paragraph.

65.     Denied.

### COUNT IV
#### (INFRINGEMENT OF U.S. PATENT NO. 8,457,676)

66.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 20 as if fully set forth herein.

67.     Apple admits that U.S. Patent No. 8,457,676 (the "'676 patent") is titled "Power Headroom Reporting Method." Apple denies that the '676 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '676 patent and therefore denies these allegations.  Apple denies any remaining allegations of this paragraph.

68.     Apple admits that the '676 patent states that it was issued from U.S. Patent Application No. 12/665,427.  Apple denies all other allegations of this paragraph.

69.     Apple denies that it infringes the '676 patent.  To the extent the allegations of this paragraph are directed at Apple, Apple denies them.   To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

70.     Apple denies that it directly infringes the '676 patent.   To the extent the allegations of this paragraph are directed at Apple, Apple denies them.   To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.   To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

71.     Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '676 patent as of December 2012.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

72.     Apple denies that it indirectly infringes the '676 patent.   To the extent the allegations of this paragraph are directed at Apple, Apple denies them.   To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.   To the extent the allegations of this paragraph are directed to other

entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

73.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

74.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

75.     Apple admits that its accused products include proprietary hardware and software. To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of this paragraph.

76.     Apple admits that its accused products contain a baseband processor.  To the extent the allegations of this paragraph are directed to other entities or other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies all other allegations of this paragraph.

77.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

78.     To the extent the allegations of this paragraph are directed at Apple, Apple denies them.  To the extent the allegations of this paragraph are directed to other entities in connection with Apple's accused products, Apple denies that those entities' actions in connection with Apple's accused products infringe the '676 patent.  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

79.     Apple admits that it sells products that are compatible with AT&T networks.  Apple denies that it is liable for infringement of the '676 patent.  To the extent the allegations of this paragraph are directed to AT&T, Apple denies that AT&T is liable for infringement of the '676 patent for offering for sale, selling, importing and/or use of Apple mobile devices.  To the extent the allegations of this paragraph are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Apple denies any remaining allegations of this paragraph.

80.     Denied.

## COUNT V
### (INFRINGEMENT OF U.S. PATENT NO. 9,025,590)

Paragraphs 81-94 set forth allegations that are not directed to Apple, to which no response is required.  To the extent any allegations in these paragraphs are directed to Apple, Apple denies them.

## COUNT VI
(INFRINGEMENT OF U.S. PATENT NO. 9,078,262)

Paragraphs 95-108 set forth allegations that are not directed to Apple, to which no response is required.  To the extent any allegations in these paragraphs are directed to Apple, Apple denies them.

## JOINDER OF PARTIES

109.    Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 108 as if fully set forth herein.

110.    Apple admits that AT&T has purchased or otherwise acquired from Apple certain mobile devices for sale, resale, and/or distribution to its customers (and other end users).  To the extent the allegations of this paragraph are directed to other entities in connection with other products, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.   Apple denies any remaining allegations of this paragraph.

111.    Denied.

112.    Denied.

113.    Denied.

## DEMAND FOR JURY TRIAL

This paragraph sets forth CCE's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by CCE to which no response is required.   Apple denies that CCE is entitled to any relief and specifically denies all the allegations and prayers for relief contained in paragraphs (a) through (f) of CCE's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATION

Except as specifically admitted herein, Apple denies any remaining allegation in CCE's Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Apple alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.   In addition to the affirmative defenses described below, subject to its responses above, Apple specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.   CCE's Complaint does not include any allegation that Apple infringes any claim of the '590 patent or '262 patent.   Should CCE or any other party contend that CCE's allegations regarding the '590 patent or '262 patent involve Apple, Apple reserves the right to supplement this Answer, including to add those patents to each affirmative defense and counterclaim.

## FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

114.     Apple does not infringe, any valid and enforceable claim of the '022 patent, the '957 patent, the '472 patent, and the '676 patent in any manner under 35 U.S.C. § 271(a), (b), (c), and/or (f), literally or under the Doctrine of Equivalents, willfully or otherwise.   Apple has

not performed any act and is not proposing to perform any act in violation of any rights validly belonging to CCE.

115.    Certain asserted claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent recite methods and require, for direct infringement, Apple to perform every recited step of every asserted claim according to the limitations described in each asserted claim. Neither Apple itself, nor any Apple employee, performs all of the required steps of the asserted method claims while using any accused product.

116.    Apple does not indirectly infringe any asserted claim and, in particular, does not induce any third party to perform all of the required steps of the asserted method claims while using any of the accused products.

117.    Apple does not supply any component that contributes to infringement of any valid claim.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

118.    The asserted claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, et seq., including, but not limited to, one or more of the following:  35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

119.    As a first example, the asserted claims are directed to abstract ideas, rendering them invalid under 35 U.S.C. § 101.

120.    As a second example, one or more individual prior art references discloses all limitations of the asserted claims of each of the '022 patent, the '957 patent, the '472 patent, and the '676 patent, rendering them invalid as anticipated under 35 U.S.C. § 102.

121.    As a third example, combinations of prior art references disclose the limitations of each of asserted claims of each of the '022 patent, the '957 patent, the '472 patent, and the '676 patent, and a person of ordinary skill in the art at the time each of the '022 patent, the '957 patent, the '472 patent, and the '676 patent was filed, respectively, would have been motivated to combine those prior art references to achieve the subject matter recited in each asserted claim, rendering asserted claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent invalid as obvious in view of the prior art under 35 U.S.C. § 103.

### THIRD AFFIRMATIVE DEFENSE
### (Laches, Estoppel, Unclean Hands)

122.    The claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent are unenforceable as asserted, in whole or in part, by laches, estoppel, and/or unclean hands.

123.    The '022 patent issued on or around June 4, 2013.  The '957 patent issued on or around October 29, 2013.  The '472 patent issued on or around October 21, 2014.  The '676 patent issued on or around June 4, 2013.  CCE did not file this lawsuit asserting infringement of the '022 patent, the '957 patent, and the '472 patent until April 30, 2015, and it did not assert infringement of the '676 patent until July 22, 2015, even though it was aware of the accused products since the issuance of the patents.

### FOURTH AFFIRMATIVE DEFENSE
### (Notice, Damages, and Costs)

124.    CCE's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

125.    CCE is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

126.    CCE's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and CCE is not entitled to a double recovery.

## FIFTH AFFIRMATIVE DEFENSE
### (License, Patent Exhaustion)

127.    CCE's claims for relief are barred in whole or in part by express or implied license or patent exhaustion.

128.    CCE's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products, components thereof, or steps are supplied, directly or indirectly, to Apple or are imported, sold by, offered for sale by, made by, or made for, or performed by any entity or entities having an express or implied license to the '022 patent, the '957 patent, the '472 patent, and the '676 patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Contractual Limitation on Damages)

129.    Both the original patent holder, Nokia Siemens Networks ("NSN"), and the current patent holder, CCE, have declared the '022, '957, '472, and '676 patents to be essential to 3GPP and/or LTE standards and committed to license the '022, '957, '472, and '676 patents on fair, reasonable, and non-discriminatory ("FRAND") terms.  For example, NSN submitted a FRAND undertaking on or about August 2010, December 2012, and March 2013, for the '957, '022 and '676, and '472 patents, respectively.  See Third Am. Compl. at ¶¶ 26, 41, 56, 71. Apple denies that the '022, '957, '472, and '676 patents are essential to complying with 3GPP and/or LTE standards.  See Answer, supra, at ¶¶ 26, 41, 56, 71.  But to the extent that liability is found, CCE's claims for relief are limited by its obligations to license the '022, '957, '472, and '676 patents on FRAND terms.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unenforceability Due to Untimely Disclosure)

130.    The '022, '676, '957, and '472 patents are unenforceable under the doctrines of waiver, equitable estoppel, patent misuse, unclean hands, and/or other applicable equitable

doctrines based on the failure by Nokia, Nokia Siemens Networks, Nokia Networks, Siemens and their predecessors-in-interest in the patents (collectively, "Nokia") to timely disclose them during the standard-setting process at the European Telecommunications Standards Institute ("ETSI") and the Third Generation Partnership Project ("3GPP").  Nokia is the original assignee of each of these patents.  As an ETSI member participating at ETSI and 3GPP proceedings, Nokia was bound by ETSI's Intellectual Property Rights Policy.

131.    Nokia failed to timely disclose the '022, '676, '957, and '472 patents to ETSI in accordance with Clause 4.1 of the Policy.  Clause 4.1 states:  "[E]ach MEMBER shall use its reasonable endeavours, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of ESSENTIAL IPRs in a timely fashion. In particular, a MEMBER submitting a technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted." CCE has alleged in this case that the '022, '676, '957, and '472 patents are essential to various ETSI and 3GPP standards.

132.    Nokia failed to disclose its patent applications that resulted in the '022, '676, '957, and '472 patents to ETSI in accordance with Clause 4.1.  After the patent applications were filed, Nokia employees continued to attend working group meetings and participate in the standards development process but waited up to 17 months to disclose these applications to ETSI.  As summarized below, nearly all of the standards sections identified by CCE in its infringement contentions were also already adopted long before Nokia's disclosure of the patent applications that resulted in the '022, '676, '957, and '472 patents.

| Paten t | Claimed Priority | Filed | Published | Issued | Accused Standard Sections | Disclosed to ETSI |
|---|---|---|---|---|---|---|

| '022 | 2008-09-22 | 2009-09-22 | 2010-04-01 | 2013-06-04 | 36.321 v8.4.0 (Jan. 2009) 36.331 v8.4.0 (Feb. 2009) | 2010-12-20 |
| '676 | 2007-06-20 | 2010-01-22 | 2010-07-08 | 2013-06-04 | 36.133 v8.20.0 (Feb. 2013) 36.321 v8.11.0 (Jan. 2012) 36.321 v8.12.0 (Mar. 2012) 36.331 v8.11.0 (Oct. 2010) | 2010-12-22 |
| '957 | 2008-03-26 | 2009-03-26 | 2009-10-01 | 2013-10-29 | 36.133 v8.3.0 (Sept. 2008) 36.213 v8.3.0 (Nov. 2008) 36.321 v8.3.0 (Nov. 2008) | 2010-08-12 |
| '472 | 2010-03-25 | 2012-11-14 | 2013-04-11 | 2014-10-21 | 36.213 v10.7.0 (Oct. 2012) | 2013-03-07 |

133.    The '022, '676, '957, and '472 patents are unenforceable due to Nokia's failure to timely disclose these patents and their related patent applications to ETSI, in accordance with Nokia's ETSI obligations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

134.    CCE's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## RESERVATION OF AFFIRMATIVE DEFENSES

Apple hereby reserves the right to supplement affirmative defenses as discovery proceeds in this case.

## COUNTERCLAIMS

Without waiver of any rights, Apple, for its Counterclaims against CCE and upon information and belief, states as follows:

## THE PARTIES

1.      Apple Inc. ("Apple") is a California corporation organized and existing under the laws of the State of California with its principle place of business at 1 Infinite Loop, Cupertino, California 95014.

2.      On information and belief, Plaintiff Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.      Subject to Apple's affirmative defenses and denials, including those concerning CCE's lack of standing, Apple alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.      CCE has consented to personal jurisdiction by commencing this action for patent infringement in this judicial jurisdiction, as set forth in CCE's Complaint.

5.      Venue is proper in the Eastern District of Texas for the purposes of these Counterclaims, pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.      Apple restates and incorporates by reference the allegations of the Affirmative Defenses section above as if set forth fully herein.

7.      Apple sells products that are compatible with LTE networks.

8.      In its Complaint, CCE asserts that Apple has infringed U.S. Patent Nos. 8,457,022 (the "'022 patent"), 8,570,957 (the "'957 patent"), 8,867,472 (the "'472 patent"), and 8,457,676 (the "'676 patent") (collectively the "Patents-in-Suit").

9.      The '022 patent, the '957 patent, the '472 patent, and the '676 patent are invalid, unenforceable, and/or are not infringed by Apple, directly or indirectly.

10.     Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '022 patent, the '957 patent, the '472 patent, and the '676 patent.

### Nokia Siemens Failed To Disclose The Patents-In-Suit During Its Participation In The Development Of The Relevant Standards

11.     The owners of the patent applications that led to the Patents-in-Suit, including Nokia Siemens Networks GmbH & Co., KG, Nokia Siemens Networks Oy, Nokia Networks Oy, Nokia and their predecessors-in-interest (collectively "Nokia Siemens"), were ETSI members participating in ETSI and 3GPP proceedings from at least 2008 through 2013.  As such, Nokia Siemens was bound by ETSI's Intellectual Property Rights Policy.

12.     Nokia Siemens failed to disclose the patent applications that resulted in the '022, '676, '957, and '472 patents (the "Patents-in-Suit applications") to ETSI in accordance with Clause 4.1 of the ETSI's Intellectual Property Rights Policy.  Clause 4.1 states:

> [E]ach MEMBER shall use its reasonable endeavors, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of ESSENTIAL IPRs in a timely fashion.  In particular, a MEMBER submitting a technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted.

13.     ETSI's Intellectual Property Rights Policy defines IPRs to include patent applications.

14.     CCE is a successor in interest to the Patents-in-Suit and claims to be the assignee of the '022, '676, '957, and '472 patents.

15.     Both CCE and Nokia Siemens have alleged that the '022, '676, '957, and '472 patents are essential to the LTE standard.

16.    Before, during and after the issuance of the '022, '676, '957, and '472 patents, Nokia Siemens participated in working groups that were developing the portions of the LTE standard that CCE accuses of infringement.  Nokia Siemens filed patent applications relating to technical proposals that it submitted for the LTE standard but did not disclose to ETSI or 3GPP that it had filed these patent applications until after the standard was adopted.

17.    With respect to the '022 patent, Nokia Siemens had filed a patent application as of September 2009 relating to a redundancy version sequence that CCE now contends is in technical specifications 36.321 and 36.331 of the LTE standard.  Contrary to its obligations to ETSI, Nokia Siemens did not timely disclose the existence of this patent application to ETSI.

18.    With respect to the '676 patent, Nokia Siemens had filed a provisional patent application on June 20, 2007 and a PCT patent application as of June 23, 2008 relating to triggering criterion for power headroom reporting that CCE contends are identical to the criterion Nokia Siemens proposed to 3GPP for technical specification 36.331 of the LTE standard.  Nokia Siemens did not timely disclose the existence of either patent application to ETSI.

19.    With respect to the '957 patent, Nokia Siemens filed a provisional patent application in March 2008, which relates to a negative power headroom reporting format, less than two months after it proposed to 3GPP a negative power headroom reporting format that CCE contends is included in technical specification 36.213 of the LTE standard.  Nokia Siemens did not timely disclose the existence of the patent application to ETSI.

20.    With respect to the '472 patent, Nokia Siemens had filed a PCT patent application as of March 25, 2010 relating to an approach for reporting channel state information (CSI) which CCE contends is identical to the approach Nokia Siemens proposed to 3GPP for technical

specification 36.213 of the LTE standard.  Nokia Siemens did not timely disclose the existence of this patent application to ETSI.

21.      As a result of its participation in the development and approval of the relevant 3GPP and/or LTE standards, Nokia Siemens had a contractual obligation to timely disclose the applications that resulted in the '022, '676, '957, and '472 patents to ETSI and ETSI's membership.

22.      By failing to disclose IPR that it believed was essential to the 3GPP and/or LTE standards, Nokia Siemens breached its contractual obligations.

23.      On information and belief, CCE has entered into agreements that bind CCE to Nokia Siemens' contractual obligations with respect to the Patents-in-Suit, and Nokia Siemens is assisting CCE in the prosecution of this lawsuit.

### A.      Nokia Siemens' Misconduct With Respect To U.S. Patent No. 8,457,676

24.      Nokia Siemens filed the provisional patent application for what became the '676 patent on June 20, 2007.  That provisional application relates to a certain power headroom reporting scheme.  Nokia Siemens did not disclose that provisional patent application to ETSI at that time.

25.      On or about February 11, 2008 through February 15, 2008, Nokia Siemens participated in the 3GPP TSG RAN WG#51 Meeting, by which time it had submitted proposal R1-080947 relating to a power headroom reporting scheme.  Nokia Siemens did not disclose the provisional patent application at that time.

26.      The PCT Application for the '676 patent was filed on June 23, 2008.  Nokia Siemens did not disclose the '676 PCT application to ETSI at that time.

27.      Nokia Siemens filed the U.S. application for the '676 patent on January 22, 2010. Nokia Siemens did not disclose the '676 U.S. application to ETSI at that time.

28.     By September 2010, 3GPP published the version of section 36.331 of the LTE standard that CCE accuses of infringing the '676 patent.

29.     Nokia Siemens finally disclosed the application that resulted in the '676 Patent to ETSI on or about December 22, 2010.

**B.      Nokia Siemens' Misconduct With Respect To U.S. Patent No. 8,570,957**

30.     On or about February 11, 2008 through February 15, 2008, Nokia Siemens participated in the 3GPP TSG RAN WG#51 Meeting, by which time it had submitted proposal R1-080947 relating to a certain power headroom report format using 6 bits over a range that included negative values in 1 dB increments.

31.     In March 2008, Nokia Siemens filed a provisional patent application for what would become the '957 patent.  Nokia Siemens did not disclose the '957 provisional application to ETSI at that time.  The provisional patent application relates to a power headroom report format using 6 bits over a range that included negative values in 1 dB increments.

32.     By November 2008, 3GPP published the version of section 36.213 of the LTE standard that CCE accuses of infringing the '957 patent in this case.  Nokia Siemens did not disclose the '957 provisional application to ETSI at that time.

33.     In March 2009, Nokia Siemens filed the U.S. application for the '957 patent.  The '957 patent application relates to a certain power headroom report format using 6 bits over a range that included negative values in 1 dB increments.  Nokia Siemens did not disclose the '957 U.S. application to ETSI at that time.

34.     In August 2010, Nokia Siemens finally disclosed the '957 application to ETSI.

**C.      Nokia Siemens' Misconduct With Respect To U.S. Patent No. 8,867,472**

35.     In March 2010, Nokia Siemens filed the PCT application for the '472 patent. This PCT application, to which the '472 patent claims priority, relates to an approach for

aperiodic CSI reporting.  Nokia Siemens did not disclose the '472 PCT application to ETSI at that time.

36.     In April 2010, Nokia Siemens participated in 3GPP TSG-RAN WG1 Meeting #60bis, by which time Nokia Siemens had submitted proposal R1-101894 relating to an approach for aperiodic CSI reporting.  The first named inventor on the '472 patent, Timo Lunttila, attended this meeting on behalf of Nokia Siemens.  Nokia did not disclose the '472 PCT application to ETSI at that time.

37.     In August 2010, Nokia Siemens participated in 3GPP TSG-RAN WG1 Meeting #62, by which time it had submitted proposal R1-104442 also relating to aperiodic CSI reporting. The first named inventor on the '472 patent, Timo Lunttila, attended this meeting on behalf of Nokia Siemens.  Nokia Siemens did not disclose the '472 PCT application to ETSI at that time.

38.     In November 2010, Nokia Siemens participated in 3GPP TSG RAN WG1 Meeting #63, by which time it had submitted proposal R1-106199 relating to aperiodic CSI reporting.  The first named inventor on the '472 patent, Timo Lunttila, attended this meeting on behalf of Nokia Siemens.  Nokia Siemens did not disclose the '472 PCT application to ETSI at that time either.

39.     By December 2010, 3GPP published the first version of section 36.213 for the LTE standard that CCE accuses of infringing the '472 patent in in this case.  Nokia Siemens did not disclose the '472 PCT application to ETSI at that time.

40.     In September 2011, the '472 PCT application was published.  Nokia Siemens did not disclose the '472 PCT application to ETSI at that time.

41.     By September 2012, 3GPP published the version of the 36.213 standard CCE accuses of infringing the '472 patent.  Nokia Siemens did not disclose the '472 PCT application to ETSI at that time.

42.     In November 2012, Nokia Siemens filed the U.S. application of the '472 patent. Nokia Siemens did not disclose the '472 U.S. application to ETSI at that time.

43.     In March of 2013, Nokia Siemens finally disclosed the '472 U.S. application to ETSI.

**D.      Nokia Siemens' Misconduct With Respect To U.S. Patent No. 8,457,022**

44.     In September 2008, Nokia Siemens filed a U.S. provisional patent application that would lead to the '022 patent.  Nokia Siemens did not disclose the '022 provisional application to ETSI.  That provisional application relates to a redundancy version sequence.

45.     By February 2009, 3GPP published the version of technical specification 36.321 relating to the redundancy version sequence that CCE accuses of infringing the '022 patent.  In September 2009, Nokia Siemens filed the U.S. application that would become the '022 patent. The U.S. application also relates to a redundancy version sequence.  Nokia Siemens did not disclose the '022 U.S. application to ETSI at that time.

46.     In April 2010, the '022 U.S. application published.  Nokia Siemens did not disclose the '022 U.S. application to ETSI at that time.

47.     In December of 2010, Nokia Siemens finally disclosed the '022 U.S. application to ETSI.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,457,022)**

48.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 47 above, as if set forth fully herein.

49.     An actual case or controversy exists between Apple and CCE as to whether the '022 patent is not infringed by Apple.

50.     Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly, indirectly, or in any other matter, any valid and enforceable claim of the '022 patent.

51.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '022 patent.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,457,022)

52.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 51 of its Counterclaims.

53.     An actual case or controversy exists between Apple and CCE as to whether the '022 patent is invalid.

54.     The claims of the '022 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, 112, and 132.

55.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '022 patent is invalid.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,570,957)

56.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 55 above, as if set forth fully herein.

57.     An actual case or controversy exists between Apple and CCE as to whether the '957 patent is not infringed by Apple.

58.     Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly, indirectly, or in any other matter, any valid and enforceable claim of the '957 patent.

59.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '957 patent.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,570,957)

60.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 59 of its Counterclaims.

61.     An actual case or controversy exists between Apple and CCE as to whether the '957 patent is invalid.

62.     The claims of the '957 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, 112, and 132.

63.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '957 patent is invalid.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,867,472)

64.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 63 above, as if set forth fully herein.

65.     An actual case or controversy exists between Apple and CCE as to whether the '472 patent is not infringed by Apple.

66.     Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly, indirectly, or in any other matter, any valid and enforceable claim of the '472 patent.

67.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '472 patent.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,867,472)

68.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 67 of its Counterclaims.

69.     An actual case or controversy exists between Apple and CCE as to whether the '472 patent is invalid.

70.     The claims of the '472 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, 112, and 132.

71.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '472 patent is invalid.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,457,676)

72.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 71 above, as if set forth fully herein.

73.     An actual case or controversy exists between Apple and CCE as to whether the '676 patent is not infringed by Apple.

74.     Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly, indirectly, or in any other matter, any valid and enforceable claim of the '676 patent.

75.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '676 patent.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,457,676)

76.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 75 of its Counterclaims.

77.     An actual case or controversy exists between Apple and CCE as to whether the '676 patent is invalid.

78.     The claims of the '676 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, 112, and 132.

79.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '676 patent is invalid.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,457,022)

80.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 79 above, as if set forth fully herein.

81.     An actual case or controversy exists between Apple and CCE as to whether the '022 patent is unenforceable.

82.     The '022 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

83.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '022 patent.

## TENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,570,957)

84.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 83 above, as if set forth fully herein.

85.     An actual case or controversy exists between Apple and CCE as to whether the '957 patent is unenforceable.

86.     The '957 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

87.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '957 patent.

## ELEVENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,867,472)

88.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 87 above, as if set forth fully herein.

89.     An actual case or controversy exists between Apple and CCE as to whether the '472 patent is unenforceable.

90.     The '472 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

91.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '472 patent.

## TWELFTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,457,676)

92.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 91 above, as if set forth fully herein.

93.     An actual case or controversy exists between Apple and CCE as to whether the '676 patent is unenforceable.

94.     The '676 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

95.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '676 patent.

## THIRTEENTH COUNTERCLAIM
### (Breach of Contract—Failure To Disclose)

96.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 95 above, as if set forth fully herein.

97.     Nokia Siemens was bound by ETSI's Intellectual Property Rights Policy during and after the development of the LTE standard.   Pursuant to clause 4.1 of the Policy, Nokia Siemens had a contractual obligation to ETSI and its members to disclose patent applications that might be essential to the LTE standard.   Apple is an intended third party beneficiary of that contractual obligation.   CCE is also bound by that contractual obligation.

98.     Nokia Siemens breached that contractual obligation by failing to disclose the Patents-in-Suit applications in a timely fashion.   Nokia Siemens' breach of that contractual obligation is binding on CCE.   In addition, by maintaining this lawsuit against Apple alleging infringement of the Patents-in-Suit, CCE is further breaching its contractual obligations to ETSI and its members.

99.     Apple has been harmed by this breach and has been forced to expend resources defending against claims based on the unenforceable Patents-in-Suit.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows:

a.      A judgment dismissing CCE's Complaint against Apple with prejudice;

b.      A judgment in favor of Apple on all of its Counterclaims;

c.      A declaration that Apple has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent;

d.      A declaration that the '022 patent, the '957 patent, the '472 patent, and the '676 patent are invalid;

e.      A declaration that the '022 patent, the '957 patent, the '472 patent, and the '676 patent are unenforceable;

f.      An award to Apple of its fees and expenses of litigation;

g.      A judgment limiting or barring CCE's ability to enforce the '022 patent, the '957 patent, the '472 patent, and the '676 patent in equity;

h.      Adjudge and decree that CCE is liable for breach of contract, and that the '022 patent, the '957 patent, the '472 patent, and the '676 patent, are not enforceable as a result of CCE's and its predecessors-in-interests' breaches;

i.      Enter judgment against CCE for the amount of damages that Apple proves at trial;

j.      Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Apple respectfully demands a jury trial of all issues triable to a jury in this action.

DATED:  November 8, 2016

Respectfully submitted,

By:  */s/ Richard T. Mulloy*

David M. Prichard
Texas Bar No. 16317900
dprichard@phy-law.com
**PRICHARD, HAWKINS & YOUNG,
L.L.P.**
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 – Telephone
(210) 477-7450 – Facsimile

Eric H. Findlay (Bar No. 00789886)
**FINDLAY CRAFT, P.C.**
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone:  (903) 534-1100
Facsimile:  (903) 534-1137
efindlay@findlaycraft.com

John Allcock (*pro hac vice*)
Sean C. Cunningham (*pro hac vice*)
Richard T. Mulloy (*pro hac vice*)
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA. 92101
Telephone: 619-699-2700
Fax: 619-699-2701

**ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT APPLE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 8th day of November, 2016 per Local Rule CV-5(a)(3).


*/s/ Richard T. Mulloy*
Richard T. Mulloy