# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br>　　　　　　Plaintiff, <br><br> v. <br><br> **AT&T INC., ET AL.,** <br>　　　　　　Defendants. | **C.A. No. 2:15-cv-00576** <br><br> **JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br>　　　　　　Plaintiff, <br><br> v. <br><br> **SPRINT SOLUTIONS, INC., ET AL.,** <br>　　　　　　Defendants. | **C.A. No. 2:15-cv-00579** <br><br> **JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br>　　　　　　Plaintiff, <br><br> v. <br><br> **T-MOBILE USA, INC., ET AL.,** <br>　　　　　　Defendants. | **C.A. No. 2:15-cv-00580** <br><br> **JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br>　　　　　　Plaintiff, <br><br> v. <br><br> **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ET AL.,** <br>　　　　　　Defendants. | **C.A. No. 2:15-cv-00581** <br><br> **JURY TRIAL DEMANDED** |

**CELLULAR COMMUNICATIONS EQUIPMENT LLC'S EMERGENCY MOTION TO COMPEL DEPOSITION TESTIMONY AND DOCUMENTS**

Cellular Communications Equipment LLC ("CCE") files this Emergency Motion to Compel Rule 30(b)(1) and Rule 30(b)(6) depositions and relevant improperly withheld documents from Defendants T-Mobile USA, Inc., T-Mobile US, Inc. (collectively, the "T-Mobile").

## I. SUMMARY OF EMERGENCY RELIEF REQUESTED

T-Mobile refuses to comply with the most basic discovery obligations. Despite being required to identify persons having knowledge of relevant facts, T-Mobile's Initial Disclosures do not identify a single employee. T-Mobile now seeks to leverage its failure to comply with the Discovery Order by refusing to provide dates for the T-Mobile employees that CCE noticed pursuant to Rule 30(b)(1) on the grounds that such individuals do not have "unique" knowledge of the case and refusing to provide witnesses pursuant to Rule 30(b)(6) unless CCE withdraws its Rule 30(b)(1) deposition requests.

T-Mobile's document production further evidences its refusal to comply with the Discovery Schedule. Throughout this litigation, T-Mobile has produced a mere 155 documents, only a handful of which constitute core technical documentation showing the configuration of the accused products. Remarkably, despite the fact that this case is well past the deadline for substantial completion of document production, T-Mobile characterizes CCE's request for a meet and confer regarding the production deficiencies as "*premature*."

CCE seeks an emergency order compelling T-Mobile to (1) provide firm deposition dates for the depositions of T-Mobile witnesses that have knowledge relevant to the issues in this lawsuit−including an identification of the individual topics from CCE's Fed. R. Civ. P. 30(b)(6) deposition notice for which they will testify; (2) commit to firm deposition dates for the four T-Mobile witnesses CCE served with Fed. R. Civ. P. 30(b)(1) deposition notices; and (3) produce the improperly withheld relevant technical documents. It has been more than **two weeks** since

counsel for T-Mobile last refused to meet and confer regarding document production deficiencies and promised to identify T-Mobile witnesses and no further dilatory conduct can be allowed.

## II. BACKGROUND

This case concerns the operation of T-Mobile's 4G LTE network. In particular, this case concerns power headroom reporting, CSI reporting, and implicit redundancy signaling (collectively "the Accused Functionality") within T-Mobile's network. The Accused Functionality entails messages that are transmitted between the user equipment (e.g., mobile phones) and the networking equipment (e.g., base stations) that are operating on T-Mobile's network.

On March 8, 2016, CCE served its preliminary infringement contentions on T-Mobile. CCE's preliminary infringement contentions identified the Accused Functionality and detailed how it infringed the patents-in-suit. T-Mobile made no complaints regarding the sufficiency of CCE's infringement contentions and gave no indication that it was unable to understand them. On April 19, 2016, T-Mobile served its initial disclosures; the disclosures did not identify a single T-Mobile employee. On August 1, 2016, the Court entered the Discovery Order in this case. Dkt. 205. The Discovery Order required T-Mobile to "immediately" supplement its Initial Disclosures to identify individuals with knowledge of relevant facts. *Id.* at ¶ 8. In spite of this, T-Mobile did not supplement its initial disclosures to identify employees having relevant knowledge.

T-Mobile has similarly ignored its obligation to produce relevant documents. The Docket Control Order set May 3, 2016 as the deadline to comply with P.R. 3-4 and September 19, 2016 as the deadline for substantial completion of document production. Dkt. 151-1. Despite this, as of November 21, 2016, T-Mobile had only produced 155 documents, none of which properly detail the structure and operation of T-Mobile's network.

## III. ARGUMENTS AND AUTHORITY

Pursuant to Fed. R. Civ. P. 37, on notice to the other party, a party may "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). For the purpose of Rule 37(a), "an evasive or incomplete" disclosure "must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4). The Discovery Order required T-Mobile's Initial Disclosures to identify persons having relevant knowledge and to "supplement or correct its disclosures **immediately** if [it] obtain[ed] information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true." Dkt 205 at ¶¶ 1, 8 (emphasis in original).

There is no basis for T-Mobile's refusal to provide depositions dates in response to CCE's notices pursuant to Rules 30(b)(1) and 30(b)(6). *See* Fed. R. Civ. P. 37(d)(2) (failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)"). Under Rule 37(d)(2) "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection … if … a corporation or other entity fails to make a designation under Rule 30(b)(6)." Fed. R. Civ. P. 37(d)(2). Rule 30(b)(6) holds that an organization can only avoid its obligations to prepare and present 30(b)(6) witnesses by order of the Court. T-Mobile does not have a pending motion for protection or to quash these deposition notices.

### A. T-Mobile's Failure to Identify its Knowledgeable Witnesses and Refusal to Agree to Dates for Depositions Demonstrates Bad Faith.

T-Mobile has yet to identify a single T-Mobile employee with knowledge regarding this litigation. Like all cellular network operators, T-Mobile acquires network infrastructure equipment, such as base stations, and then implements and configures such equipment within its network. As such, the T-Mobile employees tasked with this acquisition, implementation, and/or configuration have knowledge of relevant facts in this case and should have been listed on T-Mobile's initial disclosures.

In spite of T-Mobile's refusal to identify employees with relevant knowledge, CCE endeavored to identify T-Mobile employees and issued deposition notices to Messrs. J. Braxton Carter, John Legere, Ray Neville, and Andrew Sherrard. In response to these notices, T-Mobile refused to produce the noticed individuals and stated that they had "no unique personal knowledge relevant to this case." Ex. A, Dixon Email #1. Importantly, T-Mobile does not claim that these individuals do not have knowledge relevant to the case, only that such knowledge is not "unique." This argument might carry weight if T-Mobile had complied with its obligation and identified individuals with such "unique" knowledge in its Initial Disclosures. But T-Mobile refused to identify such individuals and therefore has no grounds to outright refuse CCE's right to take depositions pursuant to Rule 30(b)(1).

Further compounding the prejudice resulting from T-Mobile's refusal to provide witnesses pursuant to Rule 30(b)(1) is T-Mobile's refusal to provide witnesses in response to CCE's notice of deposition pursuant to Rule 30(b)(6). In spite of its obligations under the Discovery Order, T-Mobile is now refusing to even identify the employees who "may" have knowledge relevant to the issues in this case unless CCE agrees not pursue the depositions noticed pursuant to Rule 30(b)(1). Worse, T-Mobile has strung CCE along for weeks promising to provide this information without actually providing CCE any names or dates. *See* Ex. B, Dixon Email #2.

There is no basis for T-Mobile's refusal to identify individuals having relevant knowledge, let alone its refusal to provide deposition dates for properly noticed depositions. Accordingly, CCE requests the Court compel T-Mobile to provide firm deposition dates for CCE's notices of deposition pursuant to Rule 30(b)(1) and Rule 30(b)(6) prior to the earlier of January 20, 2016 or thirty days (30) from the entry of the Court's order.

### B. T-Mobile's Document Production Is Deficient and Demonstrates Bad Faith.

The Discovery Order requires T-Mobile to "produce or permit for inspection all documents, electronically stored information, and tangible things … that are relevant to the pleaded claims or defenses involved in this action." Dkt. 205 at ¶ 3(b). Despite this, T-Mobile has needlessly delayed in produced technical documents that show the operation of its cellular network and the use of the infringing features. Notwithstanding the fact that the Docket Control Order holds that most of these documents should have been produced in May pursuant to P.R. 3-4, T-Mobile still has not produced certain documents that are relevant to infringement and damages. In particular, CCE seeks the following categories of documents:

- Category 1: Documents evidencing testing and compliance with the LTE standard for T-Mobile's user equipment (e.g., mobile phones).

- Category 2: Documents evidencing the configuration of T-Mobile's LTE network, including how T-Mobile configures its base stations.

- Category 3: Documents evidencing the use of relevant LTE features, including the infringing power headroom reports and CSI reports.

- Category 4: Marketing materials, including commercials, evidencing the speed and reliability of T-Mobile's LTE network.

The materials identified in Category 1 are relevant to infringement. In particular, the materials identified in Category 1 show that the accused user equipment practices one or more portions of the 3GPP standard cited in CCE's infringement contentions. Before taking possession of user equipment from the manufacturers, T-Mobile requires the manufacturers to certify that the devices comply with the aspects of the LTE standard and to present evidence of the compliance testing. Further, CCE believes that T-Mobile also undertakes and/or oversees its own testing for compliance with aspects of the LTE standard. Depending on the level of detail, such testing and certification documents may also evidence infringing use of the accused LTE features.

The materials identified in Category 2 are also relevant to infringement. The base stations on T-Mobile's network are configurable. These configurations potentially impact the frequency of

the accused power headroom and CSI reports within T-Mobile's LTE network. After acquiring its base stations from the network equipment providers, T-Mobile configures the devices for operation on its cellular network. Typically, such configuration is done according to company-wide guidelines. But even if T-Mobile provided customized configurations for each of its base stations, documentation would still exist for the individual base stations. CCE is entitled to know how T-Mobile configures its base stations as such materials are relevant to infringement.

The materials identified in Category 3 are relevant to infringement and damages. On information and belief based on the practices of other cellular carriers, before deploying network upgrades or releasing certain user equipment, T-Mobile performs various testing. During this testing T-Mobile obtains log files detailing network activity, such as baseband processor logs. These log files are likely to provide tremendous detail regarding the types of messages traveling between the mobile devices and the base stations. Such log files can potentially be used to show not only infringement, but also the frequency of such infringement. Accordingly, the log files are relevant to CCE's infringement and damages case.

The materials identified in Category 4 are relevant to damages. T-Mobile actively advertises the speed and reliability of its LTE network, particularly in its television commercials. While the infringing features are just one portion of 3GPP standard, they directly contribute to the speed and reliability of LTE networks. CCE is entitled to use such marketing materials to show that T-Mobile assigns value to speed and reliability.

Despite the fact that these materials are relevant, T-Mobile ignores CCE's requests. T-Mobile's behavior as to its document production violates both the spirit and the actual instructions of this Court within its Discovery Order. Production of the documents requested by CCE should

be immediately compelled and T-Mobile should be ordered to certify that it has produced all documents within its possession, custody and control as to all four categories.

## IV. CONCLUSION AND PRAYER

Because the case is at the tail end of fact discovery and T-Mobile has failed to disclose a single knowledgeable T-Mobile witness, CCE has filed this as an emergency motion, and respectfully requests the Court set an expedited briefing schedule, and require T-Mobile to file its response within seven (7) days of the filing of this motion.

Further, for the aforementioned reasons, CCE further requests that the Court grant this Emergency Motion to Compel in its entirety, and enter an order containing the following:

- Within ten (10) days of the Court's order, T-Mobile shall produce improperly withheld relevant technical documents and shall certify that all documents responsive to each of the four identified categories have been produced;

- Within seven (7) days of the Court's order, T-Mobile shall provide firm deposition dates prior to the earlier of January 20, 2016 or thirty days (30) from the entry of the Court's order for the depositions of T-Mobile witnesses who have knowledge relevant to the issues in this lawsuit−including an identification of the individual topics from CCE's Fed. R. Civ. P. 30(b)(6) deposition notice for which they will be prepared to testify;

- Within seven (7) days of the Court's order, T-Mobile shall provide firm deposition dates prior to the earlier of January 20, 2016 or thirty days (30) from the entry of the Court's order for the depositions of the four T-Mobile witnesses CCE served with Fed. R. Civ. P. 30(b)(1) deposition notices; and

- Any other relief the Court deems just and proper under the circumstances.

Dated: November 21, 2016                                Respectfully submitted,

| | |
|---|---|
| */s/ Jeffrey R. Bragalone*<br>Jeffrey R. Bragalone (lead attorney)<br>Texas Bar No. 02855775<br>Monte M. Bond<br>Texas Bar No. 02585625<br>Terry A. Saad<br>Texas Bar No. 24066015<br>Jonathan H. Rastegar<br>Texas Bar No. 24064043<br>BRAGALONE CONROY PC<br>2200 Ross Avenue<br>Suite 4500W<br>Dallas, TX 75201<br>Tel: (214) 785-6670<br>Fax: (214) 785-6680<br>jbragalone@bcpc-law.com<br>mbond@bcpc-law.com<br>tsaad@bcpc-law.com<br>jrastegar@bcpc-law.com<br><br>Edward R. Nelson, III<br>ed@nelbum.com<br>Texas Bar No. 00797142<br>Thomas C. Cecil<br>tom@nelbum.com<br>Texas Bar No. 24069489<br>NELSON BUMGARDNER, P.C.<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>Phone: (817) 377-9111<br>Fax: (817) 377-3485 | T. John Ward, Jr.<br>State Bar No. 00794818<br>Claire Abernathy Henry<br>State Bar No. 24053063<br>Wesley Hill<br>State Bar No. 24032294<br>WARD, SMITH & HILL, PLLC<br>P.O. Box 1231<br>Longview, Texas 75606-1231<br>(903) 757-6400 (telephone)<br>(903) 757-2323 (facsimile)<br>jw@wsfirm.com<br>claire@wsfirm.com<br>wh@wsfirm.com<br><br>Attorneys for Plaintiff<br>**CELLULAR COMMUNICATIONS EQUIPMENT LLC** |

8

## CERTIFICATE OF CONFERENCE

On October 19, counsel for CCE has conferred with counsel for T-Mobile regarding dates for deposition of T-Mobile's employees. Counsel for T-Mobile would not commit to deposition dates for any witnesses. Subsequently, counsel for T-Mobile has continued to refuse CCE's requests for deposition dates and refused CCE's requests for a meet and confer with lead and local – unilaterally deeming such a conference "premature." Similarly, T-Mobile has repeatedly ignored CCE's correspondence regarding deficiencies in its document production and declared a formal meet and confer on such deficiencies premature. For weeks, CCE has sought either (1) a commitment to deposition dates, an identification of T-Mobile's witnesses, and a supplemental production of technical documents, or (2) to meet and confer in order to reach a proper impasse; CCE has received neither. T-Mobile refuses to schedule a meet and confer. The discussions have been nothing more than an effort to delay discovery and no further resolution without judicial intervention is possible.

Dated: November 21, 2016                                    Respectfully submitted,

                                                            */s/ Jonathan H. Rastegar*
                                                            Jonathan H. Rastegar


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this motion, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 21, 2016.

                                                            */s/ Jonathan H. Rastegar*
                                                            Jonathan H. Rastegar