**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § § § § | **C.A. No. 2:15-cv-00576** |
| **Plaintiff,** | § | JURY TRIAL DEMANDED |
| **v.** | § § | |
| **AT&T INC., et al** | § § § | |
| **Defendants.** | § | |

**<u>DEFENDANTS' MOTION TO SEVER AND REALIGN FOR TRIAL</u>**

4852-2793-0683.v9

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................... 1

*II.  BACKGROUND* ............................................................................................. 3

III. LEGAL STANDARD ................................................................................... 5

IV. ARGUMENT ................................................................................................. 6

   A.  CCE Cannot Join Competing Defendants by Accusing Them of Infringing the Same Patents Based on the Sale of Different Devices.............................................. 6

   B.  CCE's Misjoinder Unfairly Prejudices The Manufacturer Defendants and Places an Undue Burden on the Court and Jury. ............................................ 9

   C.  Severance of the Independent Defendants Into Separate Actions for Trial Is Appropriate to Remedy the Prejudice Caused by CCE's Misjoinder. ...**Error! Bookmark not defined.**

V.  CONCLUSION .............................................................................................. 14

## Table of Authorities

**Page(s)**

### <u>Cases</u>

*Acevedo v. Allsup's Convenience Stores, Inc.*,
  600 F.3d 516 (5th Cir. 2010) ............................................................................... 6, 10

*Chrimar Sys., Inc. v. Adtran, Inc.*,
  No. 6:15-CV-00618-JRG, Dkt. 681, at 3-4 (E.D. Tex. Nov. 22, 2016) .................................. 9

*Content Guard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13–CV–1112–JRG, 2015 WL 1263346 (E.D. Tex. Mar. 19, 2015) ........................... 5, 6

*Coughlin v. Rogers*,
  130 F.3d 1348 (9th Cir. 1997) ............................................................................... 6

*EIT Holdings LLC v. Yelp!, Inc.*,
  No. C 10–05623 WHA, 2011 WL 2192820 (N.D. Cal. May. 12, 2011) ................................ 11

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) .............................................................................. 9

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co, Ltd.*,
  No. 4:14–CV–371, 2015 WL 137419 (E.D. Tex. Jan. 9, 2015) ....................................... 6

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) ..................................................................... 6, 7, 8, 10

*In re Nintendo Co.*,
  544 Fed. Appx. 934 (Fed. Cir. 2013) .............................................................. 5, 6, 10

*MGT Gaming, Inc. v. WMS Gaming, Inc.*,
  978 F. Supp. 2d 647 (S.D. Miss. 2013) ..................................................................... 6

*Net Nav. Sys., LLC v. Cisco Sys.*,
  2012 WL 7827543 (E.D. Tex. Aug. 22, 2012) ............................................................ 8

*Oasis Research, LLC v. Carbonite, Inc.*,
  No. 4:10–CV–435, 2012 WL 35448881 (E.D. Tex. Aug. 15, 2012) ................................. 8

*Philips Elecs. N. Am. Corp. v. Contec. Corp.*,
  220 F.R.D. 415 (D. Del. 2004) ............................................................................. 14

*Richmond v. Lumisol Elec. Ltd.*,
  No. 13-1944 (MLC), 2014 WL 1716447 (D.N.J. Apr. 30, 2014) ................................... 7, 8

*WiAV Networks, LLC v. 3Com Corp.*,
  No. C 10–03448 WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ........................ 10, 11, 14

### <u>Statutes and Codes</u>

United States Code,
  Title 35, section 299 ........................................................................................ passim

4852-2793-0683.v9

United States Code,
    Title 35, section 299(a) ................................................................................... 4, 5

United States Code,
    Title 35, section 299(b) ...................................................................................... 5

## Rules and Regulations

Federal Rules of Civil Procedure,
    Rule 20 ........................................................................................................... 2, 6

Federal Rules of Civil Procedure,
    Rule 21 ...................................................................................................... 1, 6, 14

4852-2793-0683.v9

Pursuant to Federal Rule of Civil Procedure 21 and 35 U.S.C. § 299, the undersigned

Defendants ("Defendants") hereby move to sever the claims brought against them by Cellular

Communications Equipment LLC ("CCE") and to realign the parties into separate actions for

trial.  Through this Motion, Defendants do not seek further amendment to the dates in the Docket

Control or Consolidation Orders applicable in this case.  Severance is imperative to preserve

each Defendant's right to a fair trial and to avoid prejudice stemming from CCE's misjoinder.

## I.    INTRODUCTION

The America Invents Act ("AIA") expressly prohibits joinder of defendants "based solely

on allegations that they each have infringed the patent."  35 U.S.C.  § 299(b).  CCE's Third

Amended Complaints in these consolidated cases do just that.  The Complaints improperly join

multiple Handset Defendants and Base Station Defendants in several actions.[1][2]  These

manufacturers directly compete with one another.  CCE's conclusory allegation that the claims

---

[1]   The "Base Station Defendants" are:  (1) Alcatel-Lucent S.A. and Alcatel-Lucent USA Inc. (collectively, "Alcatel-Lucent"); and (2) Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson").  The "Handset Defendants" are:  (1) Apple Inc. ("Apple"); (2) HTC Corporation and HTC America, Inc. (collectively, "HTC"); and (3) ZTE Corporation, ZTE USA Inc., and ZTE Solutions, Inc. (collectively, "ZTE")  As used herein, the "Carrier Defendants" are:  (1) AT&T Inc. and AT&T Mobility LLC (collectively, "AT&T"); (2) Sprint Corporation, Sprint Solutions, Inc., Sprint Spectrum L.P. and Boost Mobile, LLC (collectively, "Sprint"); (3) T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, "T-Mobile"); (4) Cellco Partnership d/b/a Verizon Wireless ( "Verizon").

[2]  CCE has also asserted that Verizon infringes with the Ellipsis 8, Ellipsis 10, and Ellipsis Kids products, and that AT&T infringes with the Trek HD product, though these allegations are not connected to any Manufacturer named in this lawsuit.  Nevertheless, as will be explained in Defendants' companion motion to sever and stay the Carrier Defendants, the claims against those products are truly peripheral to this lawsuit (indeed, CCE could not be bothered to sue those manufacturers) and, as with the other accused devices, AT&T and Verizon do not manufacture or design these devices.  Moreover, these claims were not in CCE's original complaint, and therefore the Court should not consider these products in its analysis.  *See In re Nintendo Co., Ltd.*, 544 F. App'x 934, 940 (Fed. Cir. 2013) ("The subsequent addition of new non-Nintendo product claims against the retailer defendants does not factor into this inquiry.").  Further, Verizon and AT&T's respective sales of these products are *de minimus* in comparison to sales of the other accused mobile devices.  In any event, for the reasons stated herein, the Ellipsis products and Trek HD should be severed into actions separate from the other manufacturers of competing devices.

"arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the [accused] devices and equipment . . ." at issue and that "[q]uestions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, [the accused] devices and equipment" are insufficient for joinder.  (TAC, Dkt. No. 215, at ¶¶ 111-112).[3]

Joining each of the competing Handset Defendants and Base Station Defendants as codefendants in the same action cannot pass muster under the AIA.  CCE's Complaints contend that each Defendant infringes CCE's patents both directly and indirectly through use of network equipment.  But this cannot provide a basis for joinder of any of the manufacturer Defendants (*i.e.*, the Handset Defendants and the Base Station Defendants).  Significantly, the manufacturer Defendants produce different competing products, have all separately transacted with the Carrier Defendants, and are not alleged to have acted in concert.  Thus, the manufacturer Defendants' alleged infringement of CCE's patents does not arise from the same "transaction or occurrence."

Indeed, CCE has filed over two dozen lawsuits in this District against manufacturers and carriers asserting patents from the same portfolio.  In every instance, except these four cases, CCE has filed a separate complaint against each manufacturer.[4]  That was true even though CCE alleged, as it does here, that the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences relating to . . . the [accused] devices."  (*See, e.g.*, Ex. A, Compl. ¶ 95, Civil Action No. 6:13-cv-507.)

---

[3] Citations to the Third Amended Complaint in this lead consolidated case are representative of the operative Complaints in the constituent cases.

[4] *See, e.g.*, Civil Action Nos. 6:13-cv-00507 (HTC); 6:13-cv-00508 (LG); 6:13-cv-00509 (Pantech); 6:13-cv-00510 (BlackBerry); 6:13-cv-00511 (ZTE); 6:13-cv-00568 (Amazon); 6:13-cv-00569 (Dell); 6:14-cv-00251 (Apple); 6:14-cv-00759 (Samsung); 6:14-cv-00982 (LG II); 6:14-cv-00983 (Sony); 6:15-cv-01155 (HTC II); 6:16-cv-00375 (ZTE II); 6:16-cv-00475 (HTC III); 6:16-cv-00476 (ZTE III).

4852-2793-0683.v9

Further, it is impractical and unfair to each manufacturer Defendant to hold four separate trials with six patents, each of which would include all of the manufacturer Defendants.  Joinder of the manufacturer Defendants in the same case is impermissible under Rule 20 and § 299, and the claims against the manufacturer Defendants should be severed for trial and the cases realigned such that each manufacturer is in a single, separate case,

## II.   BACKGROUND

On April 30, 2015, CCE filed four related actions against a host of Defendants, including the Carrier Defendants, the Handset Defendants, and the Base Station Defendants.  (*See* Compl., Dkt. No. 1; Not. of Related Cases, Dkt. No. 6; Case No. 2:15-cv-00579; Case No. 2:15-cv-00580; 2:15-cv-00581).  A number of those Defendants were dismissed by stipulation.  CCE amended its complaint on July 22, 2015 (Dkt. No. 15), on November 12, 2015 (Dkt. No. 86), and a third time on August 15, 2016 (Dkt. No. 215).

The Complaints allege infringement of U.S. Patent Nos. 8,457,022, 8,570,957, 8,867,472, 8,457,676, 9,025,590, and 9,078,262 (collectively the "CCE Patents").  (TAC, Dkt. No. 215, at 1-2).  Counts I-IV are asserted against all Defendants, and Counts V-VI only against Defendants AT&T, Verizon, T-Mobile, Sprint, Alcatel, and Ericsson.  Thus, four patents are asserted against the Handset Defendants, and all six patents are asserted against the Base Station Defendants.

CCE's Complaints join three distinct categories of defendants into each case: (1) network carriers; (2) base station manufacturers and sellers (the Base Station Defendants); and (3) mobile handset manufacturers and sellers (the Handset Defendants), as shown below[5]:

| Case No. | 2:15-cv-00576 (Lead) | 2:15-cv-00579 | 2:15-cv-00580 | 2:15-cv-00581 |
|----------|----------------------|---------------|---------------|---------------|
| Carrier | AT&T | Sprint | T-Mobile | Verizon |

[5] This chart omits the Samsung and LG entities which have since been dismissed.

4852-2793-0683.v9

| Base Station Manufacturers | Alcatel-Lucent Ericsson | Alcatel-Lucent Ericsson | Alcatel-Lucent Ericsson | Alcatel-Lucent Ericsson |
|---|---|---|---|---|
| Handset Manufacturers | Apple HTC ZTE | Apple HTC ZTE | Apple HTC ZTE | Apple HTC |

Each complaint names one Carrier Defendant and multiple Base Station and Handset Defendants that allegedly provide competing products to that carrier.  CCE asserts joint and several liability against each manufacturer Defendant arising out of each Carrier Defendant's alleged purchase of base stations and handsets "for sale, resale, distribution to their customers (and other end users), and/or use in their cellular communications networks for the benefit of their customers (and other end users)."  (TAC, Dkt. No. 215 at ¶ 110).  CCE contends that the manufacturer Defendants "provide the LTE user equipment and base stations that are specifically designed by [the carrier] and its suppliers to operate as efficiently as possible using various features of the LTE wireless standards."  (*Id.* at 2).  CCE also alleges that the Base Station and Handset Defendants infringe the CCE Patents by "providing, testing, and/or operating the hardware that [the carrier] utilizes or sells to customers to offer 4G LTE cellular communications."  (*Id.*).

While the Complaints purport to join the Base Station and Handset Defendants under § 299(a), CCE does not allege concerted effort by or relationships between the Base Station and Handset Defendants.  Instead, it states in conclusory fashion that the "alleged infringements . . . arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the [carrier] devices and equipment."  (*Id.* at ¶ 111).  CCE also states that "[q]uestions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, [carrier] devices and equipment."  (*Id.* at ¶ 112).

CCE's infringement contentions, with one exception, assert entirely different claims against the Base Station Defendants and the Handset Defendants:

| Patent | Claims Asserted Against Base Station Defendants | Claims Asserted Against Handset Defendants |
|---|---|---|
| 8,457,022 | 1, 6 | 1, 6 |
| 8,570,957 | 4-6, 10-12 | 1-3, 7-9 |
| 8,867,472 | 15, 25-27, 44, 54-56 | 1, 10, 11, 14, 28, 41 |
| 8,457,676[6] | 33, 34 | 1, 3, 19, 21 |
| 9,025,590 | 1-3, 5-7, 9-11 | Not asserted |
| 9,078,262 | 1, 2, 10, 13, 14, 16, 17, 25, 28, 29, 31 | Not asserted |

(*See* Ex. B, Pl.'s Amended Infringement Contentions).

CCE's contentions are not unique to a particular carrier or case; for the accused devices that are in more than one case, the contentions are identical.  Moreover, CCE did not prepare separate contentions for the Carrier Defendants.  CCE's claims against the Carrier Defendants are based on the allegation that they sell the accused handsets and use the accused network equipment.

### III.    LEGAL STANDARD

In patent infringement cases, § 299 of the AIA governs joinder.  *See Content Guard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13–CV–1112–JRG, 2015 WL 1263346, at *1 (E.D. Tex. Mar. 19, 2015).  Accused infringers can be joined as defendants in a single action only if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction [or] occurrence . . . relating to the making, using, importing into the United States, offering for sale, or selling of the ***same accused product or process***; **and**
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added).  "The AIA's joinder provision is more stringent than Rule 20, and adds a requirement that the transaction or occurrence must relate to making, using, or selling of the ***same accused product or process***."  *In re Nintendo Co.*, 544 Fed. App'x 934, 939

---

[6] CCE does not allege infringement of this patent by Ericsson.

4852-2793-0683.v9

(Fed. Cir. 2013) (emphasis added).  Further, the statute expressly rejects joinder "based solely on allegations that they each have infringed the patent."  35 U.S.C. § 299(b).

Federal Circuit law controls "because joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law." *Content Guard Holdings*, 2015 WL 1263346, at *1 (quoting *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012)).  *In re EMC* construed permissible joinder under Rule 20, but courts apply it "to analyze the 'same transaction or occurrence' requirement of Section 299." *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co, Ltd.*, No. 4:14–CV–371, 2015 WL 137419, at *2 (E.D. Tex. Jan. 9, 2015) (severing two Samsung entities that made different cameras than the other Samsung entities joined); *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 658 (S.D. Miss. 2013) (AIA embodies the *In re EMC* holding).

The "same transaction or occurrence" factor requires a "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.  In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts." *In re EMC Corp.*, 677 F.3d at 1358-59.  Evidentiary overlap alone is not sufficient—, the overlap must relate to the same accused product or process. "[J]oinder is not appropriate where different products or processes are involved." *Id.* at 1359.

## IV.    ARGUMENT

### A.    CCE Cannot Join Competing Defendants by Accusing Them of Infringing the Same Patents Based on the Sale of Different Devices.

CCE's Complaints improperly join independent producers and sellers of competing devices.  The Federal Circuit, however, has held that the "sameness of the accused products . . . is not sufficient" for joinder. *In re EMC*, 677 F.3d at 1359-60.  "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products

4852-2793-0683.v9

using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.* In evaluating joinder, courts consider "whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits." *Id.*

CCE has not alleged – and cannot allege – any such factors that would suggest that joinder of direct competitors is appropriate here. CCE has not alleged that there is any relationship, licensing or technology agreement among the competing Handset Defendants or Base Station Defendants, that they use identically sourced components, or that the development and manufacture of the competing accused products overlap.

Indeed, the "prevailing view" is that "direct competitors may not be joined in a patent infringement action pursuant to § 299, absent allegations of concerted action." *Richmond v. Lumisol Elec. Ltd.*, No. 13-1944 (MLC), 2014 WL 1716447, at *5-6 (D.N.J. Apr. 30, 2014).

> For example, where the same manufacturer sells the same accused product to two importers who then sell to the same retailer, there are multiple streams of commerce and multiple transactions: (1) manufacturer A to importer A to retailer A; and (2) manufacturer A to importer B to retailer A. The two importers—who are competitors— are not part of the "same transaction."

*Id.* (distinguishing from joinder of participants in the same stream of commerce – i.e. manufacturer, distributor and retailer); *see also Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10–CV–435, 2012 WL 35448881, at *6 (E.D. Tex. Aug. 15, 2012) (severing defendants where "each Defendant's accused product [was] different, Defendants [were] competitors of each other, Defendants worked independently to create their accused products, and there [was] no aggregate of operative facts that would indicate joinder [was] appropriate in this case").

4852-2793-0683.v9

In this case, CCE filed suit against three distinct categories of defendants: (1) the Carrier Defendants; (2) Base Station Defendants; and (3) Handset Defendants.  The only thread relating these categories of Defendants together is CCE's allegation that each Defendant transacted with a carrier.  But CCE's Complaints and infringement contentions are devoid of any factual links among the individual Handset and Base Station Defendants themselves.  *See, e.g.*, *Net Nav. Sys., LLC v. Cisco Sys.*, 2012 WL 7827543, at *3 (E.D. Tex. Aug. 22, 2012) (finding no "aggregate of operative facts" where plaintiff failed to demonstrate the nature of the relationship between defendants).  Moreover, it is apparent from the face of CCE's Complaints that the independent Base Station Defendants and Handset Defendants compete with one another in the same marketplace.  Thus, the alleged infringement does not originate out of the same stream of commerce and is therefore not part of the same transaction or occurrence.

Nor does CCE allege the required "evidentiary overlap" for joinder by its bare assertion that Defendants "provide the LTE user equipment and base stations that are specifically designed by [the carrier] and its suppliers to operate as efficiently as possible using various features of the LTE wireless standards," (TAC, Dkt. No. 215 at 2).  *See In re EMC Corp.*, 677 F.3d at 1358-59. CCE's assertion that the CCE Patents are essential to the relevant 4G/LTE standards does not cure its misjoinder, as it still must offer individualized proof of how ***each Defendant*** implements the standard.  *See, e.g.*, *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327-29 (Fed. Cir. 2010) (holding that in certain situations, "the patent owner must compare the claims to the accused products or, if appropriate, prove that the accused products implement any relevant optional sections of the standard").  Each Handset Defendant has different accused products involving different chipsets and source code.  Moreover, the Base Station Defendants have wholly different accused products – base stations that do not share common components with each other nor with

any of the accused handset products.  The Complaints offer no substantive details of concerted action between the Defendants or even that they implement the same portions of the 4G/LTE standards through commonly-sourced components.  Again, the only common aspect alleged is Defendants' alleged transaction with a carrier defendant in procuring competing devices compatible with its wireless networks.  (TAC, Dkt. No. 215 at 2, ¶¶ 110-12).  Indeed, Magistrate Judge Love recently refused to consolidate several defendants into a single trial for many of the same reasons Defendants request severance.  *See Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-00618-JRG, Dkt. 681, at 3-4 (E.D. Tex. Nov. 22, 2016) (refusing consolidation predicated on each defendant's alleged compliance with an industry standard, the similarities between the accused products, and overlapping counterclaims, defenses, and components because no "uniform thread across all Defendants . . . warrant[ed] combining all seven cases.").

CCE's claims for infringement against these Defendants arise from separate and distinct interactions with the carriers.  Defendants are therefore misjoined, and the Court should sever them into separate actions to prevent further prejudice to Defendants.

**B.      CCE's Misjoinder Unfairly Prejudices The Manufacturer Defendants and Places an Undue Burden on the Court and Jury.**

As things stand, CCE intends to have four trials, each of which would include ***all*** Base Station and Handset Defendants and a single Carrier Defendant.  This is prejudicial and unworkable.  As discussed above, CCE's infringement claims focus on the accused base stations and handsets, not the carriers.  CCE's pattern of settlement is further illustrative of how it views these cases.  Namely, CCE previously settled with Samsung and LG, which resulted in those defendants and their products being dismissed from all four cases, and resolving completely the claims against the Carrier Defendants with respect to the Samsung and LG accused products.

4852-2793-0683.v9

Even assuming, *arguendo*, that joinder somehow passed muster under the AIA, discretionary refusal of joinder is also appropriate and provides an independent reason to grant this motion.  CCE's infringement claims against each of the Base Station and Handset Defendants represents a separate case "worthy of its own trial."  *See WiAV Networks, LLC v. 3Com Corp.*, No. C 10–03448 WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010).  The permissive nature of the AIA joinder provision indicates that its requirements are "necessary, but not sufficient conditions for joinder."  *In re Nintendo*, 544 Fed. App'x at 939 (citing *In re EMC*, 677 F.3d at 1355).  The Court thus has considerable "discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."  *Acevedo*, 600 F.3d at 521 (internal citations omitted); *see also In re EMC*, 677 F.3d at 1360 (citing *Acevedo*).  These interests counsel strongly against joinder here.

CCE's misjoinder of the Base Station and Handset Defendants risks unfairly prejudicing each Defendant's right to present its own defense.  The Complaints accuse a multitude of separate base stations and handsets of infringing the CCE Patents.  (TAC, Dkt. No. 215 at ¶¶ 24, 39, 54 and 69).  Even so, the Complaints and CCE's infringement contentions are devoid of any allegation that the accused products utilize the same components or processes.  Defendants' individual "infringement issues will vary from product to product as they will invariably contain different components, from different manufacturers, with different specifications, that work in different ways" as will "damages issues, willfulness issues, time frames and accused conduct, and discovery issues."  *WiAV Networks*, 2010 WL 3895047, at *3; *EIT Holdings LLC v. Yelp!, Inc.*, No. C 10–05623 WHA, 2011 WL 2192820, at *2 (N.D. Cal. May. 12, 2011).  Here, each of the accused products possesses its own corresponding source code that the Court and jury will need to separately analyze with respect to alleged infringement.

4852-2793-0683.v9

Indeed, CCE has structured the four consolidated cases in such a way as to maximize the inconvenience and prejudice to Defendants and to ensure a confusing presentation to the jury. CCE has asserted six patents in this wave of litigation, two of which are asserted only against the Base Station Defendants.  As shown above, there are 54 asserted claims, 36 of which are asserted only against the Base Station Defendants, while 16 are asserted only against the Handset Defendants.  To further complicate matters, the Base Station and Handset Defendants stand accused of using entirely different technologies to infringe, and each technology will have to be explained separately to the jury through expert testimony.  Moreover, CCE accuses roughly 40 separate devices of infringing the asserted patents in each of its consolidated cases.  No single case implicates every accused device.  There would be substantial increased efficiency with respect to accused products under Defendants' proposed realignment because the vast majority of accused products are accused serially in all four separate cases.  Conversely, there is no overlap among the competing manufacturers' accused devices under the current alignment.

| Case No. | 2:15-cv-00576 (Consolidated Lead) | 2:15-cv-00579 | 2:15-cv-00580 | 2:15-cv-00581 |
|---|---|---|---|---|
| Apple Accused Products | iPhone 5<br>iPhone 5c<br>iPhone 5s<br>iPhone 6<br>iPhone 6 Plus<br>iPad Air<br>iPad Air 2<br>iPad Mini<br>iPad Mini 2<br>iPad Mini 3<br>iPad Mini with Retina Display<br>iPad with Retina Display (iPad 4)<br>iPhone 6s<br>iPhone 6s Plus<br>iPad Pro | iPhone 5<br>iPhone 5c<br>iPhone 5s<br>iPhone 6<br>iPhone 6 Plus<br>iPad Air<br>iPad Air 2<br>iPad Mini<br>iPad Mini 2 32GB<br>iPad Mini 3<br>iPad 3<br>iPad Mini with Retina Display<br>iPad with Retina Display (iPad 4)<br>iPhone 6s<br>iPhone 6s Plus | iPhone 5<br>iPhone 5c<br>iPhone 5s<br>iPhone 6<br>iPhone 6 Plus<br>iPad Air<br>iPad Air 2<br>iPad Mini<br>iPad Mini 2<br>iPad Mini 3<br>iPad 3<br>iPad Mini with Retina Display<br>iPad with Retina Display (iPad 4)<br>iPhone 6s | iPhone 5<br>iPhone 5c<br>iPhone 5s<br>iPhone 6<br>iPhone 6 Plus<br>iPad Air<br>iPad Air 2<br>iPad Mini<br>iPad Mini 2<br>iPad Mini 3<br>iPad 3<br>iPad Mini with Retina Display<br>iPhone 6s<br>iPhone 6s Plus<br>iPad Pro<br>iPad Mini 4 |

11

|  | iPad Mini 4 | iPad Pro<br>iPad Mini 4 | iPhone 6s Plus<br>iPad Pro<br>iPad Mini 4 |  |
|---|---|---|---|---|
| HTC Accused Products | Desire 610<br>Desire EYE<br>First<br>One (M7)<br>One (M8)<br>One (M8) Windows<br>One M9,<br>One mini<br>One VX<br>One X<br>One X+ ( Era 42)<br>Titan II<br>Vivid<br>Windows Phone 8X<br>Jetstream (Puccini)<br>One A9<br>Desire 626 | 8XT<br>Desire 510<br>Evo 4G<br>One<br>One (E8)<br>One (M7)<br>One (M8)<br>One (M8) Windows<br>One (M8) Harman Kardon Edition<br>One M9<br>One Max<br>One A9 | One<br>One (M7)<br>One (M8)<br>One Windows Phone 8X<br>One M9<br>Nexus 9 | Desire 612<br>Droid DNA<br>Droid Incredible 4G<br>One (M7)<br>One (M8)<br>One (M8) Windows<br>One M9<br>One Max<br>One Remix (mini 2)<br>Rezound<br>Thunderbolt<br>Windows Phone 8X<br>Desire 626<br>Desire 526 |
| ZTE Accused Products | Compel<br>Overture (Z995)<br>Z998 GoPhone ( Unico LTE) | Sprint Flash<br>Sprint Force<br>Sprint Vital (N9810) | Max | N/A |
| ALU Accused Products | 9768<br>9100 Multi-Standard Base Station<br>9412 eNodeB Compact<br>lightRadio 9711<br>lightRadio 9712<br>Evercore LTE 400 PMR<br>Multi-Carrier Remote Radio Head | 9768<br>9100 Multi-Standard Base Station<br>9412 eNodeB Compact<br>lightRadio 9711<br>lightRadio 9712<br>Evercore LTE 400 PMR<br>Multi-Carrier Remote Radio Head | 9768<br>9100 Multi-Standard Base Station<br>9412 eNodeB Compact<br>lightRadio 9711<br>lightRadio 9712<br>Evercore LTE 400 PMR<br>Multi-Carrier Remote Radio Head | 9768<br>9100 Multi-Standard Base Station<br>9412 eNodeB Compact<br>lightRadio 9711<br>lightRadio 9712<br>Evercore LTE 400 PMR<br>Multi-Carrier Remote Radio Head |
| Ericsson Accused Products | RBS 6000 Series | RBS 6000 Series | RBS 6000 Series | RBS 6000 Series |

Thus, a significant amount of trial time devoted to infringement issues will not overlap as

to all Defendants.  Because each Defendant will be entitled to present its own defense to CCE's

infringement contentions, the current alignment of the parties would require the jury to follow five different infringement disputes regarding several different patents throughout trial. Resolving these infringement issues in a single joined action will place an immense burden on the parties, the Court, and the jury.  The complexity stemming from the technologies involved creates an unjustifiable risk that the jury will conflate the issues between the various independent Defendants.  These trials could require substantially longer trial time than ordinary patent cases in this District, given the different technologies involved, the number of Defendants, the six patents, and the sheer number of accused devices.  Trying all Base Station and Handset Defendants together, multiple times across the four present actions, would cripple each Defendant's ability and right to present its own defense and unnecessarily drive up legal costs. Moreover, all that work would need to be repeated four times in separate trials for each carrier, since each carrier has a right to have its own defense.

Further, it would be unfair to force the Defendants to coordinate their non-infringement defenses at trial and to share trial time with co-defendants with whom they have no commonality other than their separate and independent relationships with the carriers.  Moreover, the Handset Defendants compete with one another and have no control over their competitors' products. Even if some components have common origins, the Defendants have no control over or special knowledge of their co-defendants' specific implementation of these components, each of which would need to be presented to the jury.  Defendants should not be forced to reveal sensitive proprietary operating data to each other, including to their competitors' internal clients, during trial to validate CCE's improper joinder strategy.  And to avoid such improper disclosure would require a constant sealing and unsealing of the courtroom that would make any trial unworkable.

By contrast, CCE will suffer no prejudice if it proceeds against the manufacturer Defendants separately.

Although CCE had previously aligned cases by manufacturer, (*see* Ex. A, Compl., Civil Action No. 6:13-cv-00507, Dkt. 390 (CCE Wave I); Ex. C, Compl., Civil No. 6:13-cv-00443, *Adaptix, Inc. v. ZTE Corp. et al.*), it chose misjoinder in these cases to ensure chaos at trial. CCE has tossed each Defendant "into a mass pit with others to suit [its own] convenience" and to the detriment of Defendants.  *See WiAV Networks*, 2010 WL 3895047, at *3.  The risk of prejudice emanating from CCE's weak allegations tying the Base Station Defendants and Handset Defendants together is incalculable and unjustifiable.  *See Philips Elecs. N. Am. Corp. v. Contec. Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (recognizing risk of prejudice stemming from the jury's belief Base Station and Handset Defendants in a single action).  Therefore, separate trials for each manufacturer are appropriate.[7]  *See, e.g.*, Fed. R. Civ. P. 42(b).

## V.    CONCLUSION

For the foregoing reasons, Defendants request that the Court find that they are improperly joined, and that Defendants be severed into separate actions for trial.

Dated:  November 28, 2016                     Respectfully submitted:

| | |
|---|---|
| */s/ Nicole S. Cunningham* | */s/ Sean Cunningham* |
| Nicole S. Cunningham | John Allcock (*pro hac vice*) |
| California Bar No. 234390 | Sean C. Cunningham (*pro hac vice*) |
| nicole.cunningham@pillsburylaw.com | Richard T. Mulloy (*pro hac vice*) |
| Steven A. Moore | DLA PIPER LLP (US) |
| California Bar No. 232114 | 401 B Street, Suite 1700 |
| steve.moore@pillsburylaw.com | San Diego, CA 92101 |
| Callie A. Bjurstrom | Telephone:  (619) 699-2700 |
| California Bar No. 137816 | Fax:  (619) 699-2701 |
| callie.bjurstrom@pillsburylaw.com | |
| Matthew R. Stephens | Douglas E. Lumish |
| California Bar No. 288223 | Jeffrey G. Homrig |
| matthew.stephens@pillsburylaw.com | LATHAM & WATKINS LLP |

---

[7]  Defendants intend to file a separate motion to sever and stay the claims against the Carrier Defendants irrespective of the Court's ruling as to realignment as requested here.

14

PILLSBURY WINTHROP SHAW
PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: (619) 234-5000
Facsimile: (619) 236-1995

**ATTORNEYS FOR DEFENDANTS HTC
CORPORATION, HTC AMERICA, INC.,
AND ZTE (USA), INC.**

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
Yar R. Chaikovsky
yarchaikovsky@paulhastings.com
D. Stuart Bartow
stuartbartow@paulhastings.com
Jonas P. Herrell (*pro hac vice*)
jonasherrell@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Blair M. Jacobs
blairjacobs@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-0400

Jeffrey D. Comeau
jeffreycomeau@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121-3114
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Trey Yarbrough
TX Bar No. 22133500
trey@yw-lawfirm.com
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Telephone (903) 595-3111
Facsimile (903) 595-019

140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
doug.lumish@lw.com
jeff.homrig@lw.com

Joseph H. Lee
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

joseph.lee@lw.com

Cassius K. Sims
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
cassius.sims@lw.com

David M. Prichard (Bar No. 16317900)
PRICHARD, HAWKINS & YOUNG, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 477-7400
Facsimile: (210) 477-7450

Eric H. Findlay (Bar No. 00789886)
FINDLAY CRAFT PC
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

**ATTORNEYS FOR DEFENDANT APPLE
INC.**

*/s/John C. Hueston*
John C. Hueston (*Pro Hac Vice*)
Douglas J. Dixon (*Pro Hac Vice*)
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
Telephone: (949) 226-6741
DDixon@hueston.com

15

| | |
|---|---|
| **ATTORNEYS FOR AT&T MOBILITY LLC** | JHueston@hueston.com<br><br>Alexander C.D. Giza<br>CA Bar No. 212327 (Admitted E.D. Tex.)<br>Zachary T. Elsea (*Pro Hac Vice*)<br>HUESTON HENNIGAN LLP<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014<br>Telephone: (213) 788-4340<br>agiza@hueston.com<br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>**ATTORNEYS FOR DEFENDANTS T-MOBILE USA, INC. AND T-MOBILE US, INC.** |
| */s/ Robert William Weber*<br>Robert William Weber<br>Texas State Bar No. 21044800<br>Smith Weber LLP<br>5505 Plaza Drive<br>P.O. Box 6167<br>Texarkana, TX 75505<br>(903) 223-5656<br>bweber@smithweber.com<br><br>Rachelle H. Thompson (*pro hac vice*)<br>MCGUIREWOODS LLP<br>434 Fayetteville Street<br>Suite 2600<br>Raleigh, NC 27611<br>(919) 755-6600<br>rthompson@mcguirewoods.com<br><br>Meghan M. Rachford (*pro hac vice*)<br>MCGUIREWOODS LLP<br>1230 Peachtree Street, Suite 2100<br>Atlanta, GA 30309<br>(404) 443-5500<br>mrachford@mcguirewoods.com<br><br>George B. Davis (*pro hac vice*)<br>MCGUIREWOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219-1129 | */s/Michael E. Jones*<br>Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>Patrick C. Clutter, IV<br>State Bar No. 24036374<br>patrickclutter@potterminton.com<br>Potter Minton, P.C.<br>110 N. College Ave., Suite 500<br>Tyler, Texas 75702<br>Tel: (903) 597-8311<br>Fax: (903) 593-0846<br><br>Thomas M. Dunham<br>D.C. Bar No. 448407<br>tdunham@winston.com<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C. 20006-3817<br>Tel: (202) 282-5000<br>Fax: (202) 282-5100<br><br>Sarah J. Kalemeris<br>Illinois State Bar No. 6303644<br>skalemeris@winston.com<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700 |

4852-2793-0683.v9

| (804) 775-1000<br>gdavis@mcguirewoods.com<br><br>**ATTORNEYS FOR SPRINT<br>SOLUTIONS, INC., SPRINT SPECTRUM<br>L.P. AND BOOST MOBILE, LLC** | **ATTORNEYS FOR DEFENDANT<br>CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS** |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 28, 2016.  As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ *Nicole S. Cunningham*____
Nicole S. Cunningham

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), I made a good faith attempt to resolve the matters raised by this motion with counsel for Plaintiff on or about October 27, 2016, and continuing through November 3, 2016.  Plaintiff continues to oppose the relief sought by this motion.  The parties' discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ *Nicole S. Cunningham*____
Nicole S. Cunningham

17

4852-2793-0683.v9