# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT, LLC,<br><br>                 Plaintiff,<br><br>vs.<br><br>AT&T INC., et al.,<br><br>                 Defendants. | **Civil Action No.: 2:15-cv-00576-RWS-RSP**<br><br>**CONSOLIDATED LEAD CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED** |

**ACACIA RESEARCH GROUP'S OPPOSITION TO DEFENDANT'S APPLE INC.'S MOTION TO COMPEL RESPONSIVE DOCUMENTS FROM ACACIA**

## I. INTRODUCTION

The motion should be denied in its entirety because movant Apple Inc.'s ("Apple") subpoena contravenes Rule 45 of the Federal Rules of Civil Procedure and established law.

First, Apple made no effort to meet and confer over any of the nine categories of documents in its original motion. Apple waited until days before the close of discovery to contact Acacia Research Group, LLC ("ARG") about documents that ARG has already agreed to produce (that are not subject to the motion). For no apparent reason, Apple filed this motion on the last day of discovery concerning documents it never once attempted to discuss. There is no excuse for this lack of diligence and failure to meet and confer. Once ARG informed Apple of these deficiencies, Apple finally conferred with ARG, which led to Apple withdrawing the motion as to eight of the nine categories. However, the lack of an appreciable effort to meet and confer before filing the motion is grounds enough to deny the motion in its entirety.

Second, plaintiff Cellular Communications Equipment LLC ("CCE") has all the documents in the single, remaining category at issue in the motion – communications between CCE and ARG. Apple conveniently omits this fact in the motion. Apple also omits the fact that it never served a discovery request to CCE for those communications because Apple did not want to comply with this Court's Discovery Order of May 13, 2016 pertaining to emails. Instead, Apple has chosen to burden ARG and attempt to circumvent the Discovery Order. The motion undermines the clear directive of Rule 45 to avoid this precise type of burdensome discovery tactic.

Accordingly, ARG respectfully requests that the Court deny the motion in its entirety.

## II. STATEMENT OF FACTS

### A. Acacia Research Corporation Is The Corporate Parent Of CCE.

Acacia Research Corporation ("ARC") is a publicly traded corporation listed on the Nasdaq Exchange. (Declaration of Katie Beaudin ("Beaudin Decl."), Ex. A.) ARC and its family of companies, including its wholly owned subsidiary ARG, partner with inventors and other patent holders, ranging from individual inventors and universities to Fortune 500

companies, and license those inventors' patented technologies to companies that are practicing the patents without the inventors' consent. (*Id.* at 3.) ARC and ARG are corporate parents of CCE.

ARC and its operating subsidiaries own or control the rights to more than one hundred and eighty (180) patent portfolios and have executed over one thousand four hundred (1,400) license agreements. (*Id.* at 3, 8-9.) Those patent portfolios cover diverse technologies used in a wide variety of industries including, for example: social networking, software, transportation and automotive, medical devices, energy and lighting, internet, ecommerce and business methods, and imaging and diagnostics. (*Id.* at 8-9.)

### B. Nokia Assigns The Asserted Patents to CCE.

Finish companies Nokia Siemens Networks Oy and Nokia Corporation (collectively, "Nokia") were the original assignees of U.S. Patent Nos. 8,457,676; 8,570,957; and 8,867,472 (collectively, the "Asserted Patents"). (Beaudin Decl., Exs. B-D.)

On or about December 24, 2014, CCE received an assignment for the '676 and '957 patents. (Beaudin Decl., Ex. F & G.) On or about March 24, 2015, CCE received an assignment for the '472 patent. (*Id.*, Ex. H.) The Asserted Patents and other patents in the portfolio generally relate to methods and systems for improving efficiency in mobile handsets, such as cellular phones and tablets.

## III. PROCEDURAL BACKGROUND

### A. CCE Commences A Patent Infringement Action Against Apple.

On April 30, 2015, CCE filed an infringement action on the Asserted Patents against Apple in the Eastern District of Texas (the "Infringement Action").[1] In the Infringement Action, CCE alleges that Apple infringes the Asserted Patents by, among other things, making, having made, offering for sale, selling, importing, and/or using user equipment for AT&T's LTE

---

[1] *Cellular Communications Equipment LLC v. AT&T Inc., et al.*, Civil Action No. 2:15-cv-576 (E.D. Tex.). Related cases included *Cellular Communications Equipment LLC v. Samsung Electronics Co., Ltd.., et al.*, Civil Action No. 6:14-CV-759 (E.D. Tex.); *Cellular Communications Equipment LLC v. HTC Corporation, et al.*, Civil Action No. 6:13-cv-507 (E.D. Tex.).

network and AT&T's base station equipment, including, for example, the Apple iPhone 5. (Dkt. No. 215 at 12, 17-18, 23.) ARC and ARG are not parties to the action. (*See generally id.*)

On May 13, 2016, the Court entered the Order Regarding E-Discovery ("E-Discovery Order"). (Dkt. No. 189.) The E-Discovery Order states, in pertinent part, that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail")." (*Id.* ¶ 6.) If e-mail or other electronic discovery becomes necessary, "the producing party and receiving party shall meet and confer in good faith to identify which particular documents will be searched and to identify reasonable mechanisms for narrowly tailored searches of, or for, such documents." (*Id.* ¶ 7.)

### B. Defendants Subpoena ARG Demanding The Same Documents CCE Produced And Unrelated ARG Agreements And Documents.

On October 26, 2016, all Defendants in the Infringement Action, led by Alcatel-Lucent's ("ALU"), served a subpoena on Acacia Research Group to produce documents, information or objects. (Beaudin Decl., Ex. I.) Defendants also served a subpoena to testify to Marvin Key, CEO of Acacia Research Group, for a November 29, 2016 deposition. (*Id.*, Ex. J.) On November 16, 2016, ARG timely responded to the subpoenas. (*Id.*, Exs. K, L.)

On December 8, 2016, counsel for ARG had a meet and confer call with counsel for ALU. (Beaudin Decl. ¶ 14.) Counsel for ARG explained that the documents and information requested in the subpoena are in CCE's possession. (*Id.*) In an effort to resolve ARG's remaining obligations under the subpoena, ARG also asked ALU to explain what documents specifically ALU was interested in given the broad scope of document requests. (*Id.*) ALU agreed to provide Acacia with a prioritized list of documents. (*Id.*)

### C. Just Before The Close Of Fact Discovery, Apple Reaches Out To ARG.

Three months later, on March 7, 2017, Apple requested a telephone call with ARG. (Beaudin Decl. ¶ 15 & Ex. M.) Apple and ARG spoke on March 8, 2017. (Beaudin Decl. ¶ 16.) ARG explained that there are no responsive documents concerning the Asserted Patents in

ARG's possession, custody or control to which CCE does not already have full and unfettered access. (*Id.*) ARG later confirmed that the subpoena sought documents and information in the possession, custody and control of CCE and that Acacia has no documents separate from or in addition to those documents in CCE's possession. (*Id.*) Apple did not inquire into any documents outside of the Asserted Patents or into any email or ESI specifically (even though CCE would have those documents). (*Id.*)

Over a week later, on March 23, Apple asked ARG if documents produced in a previous CCE litigation could be used in this Action. (*Id.* at ¶ 17, Ex. M.) ARG explained that it would inquire as to whether that was agreeable, but because the documents produced included agreements with other parties that required notice of disclosure to be sent to those parties, ARG would have to satisfy its notice obligations prior to production. (*Id.* at ¶ 18, Ex. M.) Apple responded that fact discovery was closing and it would have no choice but to file a motion to compel the following day. (*Id.*) ARG confirmed that it would produce the documents but would have to satisfy its contractual notice obligations; ARG did not hear back from Apple that day. (*Id.* at ¶ 19, Ex. M.) Again, Apple did not inquire into any documents outside of the Asserted Patents or into any email or ESI. (*Id.* at ¶ 18, Ex. M.)

### D. Apple Moves To Compel, Then Belatedly Attempts To Meet And Confer.

On March 24, 2017, Apple filed a motion to compel nine categories of documents from ARG.

Six days later, Apple finally met and conferred with ARG on the documents requested in the motion to compel. (Beaudin Decl. ¶ 20, Ex. M.) As a result of that call, ARG attempted to and believes it did resolve most of the categories of documents. Apple eventually agreed to withdraw eight of the nine categories of documents from its motion. (Dkt No. 402.) Beyond those items (which would have been easily resolved in a timely meet and confer before the motion), Apple expressed its first interest in communications – documents that CCE has, but documents that Apple never requested from CCE due to the Discovery Order.

## IV. LEGAL STANDARD

Discovery has "ultimate and necessary boundaries." *Maclean v. McCarroll*, No. 4:08-cv-059, 2009 U.S. Dist. LEXIS 47476, at *4 (E.D. Tex. June 5, 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, (1978)) (internal quotations omitted). Federal Rule of Civil Procedure 26 expressly limits discovery to issues "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

In determining whether a subpoena presents an undue burden, courts consider (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the requests; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F. 3d 812, 818 (5th Cir. 2004). Non-party recipients of subpoenas are entitled to additional considerations regarding the expense and inconvenience of complying with a subpoena. *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D 591, 595 (E.D Tex. 2003). Courts will not allow discovery where the requests are overbroad such that allowing discovery would result in significant expense for the parties and confusion for the jury. *Avace v. Kerr-McGee Chem. LLC*, No. 5:04-cv-209, 2005 U.S. Dist. LEXIS 44885, at *11-12 (E.D. Tex. July 1, 2005).

## V. ARGUMENT

### A. Apple Ignored Its Own Subpoena And Improperly Joined ARC.

Apple brought its motion to compel against ARG <u>and</u> ARC. However, the subpoena was only issued as to ARG. (Beaudin Decl., Exs. I, J.) There is no subpoena to ARC. Rule 45 states, "On notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." The commanded person here is only ARG, not ARC. Therefore, this motion must be denied as to ARC.

### B.    Apple Failed To Meet And Confer Before Filing This Motion.

Federal Rule of Civil Procedure 37(a)(1) requires the movant to confer in good faith with the non-movant prior to filing a motion to compel. Local Rule CV-7(h) further requires that, before seeking court intervention, the movant's lead counsel must have a personal conference with the non-movant's lead counsel:

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.

Local Rule CV-7(h). The meet and confer discussion should consider whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence. *Id.*

In *Konami Digital Entm't Co. v. Harmonix Music Sys.*, Civ. Act. No. 6:08cv286, 2009 U.S. Dist. LEXIS 98278 (E.D. Tex. Oct. 22, 2009), Judge Love denied a motion to compel production of documents responsive to a non-party subpoena because the movant's counsel failed to confer with lead counsel for the non-parties in violation of Local Rule CV-7(h). *Id.* at *7.

As in *Konami*, this Court should deny the motion because Apple failed to confer with ARG. Apple, by its motion, seeks nine categories of documents. (Mot. at 5-6.) Apple never attempted to confer on the requests covering these documents or ARG's objections to these requests. (*See* Beaudin Decl. ¶¶15-19, Ex. M.) Instead, Apple (and ALU before it) only expressed interest in whether ARG had documents separate from those in CCE's possession. Nothing more. Apple made no effort to explain what documents it sought from ARG prior to filing the motion to compel and gave ARG no opportunity to discuss these documents. *Rapp v. Maxim Healthcare Servs.*, No. 4:13-cv-51, 2014 U.S. Dist. LEXIS 138840, at *4 (E.D. Tex. Sep. 30, 2014) ("Defendant alleges that Plaintiff did not meaningfully meet and confer in good faith before filing this motion. For that reason alone, the court could deny the motion entirely.")*;*

*LaserDynamics, Inc. v. Asus Comput. Int'l*, No. 2:06-CV-348, 2009 U.S. Dist. LEXIS 3878, at *20 (E.D. Tex. Jan. 21, 2009) (counsel was guilty of failing to meet and confer in good faith in an attempt to resolve the disputes which violated the local rules of practice in this court).

Apple's attempt to meet and confer <u>after</u> filing the motion contravenes the purpose of the meet and confer requirement of Federal Rule of Civil Procedure 37 and the Local Rules. The meet and confer requirement enables parties to resolve issues before and without court intervention. Apple's actions flout the rules.

Because there was no meet and confer on the substance of Apple's motion, the Court should deny Apple's motion.

### C. The Only Remaining Document Category In Dispute Asks For Documents In CCE's Possession.

The only remaining documents that Apple seeks to compel ARG to produce are clearly in CCE's possession. Specifically, the remaining category no. 5 seeks:

> All documents showing communications between and among CCE and any other Acacia entity pertaining to (1) the Asserted Patents, any CCE filings, and any foreign counterparts, (2) any portfolio that includes any Asserted Patent, (3) one or more of the defendants, and/or (4) the lawsuit.

(Mot. at 6; Dkt No. 402 [Apple Notice withdrawing nos. 1-4, 6-9].) There can be no mistaking that Apple seeks CCE's communications through this category. This category is infirm under Rule 45 and nothing more than a belated attempt to end-run the Court's Discovery Order.

Apple's demand that ARG search for and produce the same documents that are available from CCE is "unreasonably cumulative or duplicative" because these documents can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C); *see also* Fed. R. Civ. P. 45(d). The decision in *In re Plastics Additives Antitrust Litig.* ("Plastics"), No. 03-2038, 2005 U.S. Dist. LEXIS 47979 (E.D. Pa. Aug. 9, 2005), is particularly instructive. In *Plastics*, the court quashed a subpoena, finding that the subpoena was "unduly burdensome because . . . the desired documentation [was] obtainable from a more convenient source—the class plaintiffs." 2005 U.S. Dist. LEXIS 47979, at *12 (citing Fed. R. Civ. P. 26(b)(2)). The court further held that "because plaintiffs . . . possess all documents

requested pursuant to the subpoena, it is more convenient and less burdensome to seek such documentation from plaintiffs than from [the third-party]." *Id.* at *13. *See also, e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977-78 (Fed. Cir. 1993) (requiring party to seek discovery from party opponent before commencing ancillary proceeding against nonparty to obtain documents); *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 576-77 (N.D. Cal. 2007) (granting motion to quash third-party subpoena where "the vast majority of the discovery sought . . . is discovery obtainable from a source more direct, convenient and less burdensome – namely, from Defendants"); *First Aviation Servs. v. Gulf Ins. Co.*, 205 F.R.D. 63, 69 (D. Conn. 2001) (denying motion to compel production of documents from third-party because defendant possesses documents sought by plaintiff).

Judge Craven in the Eastern District of Texas denied a similar motion against ARG. There, plaintiff Adaptix was a subsidiary of ARG, and defendant ALU sought to compel documents from ARG relevant to Adaptix, rather than seek the documents from Adaptix. *See Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:12-cv-22, 2014 U.S. Dist. LEXIS 185320, at *18 (E.D. Tex. Aug. 14, 2014). Adaptix confirmed that all responsive non-privileged documents originating from ARG were in Adaptix's possession, custody, or control. *Id.* The court denied the motion to compel against ARG because the documents were available from plaintiff Adaptix. *Id.* at *18 ("Considering the representations of Acacia and Adaptix, ALU has no need for a duplicate production from Acacia which would impose an unnecessary and costly burden on non-party Acacia.").

Beyond that deficiency, Apple seeks emails and other ESI without complying with the e-Discovery Order. The Discovery Order specifically states that: "General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail")." (Dkt. No. 189 at 4.) If the parties wish to seek e-mail, they have to meet and confer to identify specific requests, custodians, and search terms. (*Id.* at

5.)  By the express terms of the Discovery Order, Apple failed to identify "specific requests, custodians, and search terms."

Apple confirmed that it did not seek these communications from CCE.  (Beaudin Decl. ¶ 20.)  Apple, however, believes that it can ignore the express provisions of the Discovery Order regulating ESI production requests under Rule 45 by demanding them from CCE's parent, ARG.  (Dkt. No. 189 at 4.)  Simply put, there is no basis for Apple to disregard the Discovery Order or for Apple to burden ARG with searching for and producing communications that are and have been obtainable from CCE.  *See Sky Techs. LLC v. IBM, Inc.*, No. 2:03-CV-454 (DF), 2005 U.S. Dist. LEXIS 47687, at *6 (E.D. Tex. July 20, 2005) (parties should not resort to non-parties for discovery that is obtainable elsewhere).

## VI.  CONCLUSION

For the foregoing reasons, ARG respectfully requests that this Court deny the motion in its entirety.

Dated:  April 7, 2017

Respectfully submitted,

*/s/ Decker A. Cammack*
Decker A. Cammack
Texas Bar No.:  24036311
dcammack@whitakerchalk.com
David A. Skeels
Texas Bar No.:  24041925
dskeels@whitakerchalk.com
WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0578
Fax: (817) 878-0501

Marc Schneider (Lead Counsel)
mschneider@sycr.com
Stephen L. Ram* *(Pro Hac Vice Application Pending)*
sram@sycr.com
Katie Beaudin* *(Pro Hac Vice Application Pending)*
kbeaudin@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000

*Attorneys for Acacia Research Group*

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing document was served on all parties through their respective counsel of record via electronic mail on this 7th day of April, 2017.

                                                  */s/ Decker A. Cammack*
                                                 Decker A. Cammack