**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENTS, LLC, | ) ) |
| Plaintiff, | ) **Civil Action No.: 2:15-cv-00576-RWS-RSP** |
| | ) |
| vs. | ) **CONSOLIDATED LEAD CASE** |
| | ) |
| AT&T INC., et al., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) **ORAL ARGUMENT REQUESTED** |
| | ) |

**DECLARATION OF KATIE BEAUDIN IN SUPPORT OF ACACIA RESEARCH GROUP'S OPPOSITION TO DEFENDANT'S APPLE INC.'S MOTION TO COMPEL RESPONSIVE DOCUMENTS FROM ACACIA**

I, Katie Beaudin, declare the following:

1.     I am an attorney duly licensed to practice law in the State of California and have concurrently submitted an application for pro hac vice admission for this Court.  I am counsel of record for Acacia Research Group ("ARG") in the above-captioned action.  I am an associate with Stradling Yocca Carlson & Rauth.  I make all statements herein below upon my personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.  I submit this declaration in support of Third Party Acacia Research Group's Opposition to Motion to Compel Acacia Research Group to Produce Discoverable Documents ("Opposition").

2.     Attached hereto as **Exhibit A** is a true and correct copy of ARC's Form 10-K for the fiscal year ended December 31, 2016 that was downloaded under my supervision from the website for the U.S. Securities and Exchange Commission ("SEC").

3.     Attached hereto as **Exhibit B** is a true and correct copy of United States Patent. No. 8,457,676 B2 dated June 4, 2013.

4.      Attached hereto as **Exhibit C** is a true and correct copy of United States Patent No. 8,570,957 B2 dated October 29, 2013.

5.      Attached hereto as **Exhibit D** is a true and correct copy of United States Patent No. 8,867,472 B2 dated October 21, 2014.

6.      Attached hereto as **Exhibit E** is a true and correct copy of Nokia Corporation's Form 20-F for the fiscal year ending December 31, 2014, that was downloaded under my supervision from the website for the SEC.

7.      Attached hereto as **Exhibit F** is a true and correct copy of the assignment history for United States Patent. No. 8,457,676 B2.

8.      Attached hereto as **Exhibit G** is a true and correct copy of the assignment history for United States Patent. No. 8,570,957 B2.

9.      Attached hereto as **Exhibit H** is a true and correct copy of the assignment history for United States Patent. No. No. 8,867,472 B2.

10.      Attached hereto as **Exhibit I** is a true and correct copy of Defendants' subpoena to produce documents, information or objects to Acacia Research Group dated October 26, 2016.

11.      Attached hereto as **Exhibit J** is a true and correct copy of Defendants' subpoena to testify to Marvin Key dated October 26, 2016.

12.      Attached hereto as **Exhibit K** is a true and correct copy of ARG's objections and responses to Defendants' subpoena to produce documents, information or objects to ARG dated November 16, 2016.

13.      Attached hereto as **Exhibit L** is a true and correct copy of ARG's objections and responses to Defendants' subpoena to testify to Marvin Key dated November 16, 2016.

14.      On December 8, 2016, I had a meet and confer call with Kenneth Suh, counsel for Alcatel-Lucent.  I explained that the documents and information requested related to the Patents-

in-Suit are in CCE's possession.  I asked Mr. Suh to explain if there were any particular documents Alcatel-Lucent was interested in given the broad scope of documents requested; Mr. Suh agreed to provide me with a prioritized list of documents.  I did not hear from Mr. Suh or any other counsel for Alcatel-Lucent after that conversation.

15.    On March 7, 2017, Erik Fuehrer, counsel for Apple, Inc., emailed me, asking to discuss the status of the subpoena.  A true and correct copy of that email is attached hereto as part of **Exhibit M**.

16.    On March 8, 2017, I spoke on the phone with Mr. Fuehrer and Christine Corbett, also counsel for Apple, Inc.  Ms. Corbett asked about ARG's position that CCE is in possession of responsive documents.  I explained that CCE has access to all documents relating to the Patents-in-Suit and that ARG has no documents separate from or in addition to those documents in CCE's possession.  Apple did not inquire into any documents outside of the Asserted Patents or into any email or ESI specifically.

17.    On March 16, 2017, Ms. Corbett sent an email inquiring if the documents previously produced by ARG in another CCE matter could be used in this CCE matter for any and all purposes.  A true and correct copy of that email is attached hereto as part of **Exhibit M**.

18.    On March 23, 2017, after I let Apple know that I was in the process of determining whether ARG was amenable to allowing Apple to use the previously produced documents in this matter, Apple responded that fact discovery was closing on March 24.  Apple also indicated that it would be filing a motion to compel and asked to meet and confer the next day.  I responded to Apple that I was unable to meet and confer, and that ARG did not know what documents Apple would be seeking to compel as they had not explained to ARG what documents they were interested in.  Apple did not inquire into any documents outside of the

Asserted Patents or into any email or ESI. A true and correct copy of that email is attached hereto as part of **Exhibit M**.

19.     On March 24, 2017, I confirmed that ARG agreed to allow Apple to use the previously produced documents, subject to ARG fulfilling its contractual notice obligations under the agreements. Apple did not respond to ARG. A true and correct copy of that email is attached hereto as part of **Exhibit M**.

20.     On March 30, 2017, six days after Apple filed its motion to compel, Apple made itself available to meet and confer with ARG regarding each document request. During that conversation with Mr. Fuehrer and Ms. Corbett, I went through each category of requested documents from the Motion. I explained that several of the documents requested were publicly available. I also explained that several of the documents requested were in the possession, custody or control of CCE. Apple expressed interest in ARG's communications with CCE. I asked if Apple had sought communications from CCE and they replied that they had not. Finally, I explained that the documents requested by Apple are overbroad, irrelevant, unnecessary and unduly burdensome. I sent a confirming e-mail later that day to memorialize that call and Mr. Fuehrer responded the next day. A true and correct copy of that email is attached hereto as part of **Exhibit M**.

21.     There has not been an in-person meet and confer between ARG and Apple.

Executed this 7th day of April, 2017, in Newport Beach, California.

/s/ Katie Beaudin
Katie Beaudin

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties through their respective counsel of record via electronic mail on this 7th day of April, 2017.

/s/ Katie Beaudin_____
Katie Beaudin
