IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § § § § § § § § | C.A. No. 2:15-cv-00576<br>LEAD CONSOLIDATED CASE |
| Plaintiff | | |
| v. | | |
| AT&T INC., et al. | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

In this patent case, Apple moves the Court for leave to amend its answer to CCE's Third Amended Complaint [Doc. # 215]. Relative to its live pleadings, [Doc. # 231–234], Apple's proposed First Amended Answer [Doc. # 298] adds a counterclaim for breach of contract based on CCE's alleged failure to disclose certain patent applications to the European Telecommunications Standards Institute (ETSI), a working group that developed the LTE standard relevant to the asserted patents. Apple asserts this failure entitles it to monetary damages as a third-party beneficiary to the obligation.

After reviewing the briefing submitted by both parties, the Court GRANTS Apple's motion.

### I.     BACKGROUND

On August 15, 2016, CCE filed its Third Amended Complaint [Doc. # 215]. Apple answered on August 29, 2016, [Doc. # 231–234], which was the deadline to amend responsive pleadings. In November 2016, Apple filed its Motion for Leave to Amend [Doc.

# 297] and proffered its First Amended Answer [Doc. # 298].

Apple's new counterclaim concerns a purported contractual obligation by Nokia Siemens, which was CCE's predecessor-in-interest to the asserted patents. According to Apple, Nokia Siemens failed to disclose certain patent applications to ETSI. [Doc. # 298] ¶¶ 7, 11–47. The patent applications were provisional and PCT applications related to the asserted patents in this litigation.

Apple claims CCE was bound by that contractual obligation as a successor-in-interest to Nokia Siemens. By failing to disclose the patent rights CCE says are essential to LTE standards, and by now asserting those patent rights against Apple, CCE violated its contractual obligation. This caused significant harm to Apple as a third-party beneficiary to the obligation. *Id.* ¶¶ 96–99. Notably, Apple's new factual allegations are similar to allegations in its earlier Answers. *See, e.g.*, [Doc. # 231] ¶¶ 130–133.

The parties have already conducted some discovery on this issue. In December 2016, the Court ordered letters rogatory directed in part to communications with standard setting organizations. Among many other issues, the letters were directed to discovery about obligations to disclose the asserted patents and related applications to ETSI. [Doc. # 340–343]; [Doc. 318-1] at 14 (¶ 13); *id.* at 15 (¶ 23).

The pretrial conference is set for July 11, 2017, with jury selection beginning on July 31, 2017. [Doc. # 435].

## II. DISCUSSION

### A. Rule 16(b) Analysis

Once a deadline has been set for filing amended pleadings, Fed. R. Civ. P. 16(b) governs the decision about whether to permit a post-deadline amendment. Under Rule 16(b)(4), a motion to modify the scheduling order by permitting the filing of an amended pleading after a deadline may be granted "only for good cause and with the judge's consent."

Rule 16 gives trial courts "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). District courts, however, should consider (1) the explanation for the party's failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). The Court will consider each of these factors in deciding whether to grant Apple's motion.

#### 1. The Explanation for the Untimely Filing of the Motion to Amend.

Apple's argument on this factor focus on efficiency. Apple explains it wants to present its new counterclaim to a jury in a single trial for efficiency's sake, and that it arrived at this decision based on its experiences in another case after the deadline to amend passed. CCE counters that Apple has no viable explanation for Apple's failure to timely amend. Moreover, Apple knew of the basis of its new counterclaim before the deadline to amend, and had no good reason to wait as long as it did to amend its Answer.

The Court finds this factor weighs against Apple. That Apple changed its mind on how to proceed based on experiences from another case does not justify the untimely filing of an amendment in this one. Moreover, the Court doubts that Apple's trial counsel needed those other-case experiences to determine how to most efficiently proceed here.

### 2. The Importance of the Amendment.

On this factor, Apple argues three points. First, Apple argues its amendment is important because it will ensure Apple can exercise its Constitutional right to a jury trial on the new counterclaim. Second, Apple's amendment is important because it will promote judicial efficiency, rather than forcing Apple to file the claim in a separate lawsuit. Third, Apple's amendment is important to allow it recover the damages it has incurred due to CCE's misconduct.

The Court disagrees with Apple on its first and third point. With respect to Apple's first point, if there were a Seventh Amendment right of the sort Apple suggests, the Federal Rules of Civil Procedure would be irrelevant to deciding the issue. With respect to Apple's third point, Apple is free to seek damages in a separate lawsuit.

The Court, however, agrees with Apple that judicial efficiency is (1) important, and (2) a basis upon which amendments are allowed in cases. *See Reyes v. N. Tex. Tollway Auth.,* No. 3:10-CV-0868-G, 2015 WL 4939726, at *3 (N.D. Tex. Aug. 19, 2015) ("granting leave to amend [under Rule 16] would . . . promote judicial efficiency by minimizing subsequent lawsuits arising out of the same factual circumstances"); *Alfa Insurance Corp. v. Brown*, No. 3:13-cv-151-DMB-JMV, 2014 WL 12605024, at *2 (N.D. Miss. June 26,

2014) ("Allowing the amendment [under Rule 16] to assert this alternative relief will promote . . . judicial efficiency because it will resolve all legal issues arising from the same set of facts in one proceeding rather than creating piecemeal litigation and pleadings."). Here, the newly added factual allegations are very similar to the allegations already made by Apple in its earlier Answer, and the new counterclaim involves the same provision of the ETSI Intellectual Property Rights Policy referred to in Apple's earlier pleadings. In light of these similarities, this factors weighs in Apple's favor.

### 3. The Potential Prejudice to CCE from Allowing the Amendment.

CCE argues Apple's last-minute attempt to introduce its counterclaim prejudices CCE. According to CCE, Apple's untimely counterclaim precluded CCE from serving written discovery on the counterclaim, and Apple's counterclaim would add significant expense and require additional discovery.

The Court, however, finds this factor weighs in Apple's favor for two reasons. First, the parties proceeded with discovery through, at a minimum, the issuance of letters rogatory directed to the counterclaim. Second, the newly added factual allegations are very similar to the allegations already made by Apple in its earlier Answer, and the new counterclaim involves the same provision of the ETSI Intellectual Property Rights Policy. *Id.* Thus, the Court finds CCE would not be prejudiced by the amendment, and this factor weighs in Apple's favor.

### 4. Availability of a Continuance.

Despite the Court's finding that CCE will not be prejudiced, if CCE wishes to seek

2014) ("Allowing the amendment [under Rule 16] to assert this alternative relief will promote . . . judicial efficiency because it will resolve all legal issues arising from the same set of facts in one proceeding rather than creating piecemeal litigation and pleadings."). Here, the newly added factual allegations are very similar to the allegations already made by Apple in its earlier Answer, and the new counterclaim involves the same provision of the ETSI Intellectual Property Rights Policy referred to in Apple's earlier pleadings. In light of these similarities, this factors weighs in Apple's favor.

### 3. The Potential Prejudice to CCE from Allowing the Amendment.

CCE argues Apple's last-minute attempt to introduce its counterclaim prejudices CCE. According to CCE, Apple's untimely counterclaim precluded CCE from serving written discovery on the counterclaim, and Apple's counterclaim would add significant expense and require additional discovery.

The Court, however, finds this factor weighs in Apple's favor for two reasons. First, the parties proceeded with discovery through, at a minimum, the issuance of letters rogatory directed to the counterclaim. Second, the newly added factual allegations are very similar to the allegations already made by Apple in its earlier Answer, and the new counterclaim involves the same provision of the ETSI Intellectual Property Rights Policy. *Id.* Thus, the Court finds CCE would not be prejudiced by the amendment, and this factor weighs in Apple's favor.

### 4. Availability of a Continuance.

Despite the Court's finding that CCE will not be prejudiced, if CCE wishes to seek

additional limited discovery directed to the new counterclaim, the Court is confident that any appropriate supplemental discovery requested by CCE would be conducted in a prompt and cooperative manner, and that no continuance of the trial date would be required. In fact, the Court presumes this has already happened given that Apple agreed to do so. Regardless, there is sufficient time between now and the trial date to ensure any remaining discovery on this issue appropriately sought by CCE can be completed and used in trial preparation. Therefore, this factor weighs in favor of granting the motion.

Considering these four factors, the Court finds Apple has established good cause for leave to amend under Rule 16(b).

**B.     Rule 15(a) Analysis**

Having established "good cause" under Rule 16(b), Apple must next establish its right to amend under Fed. R. Civ. P. 15(a). Under Rule 15(a), a district court should "freely give leave" for a party to amend the pleadings "when justice so requires." A court deciding whether to grant leave should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466–67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

Here, these factors weigh in favor of granting leave to amend. First, the Court finds no bad faith or dilatory motive by Apple. And while there was delay, it was not egregious when considered in the scope of this litigation. Second, Apple has not repeatedly failed to

cure deficiencies by previously allowed amendments, as this is Apple's first request for leave to amend. Third, as demonstrated above, there is no undue prejudice to CCE because the underlying facts were already at issue in this case by virtue of Apple's unenforceability defense.

## CONCLUSION AND ORDER

The Court finds Apple has met the requirements of Rule 16(b) and Rule 15(a) concerning its motion for leave. It is therefore

ORDERED that Apple is granted leave to file its First Amended Answer to Plaintiff's Third Amended Complaint for Patent Infringement [Doc. # 298] in this lead case and each of the related consolidated cases.

**SIGNED this 24th day of May, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE