# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | |
| | § | C.A. No. 2:15-cv-00576 |
| v. | § § | LEAD CONSOLIDATED CASE |
| AT&T INC., et al., | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Apple moves the Court to compel CCE to obtain and produce documents from third parties to this lawsuit—namely, Nokia Siemens Networks GmbH & Co. KG, Nokia Siemens Networks Oy, Nokia Networks Oy (collectively, "NSN"). Apple's Mot. [Dkt. # 396]. Apple further asks the Court to compel CCE to provide a privilege log for any documents withheld by NSN so Apple can assess privilege claims. Finally, Apple requests that the Court compel CCE to produce the inventors of U.S. Patents 8,457,676, 8,570,957, and 8,867,472 (the Asserted Patents) for additional depositions. [Dkt. # 396-1] at 3.

After reviewing the parties' briefing, the Court DENIES the motion.

## I.     BACKGROUND

In 2012, NSN and CCE's parent company, Acacia Research Group, entered into a Patent Purchase Agreement (PPA) whereby NSN sold the Asserted Patents to Acacia. As

part of the PPA, NSN and Acacia agreed to "fully cooperate with each other in any litiga-tion [related to] enforcing or defending the [Asserted] Patents." Apple's Mot. [Dkt. # 396] at 2–3.[1]

At some point, the Asserted Patents were transferred to CCE, which then sued Apple for patent infringement. During discovery, Apple requested certain documents in NSN's possession. Apple also asked to depose the inventors of the Asserted Patents, all of whom were current or former employees of NSN.

CCE conveyed Apple's requests to NSN and instructed it to treat the requests as if they had come from CCE. Rastegar Decl. CCE's Resp. [Dkt. # 410-4] ¶ 6. In response, NSN produced documents to Apple and made the inventors available for examination. Apple's Mot. [Dkt. # 396-2] at 4. During February and March 2017, Apple deposed the inventors still employed by NSN. *Id.* at 4–5.

Apple seeks further relief. For one, NSN withheld certain documents based on privilege and work product. CCE's Resp. [Dkt. # 410-3] at 4. And despite both Apple's and CCE's requests, NSN refused to provide a privilege log for the withheld documents. *Id.* at 4–5 ("Apple and CCE asked yesterday whether NSN would be willing to provide a privi-lege log for its withheld documents. NSN declines to do so. . . . NSN would object to producing a privilege log as unduly burdensome.").

---

[1] The Court notes Apple did not include the source documents with its motion, but CCE does not contest the accuracy of Apple's statements concerning ownership or the coopera-tion provision.

Apple now has two concerns. First, because NSN "voluntarily" produced documents—as opposed to producing in response to a court order—Apple doesn't know which documents have been collected and produced by NSN. Apple's Mot. [Dkt. # 396] at 1. Second, because NSN refused to create a privilege log, Apple cannot assess the validity of NSN's privilege assertions. *Id.* at 2.

## II. APPLICABLE LAW

Fed. R. Civ. P. 34 permits a party to request production of any items in another party's "possession, custody, or control." Fed. R. Civ. P. 34(a). A district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation. *See, e.g.*, *Societe Internationale Pour Particpations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). "'Control' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand." *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000) (citations omitted) (applying the interpretation of control under Rule 34 to a Rule 45 subpoena).

## III. DISCUSSION

### A. The Documents

Apple argues CCE has "control" over NSN's documents by virtue of the PPA's cooperation provision. According to Apple, that provision gives CCE the "right, authority, or practical ability" to obtain relevant documents from NSN. Apple's Mot. [Dkt. # 396] at 5–

7.

In support of its position, Apple cites *Isola USA Corp. v. Taiwan Union Tech. Corp.*,
No. 2:12-CV-01361-SLG, 2015 WL 12592702 (D. Ariz. Apr. 6, 2015). In that case, Taiwan
Union moved the court to compel Isola (the patent owner) to produce documents possessed
by Akzo Nobel, the prior owner of the patent. *Isola USA Corp.*, 2015 WL 12592702, at *2.
Much like the PPA here, the assignment instrument required Akzo Nobel to "generally do
everything possible which [Isola] shall consider desirable for aiding in securing and main-
taining proper patent protection." *Id.* Isola argued it did not have control over Akzo Nobel's
documents, but the court required Isola to "exercise its contractual right to obtain any Akzo
Nobel documents responsive to [Taiwan Union's] request for production." *Id.*

Apple also relies on *Eidos Display, LLC et al. v. AU Optronics Corp. et al.*, No.
6:11-CV-201- JRG (JDL) (E.D. Tex. Jan. 10, 2017). In that case, Eidos refused to request
responsive documents from the third-party assignor, but the movant showed Eidos already
had some responsive documents because of an obligation imposed on the third party by the
assignment instrument. *Eidos Display*, [Dkt. # 648] at 3–4. The court also found the third
party had a continued financial interest in the litigation, which suggested Eidos had a "prac-
tical ability" to obtain the documents in question. *Id.* at 5. Therefore, the court ordered
Eidos to request the remaining responsive documents from the third party. *Id.* at 6–7.

In both cases, the courts' specific relief is worth noting. In *Eidos Display*, the court
first required Eidos to *request* the documents, and *then* to produce the documents six weeks
later. *Eidos Display*, [Dkt. # 648] at 6–7. In *Isola USA*, the court required Isola to exercise

its contractual right under the assignment agreement to *demand* responsive documents from the third party. *Isola USA Corp.*, 2015 WL 12592702, at \*3. But neither case addressed the possibility that, as in this case, the third party might refuse to provide the requested documents.

Here, the Court agrees CCE must exercise its right to request documents from NSN, but CCE has already done so by instructing NSN to treat Apple's requests as if they had come from CCE. And in response, NSN provided documents, produced witnesses for examination, and represented the only responsive documents not yet produced are being withheld as privileged. The Court is unsure of what more CCE could do.

*Isola USA* and *Eidos Display* are helpful, but distinguishable because both plaintiffs refused to request documents from the third party. Here, however, CCE has provided as broad of an instruction to NSN as it could: "Treat Apple's requests as though they had come from CCE." Rastegar Decl. [Dkt. # 410-4] ¶ 6. And unlike the court in *Eidos Display*, the Court finds no evidence that CCE is attempting to use NSN as both "a sword and a shield," or that NSN has a financial interest in this litigation giving CCE a practical ability to obtain the documents.

Accordingly, the Court denies Apple's motion on this point.

## B.     The Privilege Log

Apple also asks the Court to compel CCE to provide a privilege log for the documents withheld by NSN. Again, the Court agrees that CCE must request a privilege log for the documents, but CCE has already done so. Thus, the Court declines to compel CCE to

do anything more.

### C. The Inventors

Finally, Apple asks the Court to compel CCE to produce the inventors for depositions in California. Apple argues CCE has "control" over the inventors under the PPA's requirement to facilitate "the reasonable access to inventors." Apple's Mot. [Dkt. # 396] at 7. The inventors, however, are not employees of CCE, or even of its parent, Acacia—they are (or were) employees of NSN. Thus, at best, the Court could order CCE to *request* that NSN produce the inventors for depositions, but there is no evidence CCE wouldn't do so anyway.

Moreover, Apple's request concerning the inventors is dependent on the Court granting relief with respect to the documents—that is, Apple wants to re-depose the inventors over any documents the Court compels CCE to produce. Because the Court denies Apple's requested relief concerning the documents, this request is moot and also denied.

## IV. ORDER

Based on the evidence of record, the Court finds CCE has complied with its discovery obligations. Accordingly, the Court DENIES Apple's Motion to Compel [Dkt. # 396].

**SIGNED this 25th day of May, 2017.**


_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE